FILED

2012 MAR 27  AM 11:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1  MANUEL SALDANA (SBN: 137060)
   DANI H. ROGERS (SBN: 130640)
2  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
3  Los Angeles, CA 90071
   Telephone: (213) 576-5000
4  Facsimile: (213) 680-4470
   E-Mail: msaldana@gordonrees.com
5           drogers@gordonrees.com

6  Attorneys for Defendant
   SUNBEAM PRODUCTS, INC.

7

8              UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11

VAP
SPx

12  KENNETH AARON SHINEDLING and      ) CASE NO. 00438
    ADDISON LEILANI SHINEDLING,       )
13  ALEXIA CELESTE SHINEDLING, and    )
    AVA AREN SHINEDLING by and        )
14  through their guardian ad litem,  )
    KENNETH AARON SHINEDLING          )
15                                    )  DEFENDANT SUNBEAM
                  Plaintiffs,         )  PRODUCTS, INC.'S PETITION
16                                    )  AND NOTICE OF REMOVAL
            vs.                       )
17                                    )
    SUNBEAM PRODUCTS, INC., a         )
18  Delaware Corporation; COUNTY OF   )
    SAN BERNARDINO; PHELAN PINON      )
19  HILLS COMMUNITY SERVICES          )
    DISTRICT; and DOES 1 through 90,  )
20  inclusive,                        )
                                      )
21                Defendants.         )

22

23      TO:  The Honorable Judges of the United States District Court for The

24  Central District of California, Eastern Division.

25      The Petition of Sunbeam Products, Inc. ("Sunbeam") respectfully shows:

26          1.      On December 15, 2011, an action was commenced against the

27  Petitioner in the Superior Court of the State of California for the County of San

28  Bernardino, entitled *Kenneth Aaron Shinedling and Addison Leilani Shinedling,*

- 1 -

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  *Alexia Celeste Shinedling, and Ava Aren Shinedling by and through their guardian*

2  *ad litem, Kenneth Aaron Shinedling vs. Sunbeam Products, Inc. a Delaware*

3  *Corporation; County of San Bernardino; Phelan Pinon Hills Community Services*

4  *District; and Does 1 through 90, inclusive*, SBSC Case No. 1106075, true and

5  correct copies of the Summons and Complaint, Civil Case Cover Sheet, Certificate

6  of Assignment, Notice of Case Assignment for all Purposes, Notice of Case

7  Management Conference and Order to Show Cause Regarding Service of

8  Summons and Complaint are attached hereto as Exhibit "A" ("the Complaint").

9  The Complaint was served on February 27, 2012, which was Sunbeam's first

10  notice of this lawsuit.  Attached hereto as Exhibit "B" is a true and correct copy of

11  Defendant Sunbeam Products, Inc.'s Answer to Plaintiffs' Complaint filed on

12  March 23, 2012.  Accordingly, this Petition for Removal is timely filed within the

13  thirty (30) day period for the removal of this action to this Court as required by 28

14  U.S.C. §1446(b).

15         2.      This is a civil action of which this Court has original diversity

16  jurisdiction pursuant to the provisions of 28 U.S.C. §1332 and one which may be

17  removed to this Court by Sunbeam pursuant to the provisions of 28 U.S.C.

18  §1441(b), in that the Plaintiffs and Sunbeam are citizens of different states.  The

19  Plaintiffs in this action are residents of California.  (Ex. A, ¶12).  Sunbeam is a

20  Delaware corporation with its principal place of business in Florida.  (Ex. A, ¶14).

21         3.      In an effort to destroy diversity jurisdiction under 28 U.S.C.

22  §1332, Plaintiffs also named the County of San Bernardino ("County") and Phelan

23  Pinon Hills Community Services District ("Phelan") as Defendants.  Both County

24  and Phelan are citizens of California and are "public entities" subject to the

25  immunities mandated by *California Government Code Section 815, et seq.*

26  Plaintiffs admit they are public entities in paragraphs 28 and 29 of the Complaint.

27  The Ninth Circuit has held that "[i]f a plaintiff fails to state a cause of action

28  against a resident defendant, and the failure is obvious according to the well-settled

DEFENDANT SUNBEAM PRODUCTS, INC.'S PETITION AND NOTICE OF REMOVAL

1  rules of the state, the joinder is fraudulent and 'the defendant's presence in the

2  lawsuit is ignored for purposes of determining diversity.'" *United Computer*

3  *Systems, Inc. v. AT&T Corp., et. al.*, 298 F.3d 756, 761 (9th Cir. 2002) quoting

4  *Morris v. Princess Cruises, Inc.* 236 F. 3d 1061, 1067 (9th Cir. 2001) (citing

5  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). *The United*

6  *Computer Systems, Inc.* court further held that if the fraudulence of a defendant's

7  joinder is "ignored" for purposes of determining diversity, there is no obligation to

8  join such a defendant in a removal petition and the removing party does not need to

9  obtain consent of an improperly joined defendant. *Id.* at 762.

10        4.        The Plaintiffs have brought this three (3) Count Complaint for

11  Damages against Defendants for Plaintiffs' injuries and the death of Plaintiffs'

12  wife and mother as a result of a residential fire. (Ex. A, ¶15).  Plaintiffs allege a

13  Negligence/Statutory Liability cause of action against County and Phelan for

14  permitting the fire hydrant servicing Plaintiffs' residence "to constitute a

15  dangerous condition…in that it did not function and provide water at the time of

16  the fire." (Ex. A, ¶15).  Plaintiffs specifically allege damages under *Gov. Code §§*

17  *835, 815.4 and 820.*  (Ex. A, ¶¶ 22, 23).

18        5.        Plaintiffs' claims against County and Phelan arising from

19  Negligence/Statutory Liability under *Gov. Code §§ 835, 815.4 and 820* fail as a

20  matter of law because they are barred pursuant to *Gov. Code §§ 815, 850, 850.2*

21  *and 850.4.*  Section 815 provides "(a) A public entity is not liable for an injury,

22  whether such injury arises out of an act or omission of the public entity or a public

23  employee or any other person.  (b) The liability of a public entity established by

24  this part (commencing with Section 814) is subject to any immunity of the public

25  entity provided by statute, including this part, and is subject to any defenses that

26  would be available to the public entity if it were a private person."  Section 850

27  specifically provides: "Neither a public entity nor a public employee is liable for

28  failure to establish a fire department or otherwise provide fire protection service."

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Section 850.2 provides: "Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities." (emphasis added). Section 850.4 provides: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities..." (emphasis added).

6.     The Supreme Court of California was presented with an identical set of facts in *Heieck & Moran v. City of Modesto*, 64 Cal. 2d 229 (1966) and found no liability against the public entity there as a matter of law at the pleading stage (i.e., on demurrer). In *Heieck*, plaintiff sought recovery from the City of Modesto for damages to plaintiff's property caused by fire. *Id.* at 230. Plaintiff alleged that the Modesto Fire Department was notified of a fire near plaintiff's property; that the fire department promptly responded to the fire, but because the city employees had closed a valve in the water main there was no water in the fire hydrants and consequently the fire spread to plaintiff's property. *Id.* at 230-1. The Court concluded that under the rules of governmental immunity, the City of Modesto incurred no liability for plaintiff's alleged damages for a claim involving dangerous or defective fire protection equipment. *Id.* at 234. See also *New Hampshire Ins. Co. v. City of Madera*, 144 Cal. App. 3d 298 (5th Dist. 1983) (again holding as a matter of law on demurrer that governmental immunities applied and barred actions against the city for turning off a water valve and not reopening a valve). Similarly, in *Lainer Inv. v. Dept. of Water & Power of Los Angeles*, 170 Cal. App. 3d. 1, 5-9 (2nd Dist. 1985), plaintiffs brought an action against the City of Los Angeles and its water department, seeking damages as a result of a fire. *Id.* at 4. When the fire occurred at the plaintiffs' property, the valve connecting the building's fire sprinkler system to the city's water system, which was installed and controlled by the city, was not turned on and therefore the

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   sprinkler system did not work.  *Id.* at 4-5.  The court held that the city was immune

2   from tort liability under *Gov. Code §§ 850.2 and 850.4* providing immunity for

3   failure to provide or maintain sufficient fire protection facilities and for injury

4   resulting from the condition of fire protection or firefighting equipment facilities,

5   respectively.  *Id.* at 15.

6          7.     Both County and Phelan are public entities and Sections 815,

7   850, 850.2 and 850.4 provide immunity from damages generally and those

8   specifically resulting from a failure to maintain (or keep in good repair) fire

9   protection facilities or equipment.  Indeed, Phelan has already filed a demurrer in

10  response to Plaintiffs' complaint in the Superior Court on the grounds noted above,

11  which will be granted on those grounds.  Attached hereto as Exhibit "C" is a true

12  and correct copy of Notice of Hearing on Demurer to complaint by Defendant

13  Phelan Pinon Hills Community Services District.  (The County has not appeared in

14  the state court action, but will undoubtedly file a demurrer on the same basis.)

15  Plaintiffs have therefore failed to allege a cause of action against resident

16  Defendants, County and Phelan.  (Ex. A, ¶¶20-29).  Accordingly, because County

17  and Phelan were fraudulently joined Defendants, their citizenship is to be ignored

18  for purposes of diversity jurisdiction and diversity of citizenship exists as to the

19  remaining parties.  *United Computer Systems, Inc.*, 298 F.3d at 762; See also

20  *Morris*, 236 F.3d at 1067; *McCabe*, 811 F.2d at 1339.

21         8.     Plaintiffs further allege Strict Products Liability and Negligence

22  causes of action against Sunbeam. (Ex. A). Plaintiffs allege their damages were

23  caused by a Sunbeam heater.  (Ex. A, ¶¶ 31-43).

24         9.     Petitioner is of the good faith belief that the amount in

25  controversy exceeds $75,000.00.  Plaintiffs' Complaint alleges personal injury and

26  wrongful death as a result of the Sunbeam heater.  (Ex. A, ¶¶ 31-43).  Further,

27  Plaintiffs' Statement of Damages attached to the Complaint seeks damages as

28  follows:  $5,000,000.00 for Pain, Suffering, and Inconvenience; $5,000,000.00 for

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

- 5 -

1   Emotional Distress; $20,000,000.00 for Loss of Society and Companionship;

2   $25,000.00 for Medical Damages and $500,000.00 for Future Medical Expenses.

3   (Attached hereto as Exhibit "D" is Plaintiffs' Statement of Damages).  Therefore,

4   this Court has original jurisdiction under the provision of 28 U.S.C. §1332 and is

5   one which may be removed to this Court by the petitioner.

6           10.    Attached hereto as Exhibit "E" are true and correct copies of

7   the Applications and Orders for Appointment of Guardian Ad Litem for Alexia

8   Celeste Shinedling, Ava Aren Shinedling, and Addison Leilani Shinedling filed on

9   December 15, 2011.

10          11.    Petitioner/Defendant therefore prays that the above action, now

11  pending against it in the Superior Court of the State of California for the County of

12  San Bernardino, be removed therefrom and to this Court.

13

14  Dated:  March 23, 2012              GORDON & REES LLP

15

16                                      By: _____

17                                          Manuel Saldana
                                            Dani H. Rogers
18                                          Attorneys for Defendant Sunbeam
                                            Products, Inc.

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

SUNB/1071877/12077966v.1

- 6 -

# EXHIBIT "A"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUNBEAM PRODUCTS, INC., a Delaware Corporation; COUNTY OF SAN BERNARDINO;
PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA
CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad
litem, KENNETH AARON SHINEDLING

F I L E D
SUPERIOR COURT OF CALIF
COUNTY OF SAN BERNARD
VICTORVILLE DISTRICT

DEC 15 2011

BY
ESTHER ORONA, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN<br>BERNARDINO<br>14455 Civic Drive, Victorville, 92392 | CASE NUMBER:<br>*(Número del Caso)*: IVVS 1106075 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Arash Homampour (Bar #165407)                                    Fax No.: (323) 658-8477
The Homampour Law Firm, PLC, 15303 Ventura Blvd, Suite 1000, Sherman Oaks, CA 91403    Phone No.: (323) 658-8077

DATE:
*(Fecha)* DEC 15 2011                      Clerk, by ESTHER ORONA                      , Deputy
                                           *(Secretario)*                             *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

FILE COPY

1 | THE HOMAMPOUR LAW FIRM
A Professional Law Corporation
2 | ARASH HOMAMPOUR (State Bar No. 165407)
15303 Ventura Boulevard, Suite 1000
3 | Sherman Oaks, California 91403
Phone (323) 658-8077 | Fax (323) 658-8477
4



5 | Attorneys for Plaintiffs KENNETH AARON SHINEDLING and ADDISON LEILANI
SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through
6 | their guardian ad litem, KENNETH AARON SHINEDLING

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN BERNARDINO**

10

11 | KENNETH AARON SHINEDLING and)     CASE NO.:   CIVVS 1106075
ADDISON LEILANI SHINEDLING, ALEXIA)
12 | CELESTE SHINEDLING, and AVA AREN)     **COMPLAINT FOR DAMAGES FOR**
SHINEDLING by and through their guardian ad)
13 | litem, KENNETH AARON SHINEDLING   )     1.    **NEGLIGENCE/STATUTORY LIABILITY**
14 |            Plaintiffs,   )
15 |    vs.          )     2.    **STRICT PRODUCT LIABILITY**
SUNBEAM PRODUCTS, INC., a Delaware)
16 | Corporation; COUNTY OF SAN)     3.    **NEGLIGENCE**
BERNARDINO; PHELAN PINON HILLS)
17 | COMMUNITY SERVICES DISTRICT; and)
DOES 1 through 90, inclusive,      )     **DEMAND FOR JURY TRIAL**
18 |            Defendants.   )
19 | _____)

20

21 |      Plaintiffs KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING,

22 | ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian

23 | ad litem, KENNETH AARON SHINEDLING as and for their complaint against Defendants

24 | SUNBEAM PRODUCTS, INC., a Delaware Corporation; COUNTY OF SAN BERNARDINO;

25 | PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive,

26 | allege:

27 | \\\

28 | \\\

---

*Complaint – Page 1*

FILE COPY

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD – SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 • FACSIMILE (323) 658-8477

8

## GENERAL ALLEGATIONS

1.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 90, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the aforementioned Defendants.

2.     Plaintiffs are informed and believes and thereon alleges that at all times material herein each fictitiously named Defendant, was either the true defendant or the agent and employee of each other Defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

3.     Plaintiff KENNETH AARON SHINEDLING, (hereinafter "KENNETH") is the husband of decedent Amy Celeste Shinedling.

4.     Plaintiff ADDISON LEILANI SHINEDLING, a minor, (hereinafter "ADDISON") is the daughter of decedent Amy Celeste Shinedling.

5.     Plaintiff ALEXIA CELESTE SHINEDLING, a minor, (hereinafter "ALEXIA") is the daughter of decedent Amy Celeste Shinedling.

6.     Plaintiff AVA AREN SHINEDLING, a minor, (hereinafter "AVA") is the daughter of decedent Amy Celeste Shinedling.

7.     Decedent Amy Celeste Shinedling died on January 5, 2011 in the manner described herein below.

8.     Plaintiffs KENNETH, ADDISON, ALEXIA, and AVA, are the lawful heirs of decedent Amy Celeste Shinedling, and pursuant to Section 377.60 of the Code of Civil Procedure are the persons entitled to bring an action for the death of the decedent Amy Celeste Shinedling.

9.     Plaintiff ADDISON is a minor of the age of thirteen (13) years. Prior to or at the same time as the filing of this action, the Superior Court of the State of California for the County of San Bernardino, by its order duly made did appoint KENNETH, father of said minor child, as Guardian

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 · FACSIMILE (323) 658-8477

*Complaint - Page 2*

9

1   ad Litem of said minor, for the purpose of appearing for her in this action.

2       10.    Plaintiff ALEXIA is a minor of the age of ten (10) years. Prior to or at the same time as

3   the filing of this action, the Superior Court of the State of California for the County of San

4   Bernardino, by its order duly made did appoint KENNETH, father of said minor child, as Guardian

5   ad Litem of said minor, for the purpose of appearing for her in this action.

6       11.  ·  Plaintiff AVA is a minor of the age of four (4) years. Prior to or at the same time as the

7   filing of this action, the Superior Court of the State of California for the County of San Bernardino,

8   by its order duly made did appoint KENNETH, father of said minor child, as Guardian ad Litem of

9   said minor, for the purpose of appearing for her in this action.

10      12.    At all times herein mentioned, Plaintiffs KENNETH, ADDISON, ALEXIA, and AVA

11  were residents of the County of San Bernardino.

12      13.    Plaintiffs are informed, believe and thereon allege that at all relevant times hereto, that

13  Defendants COUNTY OF SAN BERNARDINO (hereinafter "COUNTY") AND PHELAN PINON

14  HILLS COMMUNITY SERVICES DISTRICT (hereinafter "PHELAN") through various departments

15  and/or agencies, and Does 1 through 30, inclusive, owned, operated, managed, designed, planned,

16  engineered, maintained and inspected the fire hydrant systems, fire hydrant-related systems, and

17  water-related systems at or near Plaintiffs' home at 8270 Skyline Drive, Pinon Hills, County of San

18  Bernardino, California (hereinafter "FIRE HYDRANT").

19      14.    Plaintiffs are informed, believe and thereon allege that at all relevant times hereto,

20  Defendant SUNBEAM PRODUCTS, INC., a Delaware Corporation, (hereinafter "SUNBEAM") and

21  DOES 31 through 90, inclusive, were in the business of designing, manufacturing, fabricating,

22  assembling, marketing, renting, leasing, and/or selling products, including the Holmes portable heater

23  (hereinafter "HEATER") which caused the fire, injury to Plaintiffs, death of Amy Celeste Shinedling

24  and burnt down Plaintiffs' home.

25      15.    On or about January 5, 2011, Plaintiffs were at home sleeping in the early morning hours

26  when a fire started as a result of the HEATER in the master bedroom. As a result of the fire, Plaintiffs

27  were injured and Amy Celeste Shinedling died.

28  \ \ \

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD - SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-9077 · FACSIMILE (323) 658-8477

*Complaint - Page 3*

16. At the time of the accident, Plaintiff KENNETH was present at the scene of the injury-producing event at the time it occurred and was then aware that it caused injury to his wife and daughters. As a direct and proximate result thereof, and of Defendants conduct as previously alleged, Plaintiff KENNETH has suffered, and continues to suffer, severe, substantial and enduring emotional distress.

17. At the time of the accident, Plaintiff ADDISON was present at the scene of the injury-producing event at the time it occurred and was then aware that it caused injury to her mother, father, and sisters. As a direct and proximate result thereof, and of Defendants conduct as previously alleged, Plaintiff ADDISON has suffered, and continues to suffer, severe, substantial and enduring emotional distress.

18. At the time of the accident, Plaintiff ALEXIA was present at the scene of the injury-producing event at the time it occurred and was then aware that it caused injury to her mother, father, and sisters. As a direct and proximate result thereof, and of Defendants conduct as previously alleged, Plaintiff ALEXIA has suffered, and continues to suffer, severe, substantial and enduring emotional distress.

19. At the time of the accident, Plaintiff AVA was present at the scene of the injury-producing event at the time it occurred and was then aware that it caused injury to her mother, father, and sisters. As a direct and proximate result thereof, and of Defendants conduct as previously alleged, Plaintiff AVA has suffered, and continues to suffer, severe, substantial and enduring emotional distress.

### FIRST CAUSE OF ACTION - NEGLIGENCE/STATUTORY LIABILITY

**(By Plaintiffs Against Defendants COUNTY, PHELAN, and Does 1-30, inclusive)**

20. Plaintiffs re-allege and incorporate by reference every allegation contained in this Complaint as though set forth herein in full.

21. On January 5, 2011, Defendants COUNTY, PHELAN, and DOES 1 through 15, inclusive, and/or their management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or other employees, staff, agents or contractors, acting within the course and

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD • SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 • FACSIMILE (323) 658-8477

1  scope of their duties and/or employment permitted the subject FIRE HYDRANT to constitute a

2  dangerous condition of public property in that it did not function and provide water at the time of the

3  fire. This was inherently dangerous and created a trap, peculiar risk and nuisance.

4      22.    Defendants COUNTY, PHELAN, and DOES 1 through 15, inclusive, and/or their

5  management, administrative, designers, planners, engineers, maintenance personnel, inspectors and/or

6  other employees, staff, agents or contractors, acting within the course and scope of their duties and

7  through negligent or wrongful acts or omissions created, or allowed to be created, a dangerous

8  condition under *Gov. Code § 835.* The FIRE HYDRANT did not function and provide water as a

9  result of Defendants' failure to properly construct, inspect, maintain, supervise, and ensure proper

10  functionality which created a hazard, trap and dangerous condition under *Gov. Code § 835.*

11     23.    Defendants COUNTY, PHELAN, and DOES 1 through 10, inclusive, are also liable for

12  Plaintiffs' damages under *Gov. Code § 815.4* in that a tortious act was caused by an independent

13  contractor, DOES 16 through 30, inclusive. Defendants  COUNTY and PHELAN, are also liable

14  under *Gov. Code  § 820* in that their employees were negligent as detailed above.

15     24.    The incident was foreseeable to Defendants COUNTY, PHELAN, and DOES 1 through

16  30, inclusive, and, yet, they failed to maintain the subject FIRE HYDRANT.

17     25.    The dangerous conditions and negligence created a reasonably foreseeable risk of the kind

18  of injuries which were sustained, and (a) a negligent or wrongful act or omission of an employee of

19  Defendants COUNTY, PHELAN, and DOES 1 through 30, inclusive, created the dangerous

20  conditions; and/or (b) they had actual or constructive notice of the dangerous conditions a sufficient

21  time prior to the injury to have taken measures to protect against the dangerous conditions. These

22  dangerous conditions created a substantial risk of injury when the subject FIRE HYDRANT was

23  necessary and used with due care by the public generally.

24     26.    By reason of the foregoing Defendants COUNTY, PHELAN, and DOES 1 through 30,

25  inclusive, are liable to Plaintiffs for the loss of the love, companionship, care, comfort, support and

26  society of their mother and wife and are entitled to damages according to proof at trial.

27  \ \ \

28  \ \ \

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD • SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 • FACSIMILE (323) 658-8477

27.    By reason of the foregoing, Defendants COUNTY, PHELAN, and DOES 1 through 30, inclusive, and each of them, are liable for, and Plaintiffs are entitled to recover of them, their general, special, actual and compensatory damages, including, but not limited to, their necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs' damages are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

28.    Plaintiffs have timely complied with all government claim presentation requirements. On or about June 2, 2011, Plaintiffs presented Defendant COUNTY by a written claim in compliance with Defendant COUNTY's requirement. Said claim was rejected by Defendant on or about June 16, 2011.

29.    Plaintiffs have timely complied with all government claim presentation requirements. On or about June 2, 2011, Plaintiffs presented Defendant PHELAN by a written claim in compliance with Defendant PHELAN's requirement. Said claim was rejected by Defendant on or about June 23, 2011.

**SECOND CAUSE OF ACTION - STRICT PRODUCTS LIABILITY**

**(By Plaintiffs Against Defendants SUNBEAM PRODUCTS, INC., Does 31-60, inclusive)**

30.    Plaintiffs re-allege and incorporate by reference every allegation contained in this Complaint as though set forth herein in full.

31.    At all times relevant to this complaint, Defendants SUNBEAM, and DOES 31 through 60, inclusive, were in the business of designing, manufacturing, fabricating, assembling, marketing, renting, leasing, and selling devices, including the HEATER, and/or its component parts.

32.    Defendants SUNBEAM, and DOES 31 through 60, inclusive, intended that the HEATER would be used by members of the public and knew, or should have known, that members of the public, would use the devices with the expectation and belief that it was safe for its intended use and purpose and without inspecting it for defects.

33.    Defendants SUNBEAM, and DOES 31 through 60, inclusive, knew or should have known that the subject HEATER was dangerous and defective in that it would cause a fire.

*Complaint - Page 6*

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 · FACSIMILE (323) 658-8477

1    34.    Defendants SUNBEAM, and DOES 31 through 60, inclusive, failed to manufacture a

2   safety device to ensure that the HEATER does not cause a fire.

3    35.    At the time that the devices, including the HEATER, and/or its component parts were

4   used, they were defective, unsafe and unreasonably dangerous in design and/or manufacture for their

5   intended use and purposes and they lacked warnings of these defects.

6    36.    Defendants SUNBEAM, and DOES 31 through 60, inclusive, failed to warn consumers

7   and/or users of the HEATER that it could overheat, melt and cause a fire as a result of defective

8   component parts.

9    37.    Defendants SUNBEAM, and DOES 31 through 60, inclusive, marketed and sold the

10   HEATER so that it was not reasonably safe for the use of an ordinary consumer.

11    38.    As a direct and legal result of these defects, Defendants SUNBEAM, and DOES 31

12   through 60, inclusive, are liable to Plaintiffs for the loss of the love, companionship, care, comfort,

13   support and society of their mother and wife and are entitled to damages according to proof at trial.

14    39.    As a direct and legal result of these defects, Defendants SUNBEAM, and DOES 31

15   through 60, inclusive, and each of them, are liable for, and Plaintiffs are entitled to recover of them,

16   their general, special, actual and compensatory damages, including, but not limited to, their necessary

17   medical and related expenses, past, present and future lost earnings, loss of future earning capacity,

18   as well as mental, emotional and physical pain and suffering, as proven at time of trial. The total

19   amount of Plaintiffs' damages are  presently unknown but is reasonably believed to be in excess of

20   the minimum jurisdictional limit of this Court.

21

22                    **THIRD CAUSE OF ACTION - NEGLIGENCE**

23   **(By Plaintiffs Against Defendants SUNBEAM PRODUCTS, INC., Does 61-90, inclusive)**

24    40.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in

25   this complaint as though set forth herein in full.

26    41.    Defendants  SUNBEAM, and DOES 61 through 90, inclusive, negligently failed to

27   manufacture a safety device to ensure that the HEATER does not cause a fire, negligently designed

28   the subject devices and negligently failed  to warn consumers and/or users of the HEATER that it was

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 · FACSIMILE (323) 658-8477

*Complaint - Page 7*

1  defective and could cause a fire.

2       42.   As a direct and legal result of these Defendants' negligence, Defendants SUNBEAM, and

3  DOES 61 through 90, inclusive, are liable to Plaintiffs for the loss of the love, companionship, care,

4  comfort, support and society of their mother and wife and are entitled to damages according to proof

5  at trial.

6       43.   As a direct and legal result of these Defendants' negligence, Defendants SUNBEAM, and

7  DOES 61 through 90, inclusive, and each of them, are liable for, and Plaintiffs are entitled to recover

8  of them, their general, special, actual and compensatory damages, including, but not limited to, their

9  necessary medical and related expenses, past, present and future lost earnings, loss of future earning

10  capacity, as well as mental, emotional and physical pain and suffering, as proven at time of trial. The

11  total amount of Plaintiffs' damages are presently unknown but is reasonably believed to be in excess

12  of the minimum jurisdictional limit of this Court.

13                            **REQUEST FOR JURY TRIAL**

14       44.   Plaintiffs hereby request a trial by jury on all claims for relief alleged in, and on all issues

15  raised by this Complaint.

16  \\\

17  \\\

18  \\\

19  \\\

20  \\\

21  \\\

22  \\\

23  \\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 · FACSIMILE (323) 658-8477

*Complaint - Page 8*

15

## PRAYER

WHEREFORE, Plaintiffs demand judgement against Defendants as follows:

1.      For an award of Plaintiffs' general, special, actual and compensatory damages as proven at time of trial;

2.      For interest on all economic damages in the legal amount from the date of decedent's death to the date of judgment;

3.      For costs of suit herein incurred;

4.      For such other and further relief as the court may deem proper.

DATED:    December 14, 2011

THE HOMAMPOUR LAW FIRM,
A Professional Law Corporation

By: _____

Arash Homampour, Attorneys for Plaintiff KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
TELEPHONE (323) 658-8077 · FACSIMILE (323) 658-8477

*Complaint - Page 9*

16

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arash Homampour (State Bar # 165407)<br>THE HOMAMPOUR LAW FIRM, PLC<br>15303 Ventura Bl., Ste. 1000, Sherman Oaks, CA 91403<br>TELEPHONE NO.: (323) 658-8077      FAX NO.: (323) 658-8477<br>ATTORNEY FOR *(Name):* Kenneth Aaron Shinedling, et al. | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>VICTORVILLE DISTRICT<br>DEC 15 2011<br>BY *Michelle Carter*<br>MICHELLE CARTER DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vitorville 92392
BRANCH NAME: Victorville District

CASE NAME:
Shinedling, et al. v. Sunbeam Products, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVVS 1106075 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Three (3)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 14, 2011

Arash Homampour
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

17

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIVVS 1106075

Shinedling, et al.

Case No. _____

vs.

CERTIFICATE OF ASSIGNMENT

Sunbeam Products Inc., et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____Victorville_____ District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] 20 | Other __wrongful death__ | location where death or damage occured. |
| [ ] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

RECEIVED

DEC 1 5 2011

VICTORVILLE DISTRICT

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

death or damage occured within the judical district
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)

8270 Skyline Drive
ADDRESS

Pinon Hills
(CITY)

CA
(STATE)

92372
(ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

12/14/11 _____ at _____SHERMAN OAKS_____, California

_____
Signature of Attorney/Party

LexisNexis® Automated California County Forms, 13-16503

FILE COPY

18

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

VICTORVILLE DISTRICT
14455 CIVIC DRIVE STE 100
VICTORVILLE, CA  92392

CASE NO: CIVVS1106075

http://www.sbcounty.gov/courts

IN RE: SHINEDLING VS

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO STEVE C MALONE IN DEPARTMENT V10 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
04/16/12 at  8:30 in Department V10. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 06/11/12 at  8:30
in Department V10.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Stephen H. Nash, Clerk of the Court
Date: 12/15/11                                        By: MICHELLE CARTER

CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 12/15/11
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/15/11 at Victorville, CA  By: MICHELLE CARTER

# EXHIBIT "B"

1   MANUEL SALDANA  (SBN: 137060)
    DANI H. ROGERS  (SBN: 130640)
2   GORDON & REES LLP
    633 West Fifth Street, 52nd Floor
3   Los Angeles, CA  90071
    Telephone: (213) 576-5000
4   Facsimile: (213) 680-4470

5   Attorneys for Defendant
    SUNBEAM PRODUCTS, INC.

6

7

8                SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN BERNARDINO

9                                VICTORVILLE DISTRICT

10

11  KENNETH AARON SHINEDLING and        )   CASE NO.  CIVVS 1106075
    ADDISON LEILANI SHINEDLING, ALEXIA  )
12  CELESTE SHINEDLING, and AVA AREN    )   *[Assigned to the Hon. Steve C. Malone,*
    SHINEDLING by and through their guardian ad )   *Dept. 10]*
13  litem, KENNETH AARON SHINEDLING     )
                                        )
14                        Plaintiffs,   )   **DEFENDANT SUNBEAM PRODUCTS,**
                                        )   **INC.'S ANSWER TO PLAINTIFFS'**
15       vs.                            )   **COMPLAINT**
                                        )
16  SUNBEAM PRODUCTS, INC., a Delaware  )
    Corporation; COUNTY OF SAN          )
17  BERNARDINO; PHELAN PINON HILLS      )
    COMMUNITY SERVICES DISTRICT; and    )   Complaint Filed:  December 15, 2011
18  DOES 1 through 90, inclusive,       )
                                        )
19                        Defendants.   )

20

21       NOW COMES Defendant, Sunbeam Products, Inc. ("SUNBEAM") and for its Answer

22  and Affirmative Defenses to Plaintiffs' Complaint for Damages states as follows:

23                                **GENERAL DENIAL**

24       1.       Under the provisions of Code of Civil Procedure Section 431.30, SUNBEAM

25  denies, generally and specifically, each, every and all of the allegations contained in the

26  Complaint, and denies that Plaintiffs have or will sustain damages in the sum or sums alleged, or

27  in any other sum or sums, or at all.

28

                                          1
    DEFENDANT SUNBEAM PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT



Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

2.      Further answering the Complaint, and the whole thereof, including each and every cause of action contained therein, SUNBEAM denies that Plaintiffs have or will sustain any injury, damage or loss, if any, by reason of any act or omission, fault or negligence on the part of SUNBEAM, its agents, servants and employees, or any of them.

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause Of Action)

3.      As a first, separate and affirmative defense to the Complaint on file herein, and to each alleged cause of action contained therein, SUNBEAM alleges the Complaint herein fails to state facts sufficient to constitute a cause of action against SUNBEAM.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Defect or Dangerous Condition)

4.      As a further, separate and affirmative defense to the Complaint on file herein and to each alleged cause of action contained therein, SUNBEAM alleges that the subject heater did not contain a defect or dangerous condition, which in any manner may have contributed to Plaintiffs' alleged damages.  Therefore, the benefits of the subject heater's design outweigh any risks, the subject heater meets reasonable consumer expectations, and none of the subject heater's warnings are defective.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Maintain)

5.      As a further, separate and affirmative defense to the Complaint on file herein and to each alleged cause of action contained therein, SUNBEAM alleges that any and all conditions in the subject heater described in Plaintiffs' Complaint, if any there were, were solely a result of the failure to properly maintain the heater.

### FOURTH AFFIRMATIVE DEFENSE

(Product Modification)

6.      As a further, separate and affirmative defense to the Complaint on file herein and to each alleged cause of action contained therein, SUNBEAM is informed and believes that the incident and the damages claimed in the Complaint may have been caused by the subsequent

2

21

1  alteration, modification and/or change of the subject heater by third parties unrelated to

2  SUNBEAM.

### FIFTH AFFIRMATIVE DEFENSE

(Misuse of Product)

7.   As a further, separate and affirmative defense to the Complaint on file herein and
to each alleged cause of action contained therein, SUNBEAM is informed and believes that
Plaintiffs' alleged damages, if any, may have been caused by misuse of the subject heater.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Inspect)

8.   As a further, separate and affirmative defense to the Complaint on file herein and
to each alleged cause of action contained therein, SUNBEAM alleges that Plaintiffs' damages, if
any, may have been caused by the failure of Plaintiffs, their decedent and third parties, unrelated
to SUNBEAM, to properly inspect the subject heater.

### SEVENTH AFFIRMATIVE DEFENSE

(Conformity with State of the Art)

9.   As a further, separate and affirmative defense to the Complaint on file herein and
to each alleged cause of action contained therein, SUNBEAM alleges the subject heater
conformed with the state of the art for design and manufacture of similar heaters of the same
category and type.

### EIGHTH AFFIRMATIVE DEFENSE

(Compliance with Regulations)

10.   As a further, separate and affirmative defense to the Complaint on file herein and
to each alleged cause of action contained therein, SUNBEAM asserts that the subject heater
complied with all applicable federal (and state) legislative regulatory standards or administrative
regulatory safety standards relating to the design and manufacture of the heater, including all
applicable CPSC, ASTM and ANSI Standards.

/ / /

/ / /

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

3

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

**NINTH AFFIRMATIVE DEFENSE**

2

(Compliance with Laws)

3      11.    As a further, separate and affirmative defense to the Complaint on file herein and

4 to each alleged cause of action contained therein, SUNBEAM asserts that it complied with all

5 laws and regulations with regard to the subject matter of the Complaint.

6

**TENTH AFFIRMATIVE DEFENSE**

7

(Lack of Notice)

8      12.    As a further, separate and affirmative defense to the Complaint on file herein and

9 to each alleged cause of action contained therein, SUNBEAM alleges that they did not have any

10 actual or constructive notice of any alleged conditions in the subject heater, if any there were,

11 which in any manner allegedly contributed to Plaintiffs' alleged damages, nor should it have

12 reasonably known of such an alleged condition.

13

**ELEVENTH AFFIRMATIVE DEFENSE**

14

(Lack of Possession/Ownership/Control of Subject Product)

15      13.    As a further, separate and affirmative defense to the Complaint on file herein and

16 to each alleged cause of action contained therein, SUNBEAM alleges that it did not own, possess

17 or have an ability to control the subject heater and the premises where Plaintiffs' alleged

18 damages arose, as Plaintiffs and their decedent owned, possessed and/or controlled the heater

19 and the premises.

20

**TWELFTH AFFIRMATIVE DEFENSE**

21

(Due Care)

22      14.    As a further, separate and affirmative defense to the Complaint on file herein and

23 to each alleged cause of action contained therein, SUNBEAM alleges the condition of the subject

24 heater did not create a substantial risk of harm of injury to foreseeable users who used due care.

25

**THIRTEENTH AFFIRMATIVE DEFENSE**

26

(No Breach of Duty)

27      15.    As a further, separate and affirmative defense to the Complaint on file herein and

28 to each alleged cause of action contained therein, SUNBEAM alleges that it did not breach any

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  duties, if any, to Plaintiffs, thereby barring and/or precluding Plaintiffs from recovery.

2  ## FOURTEENTH AFFIRMATIVE DEFENSE

3  (No Affirmative Conduct)

4  16.     As a further, separate and affirmative defense to the Complaint on file herein and

5  to each alleged cause of action contained therein, SUNBEAM alleges that there was no

6  affirmative conduct on the part of SUNBEAM, which allegedly caused or contributed to

7  Plaintiffs' alleged damages and therefore Plaintiffs have no cause of action against SUNBEAM.

8  ## FIFTEENTH AFFIRMATIVE DEFENSE

9  (Complete Performance)

10  17.     As a further, separate and affirmative defense to the Complaint on file herein and

11  to each alleged cause of action contained therein, SUNBEAM asserts that it has appropriately,

12  completely and fully performed and discharged any and all obligations and legal duties arising

13  out of the matters alleged in the Complaint.

14  ## SIXTEENTH AFFIRMATIVE DEFENSE

15  (Lack of Cause)

16  18.     As a further, separate and affirmative defense to the Complaint on file herein, and

17  to each alleged cause of action contained therein, SUNBEAM alleges that its conduct was not the

18  cause in fact or the proximate cause of any of the losses alleged by Plaintiffs.

19  ## SEVENTEENTH AFFIRMATIVE DEFENSE

20  (No Substantial Factor)

21  19.     As a further, separate and affirmative defense to the Complaint on file herein and

22  to each alleged cause of action contained therein, SUNBEAM alleges that the negligence and

23  other legal fault alleged in the Complaint as against SUNBEAM, if any, was not a substantial

24  factor in bringing about Plaintiffs' alleged damages and, therefore, was not a contributing cause.

25  ## EIGHTEENTH AFFIRMATIVE DEFENSE

26  (Intervening Cause)

27  20.     As a further, separate and affirmative defense to the Complaint on file herein and

28  to each alleged cause of action contained therein, SUNBEAM alleges that the damages of which

5

1  Plaintiffs complain were proximately caused by, or contributed to, by the acts of other third

2  parties, persons and/or other entities other than SUNBEAM, and that said acts were an

3  intervening and superseding cause of the alleged injuries and damages, if any, of which Plaintiffs

4  complain, thus barring Plaintiffs from any recovery against SUNBEAM.

5  ## NINETEENTH AFFIRMATIVE DEFENSE

6  (Independent Causes)

7  21.    As a further, separate and affirmative defense to the Complaint on file herein and

8  to each alleged cause of action contained therein, SUNBEAM asserts that the alleged injuries,

9  damages or loss, if any, for which Plaintiffs seek recovery, were the result of causes independent

10  of any purported acts or omissions on the part of SUNBEAM, or any of its agents,

11  representatives or employees, thereby eliminating or reducing the alleged liability of

12  SUNBEAM.

13  ## TWENTIETH AFFIRMATIVE DEFENSE

14  (Lack of Contribution)

15  22.    As a further, separate and affirmative defense to the Complaint on file herein and

16  to each alleged cause of action contained therein, SUNBEAM alleges that it did not affirmatively

17  contribute to Plaintiffs' alleged damages.

18  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

19  (Plaintiffs' and Decedents' Failure to Exercise Reasonable Care)

20  23.    As a further, separate and affirmative defense to the Complaint on file herein and

21  to each alleged cause of action contained therein, SUNBEAM is informed and believes that

22  Plaintiffs and/or their decedent failed to exercise the quantity and quality of care and caution

23  which a reasonable person in their or similar circumstances would have exercised for their own

24  protection and that said failure and negligence of Plaintiffs and their decedents proximately

25  caused and contributed, in whole or part, to its alleged injuries and damages, if any, and

26  Plaintiffs' recovery, if any, should thereby be reduced or barred.

27  ///

28  ///

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT SUNBEAM PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

25

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

(Assumption of Risk)

3   24.   As a further, separate and affirmative defense to the Complaint on file herein and

4   to each alleged cause of action contained therein, SUNBEAM is informed and believes, and

5   thereon alleges, the damages suffered by Plaintiffs, if any, were caused in whole or in part by

6   risks knowingly, voluntarily, legally and/or contractually assumed by Plaintiffs and their

7   decedent.  As such, Plaintiffs are barred from any recovery against SUNBEAM.

8

## TWENTY-THIRD AFFIRMATIVE DEFENSE

9

(Comparative Fault)

10   25.   As a further, separate and affirmative defense to the Complaint on file herein and

11   to each alleged cause of action contained therein, SUNBEAM asserts that each and every

12   purported cause of action contained in the Complaint is barred in whole or in part because the

13   alleged damages sustained by Plaintiffs, if any, were either wholly or in part caused by the fault

14   of persons, firms, corporations or entities other than SUNBEAM, and said fault is either imputed

15   to Plaintiffs by reason of the relationship of Plaintiffs to said parties and/or said fault

16   comparatively reduces the percentage of negligence, if any, by SUNBEAM.

17

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

18

(Indemnification and Contribution)

19   26.   As a further, separate and affirmative defense to the Complaint on file herein and

20   to each alleged cause of action contained therein, SUNBEAM alleges that should Plaintiffs

21   recover from SUNBEAM, SUNBEAM is entitled to indemnification or contribution, either in

22   whole or in part, from all persons or entities whose negligence and/or fault proximately

23   contributed to Plaintiffs' damages, if any.

24

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25

(Proposition 51)

26   27.   As a further, separate and affirmative defense to the Complaint on file herein and

27   to each alleged cause of action contained therein, SUNBEAM alleges that the Fair Responsibility

28   Act of 1986, commonly known as Proposition 51, be given full force and effect per California

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

7

1  Civil Code, sections 1431, 1431.1 through 1431.5.  Specifically, SUNBEAM asserts that in the

2  event a judgment is rendered against them and in favor of Plaintiffs, it can be held responsible, if

3  at all, for only that proportion of "non-economic" damages, for which it is found liable by jury

4  determination and that the rule of joint and several liability shall not apply under such

5  circumstances.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

6

7  (Excessive/Speculative Damages)

8  28.  As a further, separate and affirmative defense to the Complaint on file herein and

9  to each alleged cause of action contained therein, SUNBEAM alleges that the damages allegedly

10  sustained by Plaintiffs, if any, were either excessive, exaggerated, unreasonable, speculative,

11  inflated or otherwise unnecessary and/or unrelated to the alleged incident.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12

13  (Failure to Mitigate)

14  29.  As a further, separate and affirmative defense to the Complaint on file herein and

15  to each alleged cause of action contained therein, SUNBEAM alleges that Plaintiffs failed to

16  exercise reasonable due care and diligence to mitigate their alleged damages, if any.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

17

18  (Set Off)

19  30.  As a further, separate and affirmative defense to the Complaint on file herein and

20  to each alleged cause of action contained therein, SUNBEAM alleges that if it is established that

21  SUNBEAM is in any manner legally responsible for any of the damages claimed by Plaintiffs,

22  which is denied, SUNBEAM is entitled to a set off of these damages, if any, that resulted from

23  the wrongful acts of Plaintiffs and/or others.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

24

25  (Federal Preemption)

26  31.  As a further, separate and affirmative defense to the Complaint on file herein and

27  to each alleged cause of action contained therein, SUNBEAM allege that Plaintiffs' causes of

28  action are barred due to federal preemption.

DEFENDANT SUNBEAM PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**THIRTIETH AFFIRMATIVE DEFENSE**

(Costs)

32.     As a further, separate and affirmative defense to the Complaint on file herein and to each alleged cause of action contained therein, SUNBEAM is informed and believes, and therefore alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against SUNBEAM, Plaintiffs should therefore be responsible for all of SUNBEAM's necessary and reasonable defense costs, as more particularly set forth in the California Code of Civil Procedure Section 128.5.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Leave to Amend the Answer)

33.     SUNBEAM hereby reserves its right to seek leave to amend its Answer to assert and interpose additional affirmative defenses to the Complaint and to each and every cause of action or claim for relief alleged therein at such time as the existence of such affirmative defense(s) is revealed during pre-trial discovery herein.

WHEREFORE, having answered Plaintiffs' Complaint for Damages, Defendant, Sunbeam Products, Inc., prays that the same be dismissed and that it be awarded its costs of suit and for such other and further relief as the Court deems just and proper.

Dated: March 23, 2012                           GORDON & REES LLP

By: _____

Manuel Saldana
Attorneys for Defendant Sunbeam
Products, Inc.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT SUNBEAM PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071. On March 23, 2012, I served the within documents:

**DEFENDANT SUNBEAM PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Arash Homampour
The Homampour Law Firm
15303 Ventura Boulevard, Suite 1000
Sherman Oaks, CA 91403
Telephone: (323) 658-8077
Facsimile: (323) 658-8477
*Attorneys for Plaintiffs*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 23, 2012 at Los Angeles, California.

Sandy Halvorsen

29

# EXHIBIT "C"

1  Daniel L. Ferguson, Esq. (SBN No. 98373)
   BORTON PETRINI, LLP
2  1461 Ford Street, Suite 201
   Redlands, CA 92373
3  Telephone (909) 381-0527
   Facsimile (909) 381-0658
4  E-Mail: dferguson@bortonpetrini.com

5  Attorneys for Defendant,
   Phelan Pinon Hills Community Services District

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN BERNARDINO - VICTORVILLE DISTRICT

10

11  KENNETH AARON SHINEDLING and        Case No. CIVVS 1106075
    ADDISON LEILANI SHINEDLING,
12  ALEXIA CELESTE SHINEDLING, and AVA   **NOTICE OF HEARING ON**
    AREN SHINEDLING by and through their **DEMURRER TO COMPLAINT BY**
13  guardian ad litem, KENNETH AARON     **PHELAN PINON HILLS COMMUNITY**
    SHINEDLING,                          **SERVICES DISTRICT**
14
                      Plaintiffs,
15                                        DATE:  4/17/12
    v.                                    TIME:  8:30 A.M.
16                                        DEPT:  B-3 Barstow
    SUNBEAM PRODUCTS, INC., a Delaware    TRIAL: NONE SET
17  Corporation; COUNTY OF SAN
    BERNARDINO; PHELAN PINON HILLS
18  COMMUNITY SERVICES DISTRICT; and
    DOES 1 through 90, inclusive,
19
                      Defendants.
20

21

22  TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

23          NOTICE IS HEREBY GIVEN  that on April 17, 2012 at 8:30 a.m., or as soon

24  thereafter as the matter may be heard in Department B-3 of the above-entitled court, located at 235

25  E. Mountain View St., Barstow, CA 92311, Defendant, PHELAN PINON HILLS COMMUNITY

26  SERVICES DISTRICT (hereinafter "Defendant"), will demur to Plaintiffs' complaint and

27  specifically to the First Cause of Action thereof for negligence, the only cause of action alleged

28  against this Defendant.

1    This demurrer is brought on the grounds that the First Cause of Action for negligence

2  alleged against demurring Defendant fails to state facts sufficient to constitute a cause of action

3  under California Code of Civil Procedure section 430.10 (e). Plaintiffs' complaint as against

4  Defendant is barred pursuant to the immunity provisions of California Government Code sections

5  850,  850.2 and 850.4.

6  DATED: March 9, 2012

7                                        BORTON PETRINI, LLP

8

9                                        By

10                                       Daniel L. Ferguson, Esq.
                                         Attorneys for Defendant,
11                                       Phelan Pinon Hills Community Services District

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31

1 | **PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015.5)**

2 | STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

3 |     I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 1461 Ford Street, Suite 201, Redlands, California 92373.

4 |     On *March 8, 2012*, I served the foregoing document described as **NOTICE OF**

5 | **HEARING ON DEMURRER TO COMPLAINT BY PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT** on the other parties in this action by placing a true copy thereof enclosed in sealed

6 | envelopes addressed as follows:

7 | Arash Homamour, Esq.
Corey Arzoumanian, Esq.

8 | The Homampour Law Firm
15303 Ventura Boulevard, Suite 1000

9 | Sherman Oaks, CA 91403
(323) 658-8077

10 | (323) 658-8477 Fax
Attorney for Plaintiffs

11 |

✓    

12 |    BY FIRST-CLASS MAIL: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S.

13 | postal service on that same day with postage thereon fully prepaid at **Redlands**, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit

14 | for mailing in affidavit.

15 |    ____    BY PERSONAL SERVICE: I caused each envelope to be delivered by hand to the offices of the

16 | addressee.

____    BY OVERNIGHT COURIER SERVICE: I caused each envelope to be picked up by an authorized

17 | courier of GSO to receive documents, in an envelope or package designated by GSO with delivery fees prepaid, to be sent overnight by GSO.

18 |

____    BY FACSIMILE: I caused each document to be delivered by electronic facsimile to the offices of

19 | the addressee.

20 |    ____    BY EMAIL: I caused each document to be delivered by electronic mail to the offices of the addressee.

21 |    Executed on *March 8, 2012*, at **Redlands**, California.

22 |

23 |    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 |        **Kathleen P. Meyer**
        Type or Print Name             Signature

25 |

26 |

27 |

28 |

1   Daniel L. Ferguson, Esq. (SBN No. 98377)
    BORTON PETRINI, LLP
2   1461 Ford Street, Suite 201
    Redlands, CA 92373
3   Telephone (909) 381-0527
    Facsimile (909) 381-0658
4   E-Mail: dferguson@bortonpetrini.com

5   Attorneys for Defendant,
    Phelan Pinon Hills Community Services District

6

7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

MAR 0 9 2012

BY _Rose Minnock_
ROSE MINNOCK DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN BERNARDINO - VICTORVILLE DISTRICT

10

11   KENNETH AARON SHINEDLING and
     ADDISON LEILANI SHINEDLING,
12   ALEXIA CELESTE SHINEDLING, and AVA
     AREN SHINEDLING by and through their
13   guardian ad litem, KENNETH AARON
     SHINEDLING,
14
                        Plaintiffs,
15
     v.
16
     SUNBEAM PRODUCTS, INC., a Delaware
17   Corporation; COUNTY OF SAN
     BERNARDINO; PHELAN PINON HILLS
18   COMMUNITY SERVICES DISTRICT; and
     DOES 1 through 90, inclusive,
19
                        Defendants.
20

21

Case No. CIVVS 1106075

**DEMURRER OF DEFENDANT,
PHELAN PINON HILLS COMMUNITY
SERVICES DISTRICT TO
PLAINTIFFS' COMPLAINT;
MEMORANDUM OF POINTS &
AUTHORITIES IN SUPPORT
THEREOF**

DATE:  April 17, 2012
TIME:   8:30 a.m.
DEPT:  B-3 Barstow
TRIAL: NONE SET

22          Defendant, Phelan Pinon Hills Community Services District (hereinafter "defendant"),

23   demurs to Plaintiffs' complaint, and specifically to the First Cause of Action thereof for negligence.

24                              **DEMURRER TO COMPLAINT**

25          1.     Defendant demurs to the First Cause of Action for Negligence on the grounds

26   that it fails to state facts sufficient to constitute a cause of action against it under California Code of

27   Civil Procedure section 430.10 (e).

28

1

H:\054985\066767\Pleadings\
Motions\Demurrer.wpd

33

1         (A)    Government Code section 850 provides in pertinent part, "Neither a public

2  entity nor a public employee is liable for failure to ... provide fire protection service".

3         (B)    Government Code section 850.2 provides, "Neither a public entity that has

4  undertaken to provide fire protection service, nor an employee of such a public entity, is liable for

5  any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other

6  fire protection facilities."

7         (C)    Government Code section 850.4 provides in pertinent part, "Neither a public

8  entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting

9  from the condition of fire protection or firefighting equipment or facilities or, ...for any injury caused

10  in fighting fires."

11  **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER**

12                      **I.**

13             **NATURE OF ACTION**

14         This wrongful death action arises out of a residential fire that occurred on

15  January 11, 2010, at 8270 Skyline Dr., Pinon Hills, California. The Plaintiffs are the spouse and

16  children of decedent, Celeste Shinedling.  Plaintiffs allege Defendant, Phelan Pinon Hills

17  Community Services District, was negligent because a fire hydrant it owned or controlled did not

18  function properly contributing to the death of the decedent. As admitted by the allegations of

19  paragraph 29 of the Complaint, Defendant is a pubic entity governed by the liability and immunity

20  provisions of the Government Code and, specifically, sections 850, 850.2 and 850.4.

21         Public entities enjoy a broad grant of immunity for failure to provide fire protection

22  services.  Public entities owe no duty to persons or property damaged by fire. Comparative fault

23  principles do not apply because, "In the absence of duty, there can be no tort liability, and no fault

24  can be allocated to a party that is not a tortfeasor." (*Munoz v. City of Union City* (2007) 148

25  Cal.App.4th 173, 179–182).

26  ///

27  ///

28  ///

2

DEMURRER OF DEFENDANT, PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT TO PLAINTIFFS' COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

34

1

## II.

2

## NEGLIGENCE ALLEGATIONS AGAINST DEFENDANT

3      Paragraph 20 of the complaint alleges Defendant "permitted the subject fire hydrant

4   to constitute of dangerous condition of public property in that it did not function and provide water

5   at the time of the fire." Paragraph 21 contains the same allegations as paragraph 20, except it alleges

6   that Defendant "created or allowed to be created" the alleged non-functioning fire hydrant. Paragraph

7   23 alleges Defendant is liable under Government Code section 815.4 because "a tortious act was

8   caused by an independent contractor." This paragraph also avers that Defendant is liable due to

9   negligent acts or omissions of its employees pursuant to Government Code section 820.

10      As noted by the Law Revision Commission, "Section 850.4 provides for absolute

11   immunity from liability for injury from failure to properly maintain fire protection equipment or

12   facilities. There are adequate incentives to careful maintenance of fire equipment without imposing

13   tort liability...." (Cal. Law Revision Commission, comment to Gov. Code, § 850).

14

## III.

15

## APPLICATION OF THE LAW TO THE FACTS PLED BY PLAINTIFF

16      The negligence allegations of Plaintiffs' complaint fit squarely within the immunity

17   provisions of Government Code sections 850, 850.2 and 850.4.   These statutes establish

18   governmental immunity for precisely the type of negligent acts and omissions alleged by Plaintiffs

19   herein. (*Heieck and Moran v. City of Modesto* (1966) 64 Cal.2d 229, 233).

20      In the latter case, the municipality had been unable to extinguish a fire because a

21   valve in the water main serving nearby fire hydrants had been closed during certain water main

22   improvements, cutting off the water supply, and had negligently not been reopened by city

23   employees. A unanimous California Supreme court concluded that "whether the alleged injury ...

24   be viewed as resulting from 'failure to provide or maintain sufficient ... fire protection facilities' (§

25   850.2), or from the ... 'condition' of the [available fire extinguishing equipment] (§ 850.4) the

26   conclusion is inescapable that the Legislature intended to establish immunity under the

27   circumstances alleged."

28   ///

3

H:\05498.5\06576 7\Pleadings\
Motions\Demurrer.wpd

35

1    Additional case law authority supporting Defendant's immunity position are the

2  following: *New Hampshire Ins. Co. v. City of Madera* (1983) 144 Cal.App.3d 298, 304–305,

3  [closed water valve prevented water from being available to suppress a fire; court stated that liability

4  was "precluded under both section 850.2 (failure to provide or maintain sufficient fire protection

5  facilities) and section 850.4 (relating to the condition of the fire protection or firefighting equipment

6  and facilities)"]; *Lainer Investments v. Department of Water & Power* (1985) 170 Cal.App.3d 1, 8–9,

7  [immunity under both §§ 850.2 and 850.4 applied when partially closed valve resulted in insufficient

8  water for firefighting].

9    Plaintiffs' allegation herein that Defendant's liability is premised on Government

10  Code section 820 does not overcome Defendant's immunity. In *New Hampshire Ins. Co. v. City of*

11  *Madera* (1983) 144 Cal.App.3d 298, the failure of City employees in that case to discover the closed

12  valve and to open it, or to warn plaintiff that it was closed, or to prevent tampering with the valve

13  clearly fell within the immunity granted in Government Code section 815 and sections 850.2 and

14  850.4.

15    Likewise, Plaintiffs' allegation that the negligent acts or omissions were caused by

16  an independent contractor of Defendant under Government Code section 815.4 does not overcome

17  the immunity. The court rejected such an argument in the case of *Lainer Investments v. Department*

18  *of Water & Power* (1985) 170 Cal.App.3d 1, wherein it noted that the immunity still applied even

19  if the defective water valve was installed on private property by contract. The court explained that

20  the immunity applied as long as the defective part was a part of the City's water system.

21                              **CONCLUSION**

22    Plaintiffs' action is barred as against Defendant, Phelan Pinon Hills Community

23  Services District, for the reasons set forth above. The fire protection immunity is so broad that

24  Plaintiffs cannot overcome the immunity no matter how they may attempt to characterize their

25  ///

26  ///

27  ///

28  ///

4

H:\054985\065767\Pleadings\
Motions\Demurrer.wpd

36

1  claims or cause of action.  Defendant is requesting that the demurrer be sustained and that Plaintiffs'

2  action be dismissed with prejudice. There exists no legal or factual basis to grant leave to amend.

3  DATED: March 9__, 2012

BORTON PETRINI, LLP

By_____
   Daniel L. Ferguson, Esq.
   Attorneys for Defendant,
   Phelan Pinon Hills Community Services District

5

HA\054985\065767\Pleadings\
Motions\Demurrer.wpd

37

1    PROOF OF SERVICE (Code Civ. Proc., §§ 1013a, 2015.5)

2    STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

3         I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not
     a party to the within action; my business address is 1461 Ford Street, Suite 201, Redlands, California 92373.

4         On _March 8, 2012_, I served the foregoing document described as **DEMURRER OF
5    DEFENDANT, PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT TO PLAINTIFFS'
     COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** on the
6    other parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

7    Arash Homamour, Esq.
     Corey Arzoumanian, Esq.
8    The Homampour Law Firm
     15303 Ventura Boulevard, Suite 1000
9    Sherman Oaks, CA 91403
     (323) 658-8077
10   (323) 658-8477 Fax
     Attorney for Plaintiffs

11        ✓    BY FIRST-CLASS MAIL: As follows: I am "readily familiar" with the firm's practice of collection
12             and processing correspondence for mailing.  Under that practice it would be deposited with U.S.
               postal service on that same day with postage thereon fully prepaid at **Redlands**, California in the
13             ordinary course of business.  I am aware that on motion of the party served, service is presumed
               invalid if postal cancellation date or postage meter date is more than one day after date of deposit
14             for mailing in affidavit.

15   ___     BY PERSONAL SERVICE: I caused each  envelope to be delivered by hand to the offices of the
             addressee.
16
     ___     BY OVERNIGHT COURIER SERVICE: I caused each envelope to be picked up by an  authorized
17           courier of GSO to receive documents, in an envelope or package designated by GSO with delivery
             fees prepaid, to be sent overnight by GSO.
18
     ___     BY FACSIMILE: I caused each document to be delivered by electronic facsimile to the offices of the
19           addressee.

20   ___     BY EMAIL: I caused each document to be delivered by electronic mail to the offices of the
             addressee.
21
     Executed on _March 8, 2012_, at **Redlands**, California.
22
           I declare under penalty of perjury under the laws of the State of California that the above is true and
23   correct.

24       **Kathleen P. Meyer**                                    _Kathleen P. Meyer_
         Type or Print Name                                        Signature
25

26

27

28

                                                 6

H:\054985\06576\Pleadings\
Motions\Demurrer.wpd

38

# EXHIBIT "D"

CIV-050

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name and Address):*       TELEPHONE NO.:<br>Arash Homampour         (323)658-8077<br>The Homampour Law Firm     SBN: 165407<br>15303 Ventura Blvd, Suite 1000, SHERMAN OAKS, CA 91403<br>fax number: (323)658-8477     email: arash@homampour.com<br>ATTORNEY FOR *(name):* Kenneth Aaron Shinedling, et al. | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
  STREET ADDRESS: 14455 Civic Drive
  MAILING ADDRESS: 14455 Civic Drive
  CITY AND ZIP CODE: Victorville, 92392
  BRANCH NAME: Victorville District

| | |
|---|---|
| PLAINTIFF: Kenneth Aaron Shinedling, et al.<br>DEFENDANT: Sunbeam Products, Inc., et al. | |
| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | **CASE NUMBER:**<br>CIVVS 1106075 |

To *(name of one defendant only):* SUNBEAM PRODUCTS, INC., a Delaware Corporation
Plaintiff *(name of one plaintiff only):* Kenneth Aaron Shinedling
seeks damages in the above-entitled action, as follows:

|   | | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [X] Pain, suffering, and inconvenience ........................................ | $ | 5,000,000.00 |
| b. [X] Emotional distress. ................................................................ | $ | 5,000,000.00 |
| c. [ ] Loss of consortium ................................................................ | $ | |
| d. [X] Loss of society and companionship *(wrongful death actions only)* ..... | $ | 20,000,000.00 |
| e. [ ] Other *(specify)* ..................................................................... | $ | |
| f. [ ] Other *(specify)* ..................................................................... | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [X] Medical expenses *(to date)* ................................................... | $ | 25,000.00 |
| b. [X] Future medical expenses *(present value)* ............................... | $ | 500,000.00 |
| c. [ ] Loss of earnings *(to date)* ..................................................... | $ | |
| d. [ ] Loss of future earning capacity *(present value)* ..................... | $ | |
| e. [ ] Property damage ................................................................... | $ | |
| f. [ ] Funeral expenses *(wrongful death actions only)* ..................... | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* ... | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... | $ | |
| i. [ ] Other *(specify)* ..................................................................... | $ | |
| j. [ ] Other *(specify)* ..................................................................... | $ | |
| k. [ ] Continued on Attachment 2.k. | | |

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
    when pursuing a judgment in the suit filed against you.

Date: February 21, 2012

Arash Homampour
_____
      (TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™

39

CIV-050

### *- DO NOT FILE WITH THE COURT-*
### *-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Arash Homampour          TELEPHONE NO.: (323)658-8077<br>The Homampour Law Firm          SBN: 165407<br>15303 Ventura Blvd, Suite 1000, SHERMAN OAKS, CA 91403<br>fax number:  (323)658-8477          email:  arash@homampour.com<br>ATTORNEY FOR *(name):* Kenneth Aaron Shinedling, et al. | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS: 14455 Civic Drive
CITY AND ZIP CODE: Victorville, 92392
BRANCH NAME: Victorville District

PLAINTIFF: Kenneth Aaron Shinedling, et al.
DEFENDANT: Sunbeam Products, Inc., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CIVVS 1106075 |
|---|---|

To *(name of one defendant only):* SUNBEAM PRODUCTS, INC., a Delaware Corporation
Plaintiff *(name of one plaintiff only):* Addison Leilani Shinedling by and through her guardian ad litem, Kenneth Aaron Shinedling
seeks damages in the above-entitled action, as follows:

**1. General damages**

|   |   | AMOUNT |
|---|---|--------|
| a. [X] Pain, suffering, and inconvenience ................................................................ | $ | 5,000,000.00 |
| b. [X] Emotional distress. ..................................................................................... | $ | 5,000,000.00 |
| c. [ ] Loss of consortium ...................................................................................... | $ | |
| d. [X] Loss of sociey and companionship *(wrongful death actions only)* ................ | $ | 20,000,000.00 |
| e. [ ] Other *(specify)* .......................................................................................... | $ | |
| f. [ ] Other *(specify)* ......................................................................................... | $ | |
| g. [ ] Continued on Attachment 1.g. | | |

**2. Special damages**

|   |   | AMOUNT |
|---|---|--------|
| a. [X] Medical expenses *(to date)* ....................................................................... | $ | 25,000.00 |
| b. [X] Future medical expenses *(present value)* ................................................... | $ | 500,000.00 |
| c. [ ] Loss of earnings *(to date)* ........................................................................ | $ | |
| d. [ ] Loss of future earning capacity *(present value)* ......................................... | $ | |
| e. [ ] Property damage ........................................................................................ | $ | |
| f. [ ] Funeral expenses *(wrongful death actions only)* ......................................... | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* ............. | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ..... | $ | |
| i. [ ] Other *(specify)* .......................................................................................... | $ | |
| j. [ ] Other *(specify)* .......................................................................................... | $ | |
| k. [ ] Continued on Attachment 2.k. | | |

**3.** [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* ..$
when pursuing a judgment in the suit filed against you.

Date: February 21, 2012

Arash Homampour
_____          ►          _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                                                      Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder-

40

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Arash Homampour<br>The Homampour Law Firm<br>15303 Ventura Blvd, Suite 1000, SHERMAN OAKS, CA 91403<br>fax number: (323)658-8477    email: arash@homampour.com<br>ATTORNEY FOR *(name)*:Kenneth Aaron Shinedling, et al. <br><br>TELEPHONE NO.:<br>(323)658-8077<br>SBN: 165407 | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
  STREET ADDRESS: 14455 Civic Drive
  MAILING ADDRESS: 14455 Civic Drive
  CITY AND ZIP CODE: Victorville, 92392
  BRANCH NAME: Victorville District

PLAINTIFF:Kenneth Aaron Shinedling, et al.
DEFENDANT:Sunbeam Products, Inc., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CIVVS 1106075 |
|---|---|

To *(name of one defendant only)*:SUNBEAM PRODUCTS, INC., a Delaware Corporation
Plaintiff *(name of one plaintiff only)*:Alexia Celeste Shinedling by and through her guardian ad litem, Kenneth Aaron Shinedling
seeks damages in the above-entitled action, as follows:

**1. General damages**                                                                    AMOUNT

a. [X] Pain, suffering, and inconvenience ........................................................... $    5,000,000.00

b. [X] Emotional distress. ............................................................................... $    5,000,000.00

c. [ ] Loss of consortium ............................................................................... $

d. [X] Loss of sociey and companionship *(wrongful death actions only)* ............... $    20,000,000.00

e. [ ] Other *(specify)*                                                                            $

f. [ ] Other *(specify)*                                                                             $

g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [X] Medical expenses *(to date)* ..................................................................... $    25,000.00

b. [X] Future medical expenses *(present value)* .................................................. $    500,000.00

c. [ ] Loss of earnings *(to date)* ....................................................................... $

d. [ ] Loss of future earning capacity *(present value)* .......................................... $

e. [ ] Property damage .................................................................................... $

f. [ ] Funeral expenses *(wrongful death actions only)* .......................................... $

g. [ ] Future contributions *(present value)* *(wrongful death actions only)* ............... $

h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $

i. [ ] Other *(specify)*                                                                             $

j. [ ] Other *(specify)*                                                                             $

k. [ ] Continued on Attachment 2.k.

**3.** [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $
        when pursuing a judgment in the suit filed against you.

Date:February 21, 2012

Arash Homampour
_____                    ▶    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)
                          (Proof of service on reverse)

Page 1 of 2

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

*H1*

**-DO NOT FILE WITH THE COURT-**

**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | | FOR COURT USE ONLY |
|---|---|---|
| Arash Homampour　　　　　　　　　　TELEPHONE NO.: (323)658-8077 | | |
| The Homampour Law Firm　　　　　　　SBN: 165407 | | |
| 15303 Ventura Blvd, Suite 1000, SHERMAN OAKS, CA 91403 | | |
| fax number: (323)658-8477　　email: arash@homampour.com | | |
| ATTORNEY FOR *(name):* Kenneth Aaron Shinedling, et al. | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
　STREET ADDRESS: 14455 Civic Drive
　MAILING ADDRESS: 14455 Civic Drive
　CITY AND ZIP CODE: Victorville, 92392
　BRANCH NAME: Victorville District

PLAINTIFF: Kenneth Aaron Shinedling, et al.
DEFENDANT: Sunbeam Products, Inc., et al.

| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | CASE NUMBER: CIVVS 1106075 |
|---|---|

To *(name of one defendant only):* SUNBEAM PRODUCTS, INC., a Delaware Corporation
Plaintiff *(name of one plaintiff only):* Ava Aren Shinedling by and through her guardian ad litem, Kenneth Aaron Shinedling
seeks damages in the above-entitled action, as follows:

**1. General damages**

| | | AMOUNT |
|---|---|---|
| a. [X] Pain, suffering, and inconvenience | $ | 5,000,000.00 |
| b. [X] Emotional distress. | $ | 5,000,000.00 |
| c. [ ] Loss of consortium | $ | |
| d. [X] Loss of sociey and companionship *(wrongful death actions only)* | $ | 20,000,000.00 |
| e. [ ] Other *(specify)* | $ | |
| f. [ ] Other *(specify)* | $ | |
| g. [ ] Continued on Attachment 1.g. | | |

**2. Special damages**

| | | |
|---|---|---|
| a. [X] Medical expenses *(to date)* | $ | 25,000.00 |
| b. [X] Future medical expenses *(present value)* | $ | 500,000.00 |
| c. [ ] Loss of earnings *(to date)* | $ | |
| d. [ ] Loss of future earning capacity *(present value)* | $ | |
| e. [ ] Property damage | $ | |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ | |
| i. [ ] Other *(specify)* | $ | |
| j. [ ] Other *(specify)* | $ | |
| k. [ ] Continued on Attachment 2.k. | | |

**3.** [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
　when pursuing a judgment in the suit filed against you.

Date: February 21, 2012

Arash Homampour
　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

42

# EXHIBIT "E"

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY (Name, State Bar number, and address):
Arash Homampour (State Bar No.165407)
The Homampour Law Firm
15303 Ventura Boulevard, Suite 1000
Sherman Oaks, CA 91403
TELEPHONE NO: (323) 658-8077   FAX NO. (Optional): (323) 658-8477
E-MAIL ADDRESS (Optional): arash@homampour.com
ATTORNEY FOR (Name): Kenneth Aaron Shinedling, Addison Leilani Shinedling, Alexia Celeste Shinedling, and Ava Aren Shinedling

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT
DEC 15 2011
BY _____ ESTHER ORONA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Victorville 92392
BRANCH NAME: Victorville District

PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al.

DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al.

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL ☐ EX PARTE | CASE NUMBER: CIVVS 1106075 |
|---|---|

NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): Kenneth Aaron Shinedling          is
   a. ☒ the parent of (name): Alexia Celeste Shinedling
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Kenneth Aaron Shinedling
   8270 Skyline Drive, Pinon Hills CA, 92372
   (818) 943-7755

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Alexia Celeste Shinedling
   8270 Skyline Drive, Pinon Hills CA, 92372
   (818) 943-7755

4. The person to be represented is:
   a. ☒ a minor (date of birth): October 26, 2001
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   Plaintiff has causes of action against Defendants arising out of a personal injury accident whereby she suffered serious injuries as a result of a house fire, witnessed injury to her family members and the death of her mother.

☐ Continued on Attachment 5a.

**RECEIVED**
DEC 15 2011
VICTORVILLE DISTRICT

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL
Page 1 of 2
Code of Civil Procedure, §372 et seq.

LexisNexis® Automated California Judicial Council Forms

43

CIV-010

| PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3, or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):
so that Plaintiff can pursue the instant lawsuit for compensation for her personal injuries

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☒ related (state relationship): guardian is Plaintiff's father
b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Arash Homampour
(TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 13, 2011

Kenneth Aaron Shinedling
(TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 13, 2011

Kenneth Aaron Shinedling
(TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Kenneth Aaron Shinedling
is hereby appointed as the guardian ad litem for (name): Alexia Celeste Shinedling
for the reasons set forth in item 5 of the application.
Date: 12-15-11

_____ JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]        APPLICATION AND ORDER FOR APPOINTMENT        Page 2 of 2
OF GUARDIAN AD LITEM—CIVIL

*LexisNexis® Automated California Judicial Council Forms*

44

CIV-010

| PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):
so that Plaintiff can pursue the instant lawsuit for compensation for her personal injuries

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☒ related (state relationship): guardian is Plaintiff's father
b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Arash Homampour
(TYPE OR PRINT NAME)          ► _____
                               (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 13, 2011

Kenneth Aaron Shinedling
(TYPE OR PRINT NAME)          ► _____
                               (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 13, 2011

Kenneth Aaron Shinedling
(TYPE OR PRINT NAME)          ► _____
                               (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Kenneth Aaron Shinedling
is hereby appointed as the guardian ad litem for (name): Alexia Celeste Shinedling
for the reasons set forth in item 5 of the application.
Date: DEC 1 5 2011

STEVE MALONE
_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

LexisNexis® Automated California Judicial Council Forms

45

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Arash Homampour  (State Bar No.165407)<br>The Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (323) 658-8077   FAX NO. (Optional): (323) 658-8477<br>E-MAIL ADDRESS (Optional): arash@homampour.com<br>ATTORNEY FOR (Name): Kenneth Aaron Shinedling, Addison Leilani Shinedling, Alexia Celeste Shinedling, and Ava Aren Shinedling | F I L E D<br>SUPERIOR COURT OF CALIFOR...<br>COUNTY OF SAN BERNARD...<br>VICTORVILLE DISTRICT<br>DEC 15 2011<br>BY<br>ESTHER ORONA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Victorville 92392
BRANCH NAME: Victorville District

PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al.

DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>CIVVS 1106075 |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant (name):    Kenneth Aaron Shinedling                is
   a. [X] the parent of (name): Addison Leilani Shinedling
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Kenneth Aaron Shinedling
   8270 Skyline Drive, Pinon Hills CA, 92372
   (818) 943-7755

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Addison Leilani Shinedling
   8270 Skyline Drive, Pinon Hills CA, 92372
   (818) 943-7755

4. The person to be represented is:
   a. [X] a minor (date of birth): July 17, 1998
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   Plaintiff has causes of action against Defendants arising out of a personal injury accident whereby she suffered serious injuries as a result of a house fire, witnessed injury to her family members and the death of her mother.

☐ Continued on Attachment 5a.

**RECEIVED**

DEC 15 2011

VICTORVILLE DISTRICT

46

*LexisNexis® Automated California Judicial Council Forms*

CIV-010

| PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☒ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:
   so that Plaintiff can pursue the instant lawsuit for compensation for her personal injuries

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related *(state relationship)*: guardian is Plaintiff's father
   b. ☐ not related *(specify capacity)*:

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

   ☐ Continued on Attachment 7.

   _____          ►   _____
   Arash Homampour                                   (SIGNATURE OF ATTORNEY)
   (TYPE OR PRINT NAME)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 13, 2011

   _____          ►   _____
   Kenneth Aaron Shinedling                           (SIGNATURE OF APPLICANT)
   (TYPE OR PRINT NAME)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 13, 2011

   _____          ►   _____
   Kenneth Aaron Shinedling                           (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)
   (TYPE OR PRINT NAME)

ORDER   ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*: Kenneth Aaron Shinedling
is hereby appointed as the guardian ad litem for *(name)*: Addison Leilani Shinedling
for the reasons set forth in item 5 of the application.
Date:
   12-15-11

   _____
   Steve Malone JUDICIAL OFFICER
   ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

*LexisNexis® Automated California Judicial Council Forms*

47

CIV-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):
   so that Plaintiff can pursue the instant lawsuit for compensation for her personal injuries

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related (state relationship): guardian is Plaintiff's father
   b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7.

   Arash Homampour
   (TYPE OR PRINT NAME)                                      ▶ _____
                                                               (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 13, 2011

   Kenneth Aaron Shinedling
   (TYPE OR PRINT NAME)                                      ▶ _____
                                                               (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 13, 2011

   Kenneth Aaron Shinedling
   (TYPE OR PRINT NAME)                                      ▶ _____
                                                               (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER    ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Kenneth Aaron Shinedling
is hereby appointed the guardian ad litem for (name): Addison Leilani Shinedling
for the reasons set forth in item 5 of the application.
Date:
DEC 1 5 2011

                                                    Steve Malone
                                                    JUDICIAL OFFICER
                                          ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]          APPLICATION AND ORDER FOR APPOINTMENT          Page 2 of 2
                                            OF GUARDIAN AD LITEM—CIVIL

48

*LexisNexis® Automated California Judicial Council Forms*

CIV-010

| | |
|---|---|
| **ATTORNEY** *(Name, State Bar number, and address):*<br>Arash Homampour  (State Bar No.165407)<br>The Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (323) 658-8077    FAX NO. *(Optional):* (323) 658-8477<br>E-MAIL ADDRESS *(Optional):* arash@homampour.com<br>ATTORNEY FOR *(Name):* Kenneth Aaron Shinedling, Addison Leilani Shinedling, Alexia Celeste Shinedling, and Ava Aren Shinedling | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>VICTORVILLE DISTRICT<br><br>DEC 15 2011<br><br>BY _____<br>ESTHER ORONA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 14455 Civic Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Victorville 92392
BRANCH NAME: Victorville District

PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al.

DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al.

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPOINTMENT**<br>**OF GUARDIAN AD LITEM—CIVIL**<br>☐ **EX PARTE** | CASE NUMBER:<br>CIVVS 1106075 |

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):*        Kenneth Aaron Shinedling            is
   a. ☒ the parent of *(name):*  Ava Aren Shinedling
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Kenneth Aaron Shinedling
   8270 Skyline Drive, Pinon Hills CA, 92372
   (818) 943-7755

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Ava Aren Shinedling
   8270 Skyline Drive, Pinon Hills CA, 92372
   (818) 943-7755

4. The person to be represented is:
   a. ☒ a minor *(date of birth):* July 31, 2007
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
   Plaintiff has causes of action against Defendants arising out of a personal injury accident whereby she suffered serious injuries as a result of a house fire, witnessed injury to her family members and the death of her mother.

☐ Continued on Attachment 5a.

RECEIVED
DEC 15 2011
VICTORVILLE DISTRICT

49

CIV-010

| PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):
   so that Plaintiff can pursue the instant lawsuit for compensation for her personal injuries

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related (state relationship): guardian is Plaintiff's father
   b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7.

Arash Homampour
(TYPE OR PRINT NAME)                                                      ► _____
                                                                          (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 13, 2011

Kenneth Aaron Shinedling
(TYPE OR PRINT NAME)                                                      ► _____
                                                                          (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 13, 2011

Kenneth Aaron Shinedling
(TYPE OR PRINT NAME)                                                      ► _____
                                                                          (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

ORDER    ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Kenneth Aaron Shinedling
is hereby appointed as the guardian ad litem for (name): Ava Aren Shinedling
for the reasons set forth in item 5 of the application.
Date:
12-15-11                                                                  Steve Malone
                                                                          JUDICIAL OFFICER
                                                                          ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]                    APPLICATION AND ORDER FOR APPOINTMENT                    Page 2 of 2
                                                  OF GUARDIAN AD LITEM—CIVIL

LexisNexis® Automated California Judicial Council Forms

CIV-010

| PLAINTIFF/PETITIONER: Kenneth Aaron Shinedling, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sunbeam Products, Inc., et al. | |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*
   so that Plaintiff can pursue the instant lawsuit for compensation for her personal injuries

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related *(state relationship):* guardian is Plaintiff's father
   b. ☐ not related *(specify capacity):*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

☐ Continued on Attachment 7.

Arash Homampour
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: December 13, 2011

Kenneth Aaron Shinedling
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: December 13, 2011

Kenneth Aaron Shinedling
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):* Kenneth Aaron Shinedling
is hereby appointed as the guardian ad litem for *(name):* Ava Aren Shinedling
for the reasons set forth in item 5 of the application.

Date: DEC 15 2011

Steve Malone
_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

51

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 438 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br><br>KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING | **DEFENDANTS**<br><br>SUNBEAM PRODUCTS, INC., a Delaware Corporation; COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>The Homampour Law Firm<br>Arash Homampour (SBN: 165407)<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403<br>(323) 658-8077 | Attorneys (If Known)<br><br>Gordon & Rees LLP<br>Manuel Saldana (SBN: 137060); Dani H. Rogers (SBN: 130640)<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071<br>(213) 576-5000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** None, damages exceed $25M

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Wrongful Death/Products Liability; Diversity Jurisdiction pursuant to 28 U.S.C. §1332 and removed under 28 U.S.C. §1441(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☒ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

ED CV 12 00438

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VAP

MAR 27 2012

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

III(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
yes, list case number(s): _____

III(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
yes, list case number(s): _____

ivil cases are deemed related if a previously filed case and the present case:
Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

. VENUE: (When completing the following information, use an additional sheet if necessary.)

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of San Bernardino for Defendant County of San Bernardino | Sunbeam Products, Inc.: Delaware Corp.; Principal Place of Business: Florida |

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of San Bernardino for Defendant Phelan Pinon Hills Community Services District | |

Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
lote: In land condemnation cases, use the location of the tract of land involved.

. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date March 23, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

ey to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com