UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem KENNETH AARON SHINEDLING,

Plaintiffs,

v.

SUNBEAM PRODUCTS, INC., a Delaware Corporation; COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive,

Defendants.

Case No.: 5:12-cv-00438-CJC(SPx)

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND**

## I. INTRODUCTION & BACKGROUND

On December 15, 2011, Plaintiffs filed suit in state court against Defendants County of San Bernardino ("County"), Phelan Pinon Hills Community Services District ("Phelan"), and Sunbeam Products, Inc. ("Sunbeam"), arising from a January 5, 2011

-1-

residential fire at 8270 Skyline Drive in Pinon Hills, San Bernardino County that resulted in the alleged wrongful death of Amy Celeste Shinedling ("Decedent") and injuries to Plaintiffs.[1] Plaintiffs are the family members of Decedent. (Compl. ¶¶ 3–6.) Plaintiffs allege that County and Phelan were responsible for the malfunctioning of a fire hydrant, which failed to provide water at the time of the fire, thereby creating a "dangerous condition" under Cal. Govt. Code § 835. (*Id.* ¶¶ 13, 21–22.) Plaintiffs also allege that County and Phelan are responsible for the tortious and negligent acts of an independent contractor and their employees under Cal. Govt. Code §§ 815.4, 820. (*Id.* ¶ 23.) Plaintiffs further allege that Sunbeam is responsible for the defective condition in a portable heater that purportedly caused the fire, injury to Plaintiffs, and the death of Decedent. (*Id.* ¶¶ 14, 34–37.) Based on these allegations, Plaintiffs assert one cause of action against County and Phelan for negligence/statutory liability. Plaintiffs assert claims for negligence and strict product liability against Sunbeam. Plaintiffs request, *inter alia*, special, actual, and compensatory damages.

On March 23, 2012, Sunbeam answered the Complaint. (Dkt. No. 1, Exh. B [Answer].) On March 27, 2012, Sunbeam removed this action to this Court based on diversity jurisdiction. (Dkt. No. 1.) County and Phelan separately moved to dismiss the Complaint in June 2012 pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 13, 15.) Both County and Phelan move to dismiss on the grounds that they are public entities governed by the liability and immunity provisions of Cal. Gov. Code §§ 850, 850.2, and 850.4, and therefore Plaintiffs' Complaint fails to state a cognizable claim against them. On June 20, 2012, Plaintiffs filed notices of non-opposition to County's and Phelan's motions to dismiss. (Dkt. Nos. 22–23.) Plaintiffs request a finding that County and Phelan are immune under Cal. Govt. Code §§ 850, 850.2, and 850.4, that the

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 9, 2012 at 1:30 p.m. is hereby vacated and off calendar.

broad grant of immunity means that County and Phelan owe no duty to persons or property damaged by a fire, and that comparative fault principles do not apply because, "[i]n the absence of duty, there can be no tort liability, and no fault can be allocated to a party that is not a tortfeasor." (*Id.* (citing *Munoz v. City of Union City*, 148 Cal. App. 4th 173, 182 (2007)).

## II. DISCUSSION

A party may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the basis of insufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Although the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment of the complaint would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

Section 815 of the California Government provides that, except as otherwise provided by statute, "(a) [a] public entity is not liable for an injury, whether such injury

arises out of an act or omission of the public entity or a public employee or any other person," and "(b) [t]he liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person." Cal. Govt. Code § 815. Here, the Court agrees with the parties that County and Phelan are alleged to be public entities, (Compl. ¶¶ 28, 29), and therefore Plaintiffs' claim for negligence/statutory liability against them for their alleged involvement in causing the defective condition of a fire hydrant, (*id*. ¶¶ 13, 21–22), is barred as a matter of law under the immunity provisions of the California Government Code. *See* Cal. Govt. Code §§ 850 ("Neither a public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection service."), 850.2 ("Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities."), and 850.4 ("Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires."); *see also Heieck & Moran v. City of Modesto*, 64 Cal. 2d 229, 232–34 (1966) (concluding the City of Modesto had government immunity under the Government Code shielding it from liability for alleged damages resulting from purported negligence of city and city's employees involving fire protection facilities); *accord New Hampshire Ins. Co. v. City of Madera*, 144 Cal. App. 3d 298, 302–306 (1983) (holding government immunity applies to bar claims against the City of Madera arising from a closed valve in the city water system that purportedly resulted in fire loss of property); *accord Lainer Invs. v. Dep't of Water & Power of the City of L.A.*, 170 Cal. App. 3d 1, 6–9 (1985) (concluding the city of Los Angeles was

immune from tort liability under *Heieck*, *New Hamsphire*, and sections 850.2 and 850.4 for a defective water valve that allegedly resulted in fire loss of property).

**III. CONCLUSION**

Because any amendment to the Complaint as to County and Phelan would be futile, the Court GRANTS County's and Phelan's motions to dismiss the Complaint WITHOUT LEAVE TO AMEND.

DATED: July 5, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE