THE HOMAMPOUR LAW FIRM, PLC
ARASH HOMAMPOUR (State Bar No. 165407)
COREY ARZOUMANIAN (State Bar No. 278035)
15303 Ventura Boulevard, Suite 1000
Sherman Oaks, California 91403
Phone:(323) 658-8077 | Fax:(323) 658-8477
Email: arash@homampour.com

Attorneys for Plaintiffs KENNETH AARON SHINEDLING individually and as guardian ad litem for ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING<br><br>Plaintiffs,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC., a Delaware Corporation; COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive<br><br>Defendants. | CASE NO: 5:12-cv-00438 CJC (Spx)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH DEFENDANT'S SUBPOENAS TO RICHARD GORDINER, SOUTHERN CALIFORNIA CREDIT UNION, AND PRUDENTIAL INSURANCE COMPANY OF AMERICA**<br><br>Motion Date: July 30, 2013<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4 - 3rd Floor<br><br>Disc cutoff: January 27, 2014<br>Pretrial Conf.: February 10, 2014<br>Trial: February 24, 2014<br><br>*Complaint Filed December 15, 2011*<br>*Assigned to Judge Cormac J. Carney*<br>*Referred to Magistrate Judge Sheri Pym* |

**TO THE HONORABLE JUDGE SHERI PYM, UNITED STATES MAGISTRATE JUDGE:**

Pursuant to Local Civil Rule 37-2.3, Plaintiffs hereby submit their Supplemental Memorandum following the parties' Joint Stipulation on Plaintiffs' Motion to Quash Defendant's subpoenas to Richard Gordiner MD, Southern California Credit Union, and Prudential Insurance Company of America.

---

*Plaintiffs' Supplemental Memorandum on their Motion to Quash Sunbeam's Subpoenas - Page i*

## I. DEFENDANT IS TRYING TO MISLEAD THE COURT

Defendant Sunbeam Products Inc.'s ("Sunbeam") Version of the Relevant Facts in the Joint Stipulation relating to Plaintiffs' Motion to Quash Defendant's Subpoenas, contains disturbing inaccuracies designed to paint Plaintiffs' counsel in a false light and to mislead the Court.

**Defendant's Subpoena Subpoena to Richard Gordiner. M.D.**

"All documents including all statements, records of appointments, examinations, tests and/or laboratory tests, charts, memoranda, evaluations, correspondence, patient histories, x-ray reports, x-ray films, diagnosis, care and treatment, therapy, billing, doctors notes, physician order sheets, exam sheets, physical therapy reports, narrative reports, photographs, and other information regarding the assessment, observation, treatment and prognosis of the subject. Subject: Kenneth Aaron Shinedling; Social Security #: N/A; Date of Birth: 01/10/1973"

Kenneth Shinedling was not (nor has been) dealing with any serious medical conditions thirteen years ago, so the two-year time frame is reasonable. Defense counsel's proposed ten years time frame is nothing more than an improper fishing expedition. Defendant has not stated any persuasive argument as to why all of Plaintiff's medical records, regardless of date, should be disclosed, as he is not making a physical injury claim that would justify Defendant fishing through all of his records. Any chronic condition of health that was present prior to the subject incident would be reflected in medical records for the two years preceding the incident. Any non-chronic condition would be irrelevant as being too remote in time and having no bearing on the health of decedent at the time of the incident, and having no bearing on Plaintiff's current health and longevity.

Plaintiffs still consider their proposed two alternatives as a reasonable solution to the dispute:  1) that Defendant first obtain only two years of records and if there was some indication of a serious medical condition that affects life expectancy Defendant

could subpoena additional records as needed; <u>or</u>  2) the parties use a first look procedure under which the subpoenaed records are bate stamped, Plaintiffs review them first with the ability to withhold any records on the basis of a privilege and provide a privilege log to Defendant. The parties would then meet and confer as to any withheld documents and resort to court intervention (or in camera review) only if necessary.

Defense counsel's rejection of the "first look" option and reference to the previous arrangement regarding Plaintiffs' records from Public Adjusters of Southern California ("PASC") was not a failure as the Defendant would have the Court believe. Plaintiffs received the 2743 pages and carefully reviewed the documents. On May 6, 2013, Plaintiffs' counsel appropriately withheld privileged documents, and produced the remaining along with a privilege log. The Defendant waited 31 days and on June 6, 2013 sent their meet and confer letter regarding the documents withheld. In a good faith effort, Plaintiffs produced the majority of their withheld privileged documents to avoid court intervention and wasting court time. However, Plaintiffs never acknowledged they *improperly* withheld documents. Plaintiffs, in their attempt to be reasonable, withdrew their objection to certain documents (which while still privileged, were benign) and they were immediately produced on June 11, 2013. <u>Homampour Supp. Decl.</u>, ¶4.

After further meet and confer efforts, on July 2, 2013, Plaintiffs agreed and produced the remainder of all the PASC documents which were withheld, as (although the documents were still protected and still privileged) they were benign and Plaintiffs did not want to burden the court with reviewing these documents. Plaintiffs did however redact one financial protected and privileged document. <u>Homampour Supp. Decl.</u>, ¶5.

Plaintiffs would also direct Defendant's attention to this court previous ruling which limited, the same overly broad subpoena to Dr. Stoops, to a five year pre-incident period. (See Docket 39).

**Defendant's Subpoena to Prudential Insurance Co of America**

"You are requested to produce any and all documents pertaining to the below referenced person. This request includes, but is not limited to, the entire official and unofficial file, reports, billing, forms, memoranda claims, handwritten notes, handwritten memoranda, written records of any kind, telephone notations, telephone memoranda, statements, tapes, photographs, photograph negatives, videotapes and films, and any other information, media or data stored or transmitted electronically. Subject: Kenneth Aaron Shinedling II;  Social Security #: N/A; Date of Birth: 01/10/1973"

With respect to the subpoena for the records Prudential Insurance Co of America, Plaintiffs have always contended that these records (if any exist) are not relevant as a policy was never issued and the application and fee were returned. This assertion of Plaintiffs is confirmed by Prudential. Plaintiffs received a fax from Prudential Insurance Company of America stating that "...we are actually having problems identifying the Plaintiff as a Prudential insured. So, when this issue is resolved, and if Prudential has to produce any documents, we will need more information such as a policy number to locate any responsive documents." Homampour Supp. Decl., ¶3. (Ex. A)

Plaintiff's privacy concerns are not negated as the Defendant would have this court believe.  Plaintiff's dealings with his insurance agent (who may have also received a copy of the materials sought) do not waive any privacy protection. If that were the case no insurance agent would be able to stay in business, and the Defendant cites to no federal or state authority to support this assertion.

Again, insurance company claims files are protected by the Insurance Information and Privacy Protection Act, Insurance Code §791.01, et seq. Disclosure of "any personal or privileged information gathered or received in connection with an insurance transaction" is restricted, unless there is written consent of the person to whom the fields relate. Insurance Code § 791.13; *Mead*

1 *Reinsurance Co. v. Sup. Ct.* (1986) 188 Cal.App.3d 313, 321-322.

**Defendant's Subpoena to Southern California Edison Credit Union**

"All documents, including monthly statements and transactions, deposits, and withdrawals pertaining to Kenneth Aaron Shinedling II (DOB: 01/10/1973) for one year prior to the date of incident, 1/5/10 to 6 months after the incident, 7/5/11. Subject: Kenneth Aaron Shinedling II; Social Security #: N/A; Date of Birth: 01/10/1973"

This subpoena seeks Kenneth Shinedling's banking records for a period of time from one year before and six months after the incident. Sunbeam contends that these records are relevant and discoverable. Defendant's reliance on the testimony of one of the fire investigators, Nicholas Corbo, where he stated that there was "no conclusive evidence that the heater malfunctioned to cause a fire" is irrelevant. Stated bluntly, it does not matter what this particular investigator determined and, most certainly, even if relevant to any issue does not suggest that Plaintiff deliberately set the fire. Defendant has not come close to showing this court that Plaintiff had anything to do with the fire, let alone then going through his bank records to show a motive. Had Plaintiff Kenneth Aaron Shinedling intentionally started the fire, the investigation by both the San Bernardino Sheriffs Department and Coroner would have reflected such allegations and the San Bernardino County District Attorney's would have pressed charges. To the contrary, the Coroner's report ruled the death of Amy Celeste Shinedling an accident with the "Fire consistent with starting by electric space heater in bedroom." (See Ex. G attached to the Joint Stipulation, Docket 36, p. 7) Homampour Supp. Decl., ¶6.

Defendant's wild and unsupported speculation that Plaintiff Kenneth Aaron Shinedling's deliberately set the fire because of his financial condition is not a basis to allow Defendant to go fishing through Plaintiff's bank records.

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1000
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 • FAX (323) 658-8477

1 Defendant deposed Plaintiff and many other individuals and has investigative
2 reports from multiple agencies. Again, if there was any evidence whatsoever that
3 suggested that Plaintiff had financial issues that would justify him starting a fire
4 in his own house with his wife and children present, such evidence would have
5 already been identified by one of the investigating agencies. Defendant
6 Sunbeam's desire to "follow the money" should be denied.

7 Defendant claims that it needs to know Plaintiff's "financial viability and
8 condition," but does not explain what this means or why such knowledge is so
9 imperative in this case such that it should defeat Plaintiff's right to privacy.
10 Again, Defendant has already deposed all of that Plaintiffs and third parties
11 including law enforcement and investigators. But, Defendant does not identify
12 any evidence whatsoever that would justify Defendant trampling over Plaintiffs'
13 constitutionally protected rights. Defendant has failed to demonstrate why
14 Plaintiff's bank records should be produced or why there is a compelling need
15 for such records, that they are directly relevant and that Defendant's subpoena
16 is in any way narrowly tailored.

18 DATED:  July 16, 2013             Respectfully submitted,

19                                                    THE HOMAMPOUR LAW FIRM,
                                                      A Professional Law Corporation

20                                           By:  _____
21                                                    Arash Homampour,
                                                      Attorneys for Plaintiffs

*Plaintiffs' Supplemental Memorandum on their Motion to Quash Sunbeam's Subpoenas - Page 5*