Gary A. Wolensky (#154041)
gwolensky@hewittwolensky.com
Elizabeth V. McNulty (#192455)
emcnulty@hewittwolensky.com
Cyrus Wilkes (#259625)
cwilkes@hewittwolensky.com
HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, CA 92660
Telephone: (949) 783-5050
Facsimile: (949) 783-5051

David J. O'Connell (*Pro Hac Vice)*
djoconnell@wmlaw.com
Wiedner and McAuliffe Ltd.
One North Franklin, Suite 1900
Chicago, IL 60606-3401
Telephone: (312)855-1105
Facsimile: (312) 855-1792

Attorneys for Defendant
Sunbeam Products Inc.

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING,

Plaintiffs,

vs.

SUNBEAM PRODUCTS, INC., a Delaware Corporation: COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive,

Defendants.

CASE NO. EDCV 12-00438-CJC (SPx)

**[DISCOVERY MATTER]**

**STIPULATED PROTECTIVE ORDER**

**[Fed. P. Civ. 26(c)]**

CTRM: 9B
JUDGE: Cormac J. Carney
MAGISTRATE: Sheri Pym

Disc cutoff: January 27, 2014
Pretrial Conf.: February 10, 2014
Trial: February 24, 2014

Pursuant to Fed. R. Civ. P. 26(c), Sunbeam Products, Inc. ("Sunbeam") and Plaintiff Kenneth Aaron Shinedling, Addison Leilani Shinedling, Alexia Celeste Shinedling, and Ava Aren Shinedling ("Plaintiffs"), through their respective counsel of record, agree that good cause exists for the entry of protective order and confidentiality agreement. Both parties anticipate that discovery in this action may require Sunbeam to disclose trade secrets or other confidential research, development, or commercial information. To that end, the Court finds that good cause exists for entry of a protective order and confidentiality agreement in the above-captioned matter to prevent unauthorized disclosure and use of Sunbeam' trade secrets and other confidential information during and after the course of this litigation.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential"). Such stamping or marking will take place prior to production by Sunbeam, or subsequent to selection by the receiving party for copying. The stamp shall be affixed in such a manner as to not obliterate or obscure any written matter.

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Such as, documents of heightened commercial, economic, or competitive importance, including design plans or specifications, non-public product information, customer information or lists, current or future business plans, new product or business developments, proprietary engineering information, internal financial information, contracts (with distributors, licensors, retailers, developers, sales representatives or others), proprietary data, organizational information including organization charts, and pricing or cost information. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only"). Such stamping or marking will take place prior to production by Sunbeam, or subsequent to selection by the receiving party for copying. The stamp shall be affixed in such a manner as to not obliterate or obscure any written matter.

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other

business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Attorney's Eyes Only Material shall not be disclosed to anyone other than the following categories of persons:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

c. The Court and court personnel;

d. Subject to the notification requirements below, experts, advisors, and consultants (including persons directly employed by such experts, advisors and consultants) retained by any of the Parties or the Parties' counsel, but only to the extent necessary to perform their work in connection with this Litigation.

i. If a party or its counsel wishes to disclose Attorney's Eyes Only Material to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in any activity which competes with Sunbeam, that party shall promptly notify Sunbeam's counsel and include with such notification a copy of the proposed recipient's curriculum vitae, and the non-disclosure agreement attached as Exhibit "A" prior to disclosing any Attorney's Eyes Only Discovery material to that expert, advisor or consultant.

ii. Within ten (10) business days of receiving such notification and curriculum vitae, Sunbeam's counsel shall notify the party who wishes to make the disclosure whether it objects to the disclosure of Attorney's Eyes Only Discovery Material to the proposed expert. Any such objection shall be made in good faith and on reasonable grounds.

iii. If an objection is made and not resolved, the confidentiality designation will remain and the Attorney's Eyes Only Material may not be

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

disclosed to the expert, advisor, or consultant, unless a party wishes to formally dispute the designation pursuant to Paragraph 9 of this Order.

e. The author or recipient of the Attorney's Eyes Only Material.

f. Such persons as Sunbeam's counsel shall consent to in writing before the proposed disclosure. Such written consent shall have the following effect:

i. The identified Attorney's Eyes Only Material may be produced to the entity or entities specifically named in the writing provided that the entity or entities also provide the non-disclosure agreement attached as Exhibit "A";

ii. The identified Attorney's Eyes Only Material shall in all other respects be treated as Attorney's Eyes Only Material subject to this Order; and

iii. Sunbeam's written consent for an exceptional disclosure shall not be interpreted as a "de-designation" of the identified Attorney's Eyes Only Material, nor shall the identified Attorney's Eyes Only Material lose its confidential status as a result of this written consent.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. A party may make a good faith challenge to a confidentiality designation at anytime after receipt of the document. Any party wishing to challenge the "Confidential" or "Attorney's Eyes Only" designation assigned by another party or other person with respect to any material shall give written notice of such objection to counsel for the designating party. The parties shall then attempt to resolve such dispute in good faith on an informal basis, and pursuant to Local Rules 37-1 and 37-2, including the requirement that the parties file a Joint Stipulation concerning the matters in dispute. In the event any objection to the designation is not first resolved by agreement of counsel, it shall be the burden of the party challenging the "Confidential" or "Attorney's Eyes Only" designation to file the appropriate motion with the Court after counsel confer in good faith. Such a motion may be made without notice to any party other than the designating party and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" or "Highly Confidential" material to demonstrate the

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential" material, the original designation shall remain in full force and effect. All challenges to the propriety of a confidential designation must be made prior to 60 days before trial. If a "Confidential" or "Highly Confidential" document is produced within sixty (60) days before trial then the challenging party must challenge the designation immediately and not more than ten (10) days after the material is produced.

9. All requests to seal documents filed with the Court shall comply with Local Civil Rule 79-5.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and taking up the matter with the judicial officer conducting the proceedings at the appropriate time.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information,

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14. This Stipulated Protective Order and Confidentiality Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulated Protective Order and Confidentiality Agreement is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms. No modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

15. This Stipulated Protective Order and Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by written stipulation of the parties filed with and ordered by the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

containing Confidential material and to destroy, should such source so request, all copies of excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto, as well as materials containing attorney work product, for archival purposes, subject to the provisions of this Discovery Confidentiality Order. In lieu of returning all materials, a Certification from the attorney for the receiving party that all such materials have been destroyed shall be acceptable. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

17. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

SO ORDERED, this 29th day of July, 2013.

/s/ Sheri Pym
Hon. Sheri Pym
United States Magistrate Judge

**STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

Dated: July 25, 2013

HEWITT WOLENSKY McNULTY & HICKSON LLP

By: */s/ Elizabeth V. McNulty*
Elizabeth V. McNulty
Attorneys for Defendant Sunbeam Products, Inc.

Dated: July 25, 2013

HOMAMPOUR LAW FIRM

By: */s/ Arash Homampour*
Arash Homampour
Corey Arzoumanian
Attorneys for Plaintiffs
Kenneth Aaron Shinedling. Addison Leilani Shinedling, Alexia Celeste Shinedling and Ava Aren Shinedling

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC., a Delaware Corporation: COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive,<br><br>Defendants. | CASE NO. EDCV 12-00438-CJC (SPx)<br><br>**[DISCOVERY MATTER]**<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**<br><br>CTRM: 9B<br>JUDGE: Cormac J. Carney<br>MAGISTRATE: Sheri Pym<br><br>Disc cutoff: January 27, 2014<br>Pretrial Conf.: February 10, 2014<br>Trial: February 24, 2014 |

I, ________________________________, being duly sworn, state that:

1. My address is ______________________________________________.

2. My present employer is ____________________________ and the address of my present employment is _____________________________________.

3. My present occupation or job description is _______________________.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:_______________ ___________________________________________

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4041 MacArthur Blvd., Suite 300, Newport Beach, CA 92660.

On July 25, 2013, I served, in the manner indicated below, the foregoing document described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action by:

***See Attached Service List***

☐ REGULAR MAIL: placing true copies thereof, enclosed in sealed envelope and I caused such envelopes to be deposited in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. 5(b)(2)(C)).

☐ PERSONAL SERVICE: by placing true copies thereof enclosed in a sealed envelope and I provided such envelope to OC CORP instructing them to leave it at the addressee's office, identified above, with a clerk or other person in charge, or if no one is in charge, in a conspicuous place in the office of the addressee. (F.R.C.P. 5(b)(2)(b)(i)).

☐ FACSIMILE: by placing true copies thereof, on facsimile and transmitting to a facsimile machine maintained by the addressee (F.R.C.P. 5(b)(2)(F)

☐ FEDERAL EXPRESS: by placing true copies thereof, enclosed in sealed envelope and I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees (F.R.C.P. 5(b)(2)(F)).

☒ ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties, to the email addresses listed above. (F.R.C.P. 5(b)(2)(E)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 26, 2013, at Newport Beach, California.

/s/
Katryn F. Smith

SERVICE LIST

| | |
|---|---|
| Arash Homampour<br>Corey Arzoumanian<br>Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403 | Attorneys for Kenneth Aaron Shinedling<br><br>Telephone: (323) 658-8077<br>Facsimile: (323) 658-8477<br>E-mail: arash@homampour.com |
| David J. O'Connell<br>Wiedner and McAuliffe Ltd.<br>One North Franklin, Suite 1900<br>Chicago, IL 60606-3401 | Attorneys for Sunbeam Products Inc. a Delaware Corporation<br><br>Telephone: (312)855-1105<br>Facsimile: (312) 855-1792<br>E-mail: djoconnell@wmlaw.com |

HEWITT WOLENSKY McNULTY & HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050