THE HOMAMPOUR LAW FIRM, PC
ARASH HOMAMPOUR (State Bar No. 165407)
arash@homampour.com
COREY ARZOUMANIAN (State Bar No. 278035)
corey@homampour.com
15303 Ventura Boulevard, Suite 1000
Sherman Oaks, California 91403
Phone:(323) 658-8077 | Fax:(323) 658-8477

Attorneys for Plaintiffs KENNETH AARON SHINEDLING, ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING,<br><br>Plaintiffs,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC., a Delaware Corporation; COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive<br><br>Defendants. | CASE NO: EDCV 12-438 CJC (SPx)<br><br>**PLAINTIFF KENNETH AARON SHINEDLING'S FIRST SET OF INTERROGATORIES TO DEFENDANT SUNBEAM** |

PROPOUNDING PARTY:   Plaintiff KENNETH AARON SHINEDLING

RESPONDING PARTY:    Defendant SUNBEAM PRODUCTS, INC.

SET NO.:             One (1)

Plaintiff requests that Defendant SUNBEAM PRODUCTS, INC. (hereinafter referred to as "YOU" or "YOUR") respond to the following Interrogatories under oath within thirty (30) days after service hereof pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure.

*Plaintiff KA Shinedling's First Set of Interrogatories to Defendant Sunbeam - Page 1*

Exhibit A - 000006

**INTERROGATORIES**

1. IDENTIFY each denial of a material allegation and each special or affirmative defense in your pleadings which state that YOU are not responsible for the fire involved in the INCIDENT and for each: (a) state all facts upon which you base the denial or special or affirmative defense; (b) state the names, home and work address, including the city, state, and zip code, and cellular telephone number, and email address of all PERSONS who have knowledge of those facts; and (c) IDENTIFY all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, home and work address, including the city, state, and zip code, and cellular telephone number, and email address of the PERSON who has each DOCUMENT. (The term "IDENTIFY" in regard to a DOCUMENT means to describe it in sufficient detail so that it may be specified in a request for production of documents or in a subpoena duces tecum. The term "IDENTIFY" in regard to a PERSON means to provide their name and present work address in sufficient detail so that he or she may be specified in a deposition subpoena. The term "DOCUMENT" means and includes all media on which information is recorded or stored, including, **electronically-stored information**, files, writings, drawings, graphs, charts, photographs, audio and video recordings, microfilm, images, data, data compilations, emails, includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained. The terms "PERSON" or "PERSONS" as used herein shall mean any natural person, corporation, partnership, association, venture, limited liability company, firm or other business enterprise or legal entity. The term "INCIDENT" refers to the entire events that occurred on January 5, 2011 at 8270 Sky Line Dr., Pinon Hills, California 92397 when YOUR SUBJECT HEATER and/or its component parts failed causing a fire which resulted the destruction of PLAINTIFFS home and death to the DECEDENT. The term "PLAINTIFFS" as used herein refers to Plaintiffs KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING. The terms YOU and YOUR as used

herein shall mean and include Defendant SUNBEAM PRODUCTS, INC., a Delaware Corporation and any and all PERSONS acting or purporting to act on YOUR behalf including, but not limited to, YOUR insurer, attorneys, investigators, experts, employees, agents, officers, directors, partners, managers, members and shareholders and any related and/or predecessor entities including formerly known as Holmes Group, as American Household, Inc., as Sunbeam Products, Inc. as Sunbeam-Oster, and successor entities including, Patton, Holmes, Sunbeam. The term "SUBJECT HEATER" as used herein refers to what is believed to be a Holmes Tower Quartz Space Heater which is the subject of this litigation)

2. Please state what YOU contend caused the INCIDENT and the death of the DECEDENT. (The term "DECEDENT" as used herein shall mean AMY CELESTE SHINEDLING wife of KENNETH AARON SHINEDLING and mother to and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING)

3. Please state all recalls (including both announced and silent recalls) that relate to any of YOUR HOME HEATER(S) including but not limited to the SUBJECT HEATER. (The term "HOME HEATER" refers to any type of home heater made by YOU and includes, but is not limited to, Holmes Quartz, Ceramic, Convection or Radiant Heaters.)

4. IDENTIFY each and every insurance policy and insurance company that has insured YOU from the date the YOU first manufactured the SUBJECT HEATER model to the present, which may provide YOU with coverage for the claims in the Plaintiffs' Complaint filed by Plaintiffs or which cover the INCIDENT, including, but not limited to, commercial, excess coverage, or umbrella policies and including the entire policy, riders and declaration pages, including the name, address and telephone number of the insurance company and YOUR policy number.

5. IDENTIFY each and every PERSON who has reported and/or made a complaint to YOU, and/or who claims (including warranty claims and notice of defect) to have been injured to their person or have suffered damage to their property by a HOME HEATER due to a fire hazard, by stating each PERSON'S full name, home and work address, home, work, and cellular telephone number, and email address.

6. IDENTIFY any and all lawsuits filed against YOU wherein it was alleged that YOUR breach of warranty (including both expressed or implied) caused someone caused injury to their person or property relating to a HOME HEATER due to a fire hazard by stating the name, address and telephone number of the Plaintiff; the name, address and telephone number of the Plaintiff's attorneys; the name, address and telephone number of the Courthouse where the lawsuit was filed; the case number of the lawsuit; the caption of the lawsuit; the date of the lawsuit; and the year, model, and type of the appliance involved.

7. IDENTIFY any and all lawsuits filed against YOU are liable for wrongful death relating to a HOME HEATER, due to a fire hazard by stating the name, address and telephone number of the Plaintiff; the name, address and telephone number of the Plaintiff's attorneys; the name, address and telephone number of the Courthouse where the lawsuit was filed; the case number of the lawsuit; the caption of the lawsuit; the date of the lawsuit; and the year, model, and type of the appliance involved.

8. IDENTIFY any and all lawsuits filed against YOU wherein it was alleged that a HOME HEATER failed and caused injury to their person or property due to a fire hazard by stating the name, address and telephone number of the Plaintiff; the name, address and telephone number of the Plaintiff's attorneys; the name, address and telephone number of the Courthouse where the lawsuit was filed; the case number of the lawsuit; the caption of the lawsuit; the date of the lawsuit; and the year, model, and type of the appliance involved.

9. IDENTIFY each PERSON that designed and/or manufactured each COMPONENT in the SUBJECT HEATER by stating their full legal name, country and state of incorporation (if entity), last known address, and last known phone numbers (home, work and cell), website and email. (The term COMPONENT(S) refers to each separate uniquely identifiable part, assembly or subassembly that performs a distinctive and necessary separate function in the operation of in the SUBJECT HEATER.)

\ \ \

\ \ \

\ \ \

10. Please detail all built-in safety measures (including an exact description of how these alleged safety measure operates) if any, YOU added to any of YOUR HOME HEATER(S) including but not limited to the SUBJECT HEATER to protect consumers from a fire hazard or potential fire hazard.

11. IDENTIFY, including the supporting facts and results of, each and every analysis, assessment, evaluation, examination, inspection, investigation, TEST, or DOCUMENT, which show YOU have conducted, have been conducted on YOUR behalf, to determine what built in safety measure, if any YOU could have added to the SUBJECT HEATER to prevent the foreseeable dangers of posing a fire hazard to consumers. (The terms "TEST" or "TESTING" includes, but is not limited to, experiments, testing involving safe distances for combustible material to be keep away from a heater, as well as abuse, stability, misuse or immunity, susceptibility, tests, computer simulations, animations and modeling.)

12. IDENTIFY, including the supporting facts and results of, each and every analysis, assessment, evaluation, examination, inspection, investigation, TEST, or DOCUMENT, which show YOU have conducted, have been conducted on YOUR behalf, which establish the leading factors contributing to ignition in homes within the USA with heating equipment associated fire deaths.

13. IDENTIFY and describe all COMMUNICATIONS (including before and after the INCIDENT) with anyone (including but not limited to the) U.S. Consumer Product Safety Commission which relate in any way to any HOME HEATER due to a fire hazard, which was designed, manufactured, or distributed by YOU, by setting forth the full name, address and phone numbers of the PERSON(s) making the communication or claim, the full name, address and phone numbers of the PERSON(s) receiving the communication or claim, the date of the communication, the method of communication (e.g. phone, email, letter, etc.), the model and year of the HOME HEATER involved, the date of the incident, the location of the incident, the title and case number of the action, the complete name and address of the court involved, and the full name, address and telephone number of the attorney for the plaintiff in each action.

14. IDENTIFY and describe all actions YOU took in response to all COMMUNICATIONS (including before and after the INCIDENT) with anyone including but not limited to the consumers who filed reports with the U.S. Consumer Product Safety Commission which relate in any way to any HOME HEATER due to a fire hazard, which was designed, manufactured, or distributed by YOU by setting forth the full name, address and phone numbers of the PERSON(s) making the communication or claim, the full name, address and phone numbers of the PERSON(s) receiving the communication or claim, the date of the communication, the method of communication (e.g. phone, email, letter, etc.), the model and year of the HOME HEATER involved, the date of the incident, the location of the incident, the title and case number of the action, the complete name and address of the court involved, and the full name, address and telephone number of the attorney for the plaintiff in each action.

15. Please state all changes YOU made to any HOME HEATER after YOUR products were identified by the U.S. Consumer Product Safety Commission as a possible fire hazard.

16. Please state all substantially similar COMPONENT(S) including the part name and part number contained in any of YOUR products identified by the U.S. Consumer Product Safety Commission as a possible fire hazard.

17. Please state each PERSON that designed and/or manufactured all substantially similar COMPONENT(S) contained in any of YOUR products identified by the U.S. Consumer Product Safety Commission as a possible fire hazard including their full legal name, country and state of incorporation (if entity), last known address, and last known phone numbers (home, work and cell), website and email.

18. Please state any warnings, written instructions, disclaimers, limitations or exclusions of warranty concerning the quality, use or benefits of the SUBJECT HEATER, including the specific language of the warning, written instructions, disclaimer, limitation or exclusion of warranty installed and provided with the SUBJECT HEATER which provided sufficient warnings to the subject user on the dangers associated with the SUBJECT HEATER.

\ \ \

19. IDENTIFY YOUR per unit cost as of today for one HOLMES QUARTZ TOWER HEATER. (The term "HOLMES QUARTZ TOWER HEATER" refers to model No. HQH307.)

20. IDENTIFY YOUR total units of the HOLMES QUARTZ TOWER HEATER model manufactured and sold from the time it was first manufactured to the present.

21. Please state all subsequent changes YOU made to YOUR HOLMES QUARTZ TOWER HEATER after the release of the SUBJECT HEATER, including improvements to safety, to ensure that the SUBJECT HEATER would turn off to prevent the foreseeable dangers of overheating, posing a fire hazard to consumers, or would alarm and warn consumers of a fire hazard or potential fire hazard including improvements to warnings.

22. Please state what other heater manufacturers provide for safety, if YOU are aware, to ensure that their heaters would turn off to prevent the foreseeable dangers of overheating, posing a fire hazard to consumers, or would alarm and warn consumers of a fire hazard or potential fire hazard including their warnings.

23. IDENTIFY each and every analysis, assessment, evaluation, examination, inspection, investigation, TEST, or DOCUMENT, which show YOU have conducted, have been conducted on YOUR behalf, which support your contention, if it so, "that consumers should keep combustible materials such as a furniture, pillows, bedding, papers clothes and curtains at least three (3) feet away from the front of the heater."

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

24. IDENTIFY each and every analysis, assessment, evaluation, examination, inspection, investigation, TEST, or DOCUMENT, which show YOU have conducted, have been conducted on YOUR behalf, which show combustible materials such as furniture, pillows, bedding, papers clothes and curtains both actually igniting and/ or smoldering within three (3) feet away from the front of the heater."

Dated:   April 2, 2013

THE HOMAMPOUR LAW FIRM
A Professional Law Corporation

By: _____
Arash Homampour,
Corey Arzoumanian,
Attorneys for Plaintiffs
Kenneth Aaron Shinedling, individually and as guardian ad litem for Addison Leilani Shinedling, Alexia Celeste Shinedling, and Ava Aren Shinedling

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California. My business address is 15303 Ventura Boulevard, Suite 1000, Sherman Oaks, California 91403.

On April 2, 2013, I served the following document(s) described as **PLAINTIFF KENNETH AARON SHINEDLING'S FIRST SET OF INTERROGATORIES TO DEFENDANT SUNBEAM** on the interested parties in said action, by placing the ☐ original to the propounding party /☒ a true copy thereof to all other parties enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid.

☑ **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses on April 2, 2013. I placed the envelope or package for collection and overnight delivery at an office or a regular utilized drop box of the overnight delivery carrier.

☐ **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission. I faxed the documents to the persons at the fax numbers listed on April 2, 2013. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **BY ELECTRONIC SERVICE (EMAIL):** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed on April 2, 2013

☒ **FEDERAL:** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 2, 2013 at Sherman Oaks, California.

CAROLINA ALMENAR

Exhibit A - 000014

**SERVICE LIST**
***Shinedling v. Holmes***
SBSC Case No. CIVVS1106075
(as of April 2, 2013)

| | | |
|---|---|---|
| **David O'Connell, Esq.**<br>**WIEDNER & MC AULIFFE, LTD**<br>One N. Franklin St., #1900<br>Chicago, IL 60606<br>Fax: (312) 855-1792<br>Email: djoconnell@wmlaw.com | ☒ | *Attorney for Defendant Sunbeam Products, Inc.* |
| **Elizabeth V. McNulty, Esq.**<br>**Hewitt Wolensky, LLP**<br>4041 MacArthur Blvd., Suite 300<br>Newport Beach, CA 92660<br>Fax: (949) 783-5051 | ☑ | *Attorneys for Defendant Sunbeam Products, Inc.* |





**Next Day Overnite -- P**

**Zone:** 100

**Bill To:** 32259      **Date:** 4/2/2013
**From:** Angie Garcia
The Homampour Law Firm
15303 Ventura Blvd.
Ste:1000
Sherman Oaks , CA 91403
3236588077

Billing Reference: 945

**To:** Elizabeth V. McNulty, Esq
Hewitt Wolensky LLP
4041 MacArthur Blvd.
Ste:300
Newport Beach , CA 92660
3236588077



SPECIAL INSTRUCTIONS:

**Number of Pieces: 1**

**OVERNITE**

Please fold this page in half and place it in the pouch on your ship form. Only one copy is required by Norco Overnite.
WARNING: Use only the printed label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with cancellation of your Norco Overnite account or OverniteShip Online Profile. Shipments with invalid account or credit card numbers will not be delivered.

**Exhibit A - 000016**