1   Gary A. Wolensky (#154041)
    gwolensky@hewittwolensky.com
2   Elizabeth V. McNulty (#192455)
    emcnulty@hewittwolensky.com
3   Cyrus Wilkes (#259625)
    cwilkes@hewittwolensky.com
    HEWITT WOLENSKY LLP
4   4041 MacArthur Blvd., Suite 300
5   Newport Beach, CA 92660
    Telephone: (949) 783-5050
6   Facsimile: (949) 783-5051

7   David J. O'Connell (*Pro Hac Vice*)
    djoconnell@wmlaw.com
8   Wiedner and McAuliffe Ltd.
    One North Franklin, Suite 1900
9   Chicago, IL 60606-3401
    Telephone: (312)855-1105
10  Facsimile:  (312) 855-1792

11
    Attorneys for Defendant
12  Sunbeam Products, Inc.

13              UNITED STATE DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                  SOUTHERN DIVISION

16  KENNETH AARON SHINEDLING        CASE NO. EDCV 12-00438-CJC (SPx)
17  and ADDISON LEILANI
    SHINEDLING, ALEXIA CELESTE
18  SHINEDLING, and AVA AREN        **DEFENDANT SUNBEAM**
    SHINEDLING by and through their  **PRODUCTS, INC.'S RESPONSES TO**
19  guardian ad litem, KENNETH AARON **PLAINTIFF KENNETH AARON**
    SHINEDLING,                     **SHINEDLING'S REQUEST FOR**
20                                  **PRODUCTION**
                  Plaintiffs,
21
    vs.
22
                                    CTRM:           9B
23  SUNBEAM PRODUCTS, INC., a       JUDGE:          Cormac J. Carney
    Delaware Corporation: COUNTY OF MAGISTRATE:     Sheri Pym
24  SAN BERNARDINO; PHELAN
    PINON HILLS COMMUNITY           DATE OF FILING : December 15, 2011
25  SERVICES DISTRICT; and DOES 1   TRIAL DATE:     November 5, 2013
    through 90, inclusive,
26
                  Defendants.
27
28  ///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1  PROPOUNDING PARTY:        Plaintiff Kenneth Aaron Shinedling

2  RESPONDING PARTY:         Defendant Sunbeam Products, Inc.

3  SET NUMBER:               One

4

5       NOW COMES the Defendant, Sunbeam Products, Inc., ("Sunbeam")

6  pursuant to Rule 34 of the Federal Rules of Civil Procedure in response to

7  Plaintiffs; First Request for Production, responds as follows:

8                    **GENERAL OBJECTIONS**

9       Sunbeam makes the following general objections to Plaintiff's Request for

10  Production, Set One and incorporates these objections, as applicable, into the

11  responses that follow:

12       1.    To the extent that a Request requires Sunbeam to respond on behalf of

13  entities other than itself, or on behalf of agents or employees of other entities,

14  Sunbeam objects because such Requests are overly broad, unduly burdensome and

15  beyond the scope of permissible discovery. Accordingly, Sunbeam construed these

16  Requests to refer only to Sunbeam, and Sunbeam makes these responses solely on

17  behalf of Sunbeam.

18       2.    Sunbeam objects to Plaintiff's definition of "documents/electronically

19  stored information because it is overly broad, unduly burdensome, oppressive, and

20  seeks information and/or documents that are neither relevant nor reasonably

21  calculated to lead to the discovery of admissible evidence. Sunbeam further objects

22  to the definition to the extent Plaintiff seeks documents and/or information

23  protected by the attorney-client privilege and/or the attorney work product doctrine.

24       3.    Sunbeam objects to Plaintiff's definition of "persons" because it is

25  overly broad, unduly burdensome, oppressive, and seeks information and/or

26  documents that are neither relevant nor reasonably calculated to lead to the

27  discovery of admissible evidence.

28       4.    Sunbeam objects to Plaintiff's definition of "test" and "tests" because

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

Exhibit F - 000083

1    it is vague, ambiguous, overly broad, and seeks information and/or documents that

2    are neither relevant nor reasonably calculated to lead to the discovery of admissible

3    evidence. Sunbeam further objects to the definition to the extent Plaintiff seeks

4    information and/or documents protected by the attorney-client privilege and/or the

5    attorney work product doctrine.

6         5.    Sunbeam objects to Plaintiff's definition of "communication" and

7    "communications" because it is overly broad, unduly burdensome, oppressive, and

8    seeks information and/or documents that are neither relevant nor reasonably

9    calculated to lead to the discovery of admissible evidence. Sunbeam further

10   objects to the definition to the extent Plaintiff seeks information and/or documents

11   protected by the attorney-client privilege and/or the attorney work product

12   doctrine.

13        6.    Sunbeam objects to the Instructions in Plaintiff's Requests, to the

14   extent that it goes beyond the requirements and obligations imposed by the Federal

15   Rules of Civil Procedure. Furthermore, as Plaintiff's Requests are vague,

16   ambiguous, overly broad and burdensome, in many instances, it is neither possible

17   nor reasonable for Sunbeam to determine whether documents protected by the

18   attorney-client privilege or the attorney work doctrine are being requested. For the

19   same reason, at this time, and as phrased, it is not possible nor is it proper under the

20   Federal Rules of Civil Procedure for Sunbeam to provide a specific description of

21   the documents sought in those instances.

22        7.    Sunbeam also objects to the extent these Requests seek confidential

23   and proprietary documents. Sunbeam will produce such relevant, confidential

24   documents pursuant to the entry of the agreed-upon protective order.

25   ///

26   ///

27   ///

28   ///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

- 3 -

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that reflect, evidence or refer to a statement taken by any party, PERSON and/or witness to the incidents referred to in the Plaintiff's Complaint or from any PERSONS with knowledge of relevant facts regarding the incidents referred to in the Plaintiffs' Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is overly broad and seeks information protected by the attorney work product doctrine. Without waiving these objections, see defendant's initial disclosures.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that refer to a statement taken by any party and/or witness who would support YOUR denial of any allegation of Plaintiffs' Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See Response to Interrogatory No. 1. In addition, see all documents produced by subpoenas from responding non-parties.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION identified in YOUR response to Plaintiff, Kenneth Aaron Shinedling's first set of special interrogatories served concurrently with this request for production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See documents produced.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENT/S/ELECTRONICALLY STORED INFORMATION identified in YOUR response to Plaintiff Addison Leilani

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000085**

1 | Shinedling's first set for special interrogatories served concurrently with this
2 | request for production.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

4 | See documents produced.

5 | **REQUEST FOR PRODUCTION NO. 5:**

6 | Any and all photographs, video tapes, motions pictures, or slides (in their
7 | native format, e.g. actual digital files) that depict the DECEDENT, the Plaintiffs,
8 | the INCIDENT, the location of the INCIDENT or the SUBJECT HEATER.

9 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10 | Copies of all photographs from defendant's scene and evidence examinations
11 | have already been produced; investigation continues.

12 | **REQUEST FOR PRODUCTION NO. 6:**

13 | Any and all DOCUMENT/S/ELECTRONICALLY STORED
14 | INFORMATION that support YOUR contention, if so that YOU are not
15 | responsible for the death of the DECEDENT.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

17 | Objection. This request is overly broad and vague. Without waiving these
18 | objections, see all documents produced by this defendant and subpoenaed from
19 | non-parties; investigation continues.

20 | **REQUEST FOR PRODUCTION NO. 7:**

21 | Excluding communications with YOUR attorneys, any and all
22 | DOCUMENTS/ELECTRONICALLY STORED INFORMATION evidencing
23 | COMMUNICATIONS, including memoranda or oral COMMUNICATIONS,
24 | between YOU and any other PERSON regarding the INCIDENT, DECEDENT,
25 | Plaintiffs, or the SUBJECT HEATER.

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

27 | Objection. This request is overly broad and vague and seeks information
28 | protected by the attorney work product doctrine. Without waiving these objections,

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

**Exhibit F - 000086**

1   none known; investigation continues.

2   **REQUEST FOR PRODUCTION NO. 8:**

3   Any and all DOCUMENT/S/ELECTRONICALLY STORED

4   INFORMATION that reflect all schematic diagrams, drawings, COMPONENT,

5   exploded view parts diagram or other pictorial representations of the SUBJECT

6   HEATER and HOLMES QUARTZ TOWER HEATER, including each

7   COMPONENT part name and part numbers.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

9   Objection.  This request is overly broad and unduly burdensome in that it

10  seeks information concerning products which are not the same or similar to the

11  subject product.  Without waiving these objections, attached are copies of the

12  schematic diagrams for the subject heater.

13  **REQUEST FOR PRODUCTION NO. 9:**

14  Any and all DOCUMENT/S/ELECTRONICALLY STORED

15  INFORMATION that support YOUR contention, if so that the INCIDENT did not

16  result from a defect of the SUBJECT HEATER.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18  Objection.  This request is overly broad and vague.  Further responding, no

19  person has ever identified any alleged "defect" in the subject heater.

20  **REQUEST FOR PRODUCTION NO. 10:**

21  Any and all DOCUMENT/S/ELECTRONICALLY STORED

22  INFORMATION that reflect each and every standard (whether industry,

23  governmental or private), order statute, ordinance, or other regulatory directive

24  which relate to design, manufacture and assembly of the SUBJECT HEATER.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

26  UL 1278 attached.  See also all other standards referred to therein.

27  **REQUEST FOR PRODUCTION NO. 11:**

28  Any and all DOCUMENT/S/ELECTRONICALLY STORED

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

- 6 -

Exhibit F - 000087

1  INFORMATION that reflect what YOU did to prevent and/or reduce a fire hazard

2  or potential fire hazard from occurring in the future in YOUR new HOME

3  HEATER(S) including but not limited to HOLMES QUARTZ TOWER HEATERS

4  designs after the design of the SUBJECT HEATER.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

6     Objection.  This request is vague, ambiguous and overly broad in time and

7  scope.  Further objecting, this request is vague and ambiguous due to the use of the

8  phrases "fire hazard" and "potential fire hazard" which have multiple meanings and

9  are undefined in this context. Further objecting, this request does not seek

10 information that will lead to admissible evidence.   Without waiving these

11 objections, the subject heater and subsequent Holmes quartz heaters have always

12 been designed, tested and manufactured to meet or exceed the nationally recognized

13 safety standard for electric room heaters, UL 1278.  Copies of the listing files for

14 UL and Interek for the subject heater will be produced.

15 **REQUEST FOR PRODUCTION NO. 12:**

16     Any    and    all    DOCUMENT/S/ELECTRONICALLY    STORED

17 INFORMATION that reflects what YOU did to prevent and/or reduce a fire hazard

18 or potential fire hazard from occurring in the future as to HOME HEATER(S)

19 already sold.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

21     See Objections and response to Request No. 11.

22 **REQUEST FOR PRODUCTION NO. 13:**

23     Any    and    all    DOCUMENT/S/ELECTRONICALLY    STORED

24 INFORMATION that reflect any warnings, written instructions, disclaimers,

25 limitations or exclusions of warranty concerning the quality, use or benefits of a

26 HOMES QUARTZ TOWER HEATER or that would be included with a HOLMES

27 QUARTZ TOWER HEATER at the time of purchase, including the specific

28 language of the warning, written instructions, disclaimers, limitation or exclusion of

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

- 7 -

**Exhibit F - 000088**

1   warranty installed and provided with a HOLMES QUARTZ TOWER HEATER.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

3       Objection.  This request is overly broad in time and scope and will not lead to

4   the discovery of admissible evidence.   Copies of all warnings, instructions and

5   warranty information concerning the subject product will be produced.

6   **REQUEST FOR PRODUCTION NO. 14:**

7       Any      and      all     DOCUMENT/S/ELECTRONICALLY      STORED

8   INFORMATION that reflect any warnings, written instructions, disclaimers,

9   limitations or exclusions of warranty concerning the quality, use or benefits of the

10  SUBJECT HEATER or that would be included with the SUBJECT HEATER at the

11  time of purchase, including the specific language of the warning, written

12  instructions, disclaimer, limitation or exclusion of warranty installed and provided

13  with the SUBJECT HEATER.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15      Objection.  This request is overly broad in time and scope and will not lead to

16  the discovery of admissible evidence.   Copies of all warnings, instructions and

17  warranty information concerning the subject product will be produced.

18  **REQUEST FOR PRODUCTION NO. 15:**

19      Any      and      all     DOCUMENT/S/ELECTRONICALLY      STORED

20  INFORMATION that reflects all proposed and/or implemented design changes to

21  any HOME HEATER designed, made, marketed or sold by YOU which addressed

22  the risk of fire.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

24      Objection.   This request is overly broad and unduly burdensome in that it

25  seeks information concerning products which are not the same or similar to the

26  subject product.   Without waiving these objections, engineering change notices

27  pertaining to the subject heater will be produced.

28  ///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

**Exhibit F - 000089**

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENT/S/ELECTRONICALLY STORED INFORMATION that reflect what YOU did in response to each and every PERSON who has reported, made a complaint to YOU, or who claims (including warranty claims and notice of defect) to have been injured to their protect their person or property to any HOME HEATER designed, made, marketed or sold by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection.  This request is overly broad and unduly burdensome in that it seeks information concerning products which are not the same or similar to the subject product.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENT/S/ELECTRONICALLY STORED INFORMATION that reflect the chain of custody of the SUBJECT HEATER from the date of manufacture to the date of the INCIDENT by identifying when the SUBJECT HEATER was first manufactured and then each PERSON that had possession of the SUBJECT HEATER before it was purchased by Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

This defendant is unable to trace the chain of custody of an individual product.  Attached is a manufacture list of products manufactured on the date code identified on the plug blade from the subject heater.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENT/S/ELECTRONICALLY STORED INFORMATION that reflect each and every patent that YOU have applied for, have been issued to YOU, have been assigned to YOU, for a method or device for improving the safety of a user to prevent the foreseeable danger of a fire hazard to consumers who use YOUR HOME HEATER.

///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

- 9 -

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

**Exhibit F - 000090**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This request is overly broad and unduly burdensome in that it seeks information concerning products which are not the same or similar to the subject product. Without waiving these objections, see United States Patent, Patent Number 5,761,377 dated June 2, 1998.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENT/S/ELECTRONICALLY STORED INFORMATION that reflect each and every patent that YOU have applied for, have been issued to YOU, have been assigned to YOU, for any HOME HEATER, for any OVERHEAT feature, or other safety feature (including but not limited to) Tip-over, Manual user reset, Cool-touch plastic housing, and Auto shut-off.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This request is overly broad and unduly burdensome in that it seeks information concerning products which are not the same or similar to the subject product. Without waiving these objections, see response to Production Request No. 18.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENT/S/ELECTRONICALLY STORED INFORMATION that reflect the identity of each PERSON (whether employed by YOU or not) that has communicated to YOU a method or device designed to prevent the foreseeable dangers of a fire hazard to consumers who a user YOUR HOME HEATER, (including but not limited to) Tip-over, Manual user reset, Cool-touch plastic housing, auto shut-off, and OVERHEAT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is vague, ambiguous and overly broad in time and scope in that is seeks information concerning products which are not the same or similar to the subject product. Without waiving these objections, none known.

///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000091**

1    **REQUEST FOR PRODUCTION NO. 21:**

2         Any     and     all     DOCUMENT/S/ELECTRONICALLY     STORED

3    INFORMATION which support YOUR contention, if so that DECEDENT or

4    PLAINTIFFS unreasonably misused the SUBJECT HEATER at the time of the

5    subject INCIDENT.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

7         Investigation continues.

8    **REQUEST FOR PRODUCTION NO. 22:**

9         Any     and     all     DOCUMENT/S/ELECTRONICALLY     STORED

10   INFORMATION that reflect the dimensions and weight of the SUBJECT

11   HEATER.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13        See schematics for the subject heater.

14   **REQUEST FOR PRODUCTION NO. 23:**

15        Any     and     all     DOCUMENT/S/ELECTRONICALLY     STORED

16   INFORMATION that reflect and/or evidence YOUR knowledge of the existence of

17   any defect in the SUBJECT HEATER prior to January 5, 2011.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

19        None known.

20   **REQUEST FOR PRODUCTION NO. 24:**

21        Any     and     all     DOCUMENT/S/ELECTRONICALLY     STORED

22   INFORMATION that reflect and/or evidence each change or modification in design

23   that was made in each and every subsequent model of the HOLMES QUARTZ

24   TOWER HEATER after the design of the SUBJECT HEATER.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

26        Engineering change notices will be produced.

27   **REQUEST FOR PRODUCTION NO. 25:**

28        Any     and     all     DOCUMENT/S/ELECTRONICALLY     STORED

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 390
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

- 11 -

Exhibit F - 000092

1  INFORMATION that reflect each and every fact that supports YOUR contention, if

2  so, that YOU are not responsible for the fire involved in the INCIDENT.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

4      Objection; overly broad and vague.   See all documents produced in

5  discovery as well as documents produced by the San Bernardino Sheriff

6  Department and Allstate Insurance Company through subpoena; investigation

7  continues.

8  **REQUEST FOR PRODUCTION NO. 26:**

9      Any    and    all    DOCUMENT/S/ELECTRONICALLY    STORED

10  INFORMATION that reflect what YOU contend was the cause of the INCIDENT.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

12      Objection; overly broad and vague.  See all documents produced in discovery

13  as well as documents produced by the San Bernardino Sheriff Department and

14  Allstate Insurance Company through subpoena; investigation continues.

15  **REQUEST FOR PRODUCTION NO. 27:**

16      Any    and    all    DOCUMENT/S/ELECTRONICALLY    STORED

17  INFORMATION that reflects what YOU contend was the cause of the death of the

18  DECEDENT.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

20      Objection; overly broad and vague.  See all documents produced in discovery

21  as well as documents produced by the San Bernardino Sheriff Department and

22  Allstate Insurance Company through subpoena; investigation continues.

23  **REQUEST FOR PRODUCTION NO. 28:**

24      Any    and    all    DOCUMENT/S/ELECTRONICALLY    STORED

25  INFORMATION that reflect all recalls (including both announced and silent

26  recalls) that related in any way to any HOME HEATER.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

28      Objection.  This request is vague, ambiguous and overly broad in time and

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000093**

1  scope in that is seeks information concerning products which are not the same or

2  similar to the subject product.    Without waiving these objections, the subject heater

3  was not subject to a recall.

4  **REQUEST FOR PRODUCTION NO. 29:**

5      Any    and    all    DOCUMENT/S/ELECTRONICALLY    STORED

6  INFORMATION that reflect each and every insurance company that has insured

7  YOU from the date that YOU first manufactured the SUBJECT HEATER model to

8  the present, which may provide YOU with coverage for the claims in the Plaintiff's

9  Complaint filed by Plaintiffs or which cover the INCIDENT, including the entire

10  policy, riders and declaration pages, including the name, address and telephone

11  number of the insurance company and YOUR policy number.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

13      Objection.  This request seeks information which is not calculated to lead to

14  the discovery of admissible evidence.  This defendant maintains a self-insured

15  retention of $5,000,000 for date of this occurrence.  An insurance declaration page

16  will be produced.

17  **REQUEST FOR PRODUCTION NO. 30:**

18      Any    and    all    DOCUMENT/S/ELECTRONICALLY    STORED

19  INFORMATION that reflects each and every claim a PERSON whether reported to

20  YOU, filed a lawsuit against YOU, made a complaint to YOU, or who claims

21  (including warranty claims and notice of defects) to have been injured to their

22  person or property by a HOME HEATER due to a fire hazard.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

24      Objection.  This request is vague, ambiguous and overly broad in time and

25  scope in that is seeks information concerning products which are not the same or

26  similar to the subject product.

27      Without waiving these objections, see information contained in the attached

28  correspondence to the Consumer Product Safety Commission (CPSC); investigation

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5950

45517

- 13 -

SUNBEAM'S RESPONSE TO
KENNETH SHINDLING'S RFPS

Exhibit F - 000094

1 continues.

2 **REQUEST FOR PRODUCTION NO. 31:**

3   Any and all DOCUMENT/S/ELECTRONICALLY STORED

4 INFORMATION that reflect the name, address and telephone number of the

5 Plaintiff; the name, address and telephone number of the Plaintiff's attorneys; the

6 name, address of the lawsuit; the caption of the lawsuit; the date of the lawsuit; and

7 the year, model, and type of the appliance involved) any and all lawsuits filed

8 against YOU wherein it was alleged that YOUR breach of warranty (including both

9 expressed or implied) caused someone injury to their person or property by a

10 HOME HEATER due to a fire hazard.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

12   Objection.  This request is vague, ambiguous and overly broad in time and

13 scope in that is seeks information concerning products which are not the same or

14 similar to the subject product.

15   Without waiving these objections, see information contained in the attached

16 correspondence to the Consumer Product Safety Commission (CPSC); investigation

17 continues.

18 **REQUEST FOR PRODUCTION NO. 32:**

19   Any and all DOCUMENT/S/ELECTRONICALLY STORED

20 INFORMATION that reflect the name, address and telephone number of the

21 Plaintiff; the name, address and telephone number of the Plaintiff's attorneys; the

22 name, address and telephone number of the Courthouse where the lawsuit was filed;

23 the case number of the lawsuit; the caption of the lawsuit; the date of the lawsuit;

24 the year, model, and type of the appliance involved, any and all lawsuits filed

25 against YOU are liable for wrongful death relating to a HOME HEATER due to a

26 fire hazard.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

28   Objection.  This request is vague, ambiguous and overly broad in time and

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

- 14 -

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

**Exhibit F - 000095**

1 scope in that is seeks information concerning products which are not the same or

2 similar to the subject product.

3     Without waiving these objections, see information contained in the attached

4 correspondence to the Consumer Product Safety Commission (CPSC); investigation

5 continues.

6 **REQUEST FOR PRODUCTION NO. 33:**

7     Any and all DOCUMENT/S/ELECTRONICALLY STORED

8 INFORMATION that reflect the name, address and telephone number of the

9 Plaintiff; the name, address and telephone number of the Plaintiff's attorneys; the

10 name, address and telephone number of the Courthouse where the lawsuit was filed;

11 the case number of the lawsuit; the caption of the lawsuit; the date of the lawsuit;

12 and the year, model, and type of the appliance involved) any and all lawsuits filed

13 against YOU wherein it was alleged that HOME HEATER failed and caused injury

14 to their person or property due to a fire hazard.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

16     Objection. This request is vague, ambiguous and overly broad in time and

17 scope in that is seeks information concerning products which are not the same or

18 similar to the subject product.

19     Without waiving these objections, see information contained in the attached

20 correspondence to the Consumer Product Safety Commission (CPSC); investigation

21 continues.

22 **REQUEST FOR PRODUCTION NO. 34:**

23     Any and all DOCUMENTS/ELECTRONICALLY STORED

24 INFORMATION that reflect the IDENTITY of each PERSON that designed and/or

25 manufactured each COMPONENT(S) in the SUBJECT HEATER by stating their

26 full legal name, country and state of incorporation (if entity), last known address,

27 and last known phone numbers (home, work and cell), website and email.

28 ///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000096**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This request is vague, ambiguous and overly broad in time and scope. Further objecting, this request seeks information which will not lead to admissible evidence. Without waiving these objections, see UL and Intertek listing reports identify the product components and suppliers.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that reflect all built in safety measures (including an exact description of how theses alleged safety measure operated) if any, YOU added to any of YOUR HOME HEATER(S) including but not limited to the SUBJECT HEATER to protect consumers from a fire hazard or potential fire hazard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. This request is vague, ambiguous and overly broad in time and scope. Further objecting, this request seeks information concerning products which are not the same or similar to the subject product and, consequently, will not lead to admissible evidence. Without waiving these objections, see UL and Intertek listing reports, box art, instructions and warnings; investigation continues.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that reflect each and every analysis, assessment, evaluation, examination, inspection, investigation, TEST, or DOCUMENT, which show YOU have conducted, have been conducted on YOUR behalf, to determine what built in safety measure, if any YOU could have added to the SUBJECT HEATER to prevent the foreseeable dangers of posing a fire hazard to consumers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. This request is vague, ambiguous and overly broad in time and scope. Further objecting, this request is vague, ambiguous and overly broad due to the use of the "phrase foreseeable dangers of posing a fire hazard to consumers"

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

1   which has multiple meanings and is undefined in this context.  Further objecting,

2   this request seeks information which will not lead to admissible evidence.  Without

3   waiving these objections, the subject heater was designed, tested and manufactured

4   to meet or exceed the nationally recognized safety standard for electric room

5   heaters, UL 1278, and all other standards referred to therein.  See UL and Intertek

6   listing files.

7   **REQUEST FOR PRODUCTION NO. 37:**

8   Any and all DOCUMENTS/ELECTRONICALLY STORED

9   INFORMATION that reflect each and every analysis, assessment, evaluation,

10   examination, inspection, investigation, TEST, or DOCUMENT, which show YOU

11   have conducted, have been conducted on YOUR behalf, which establish the leading

12   factors contributing to ignition in homes within the USA with heating equipment

13   associated fire deaths.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

15   Objection.  This request is vague, ambiguous and overly broad in time and

16   scope.  Further objecting, this request seeks information which will not lead to

17   admissible evidence.  Without waiving these objections, this defendant has not

18   conducted any independent studies concerning "leading factors contributing to

19   ignition in homes" but is aware that other independent bodies have conducted such

20   research and this materially is equally available to all parties through independent

21   sources.

22   **REQUEST FOR PRODUCTION NO. 38:**

23   Any and all DOCUMENTS/ELECTRONICALLY STORED

24   INFORMATION that reflect all COMMUNICATIONS (including before and after

25   the INCIDENT) with anyone (including but not limited to the) U.S. Consumer

26   Product Safety Commission which relate in any way to any HOME HEATER due

27   to a fire hazard, which was designed, manufactured, or distributed by YOU,

28   including the full name, address and phone numbers of the PERSON(s) making the

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000098**

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 390
Newport Beach, California 92660
(949) 783-5050

COMMUNICATION or claim, the full name, address and phone numbers of the PERSON(s) making the COMMUNICATION or claim, the full name, address and phone numbers of the PERSON(s) receiving the COMMUNICATION or claim, the date of the COMMUNICATION, the method of COMMUNICATION (e.g. phone, email, letter, etc.) , the model and year of the HOME HEATER involved, the date of the incident, the location of the incident, the title and case number of the action, the complete name and address of the court involved, and the full name, address and telephone number of the attorney for the plaintiff in each action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 384:**

Objection. This request is vague, ambiguous and overly broad in time and scope. Further objecting, this request seeks information concerning products which are not the same or similar to the subject product and, consequently, will not lead to admissible evidence. Without waiving these objections, see attached correspondence.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that reflect all actions YOU took in response to all COMMUNICATIONS (including before and after the INCIDENT) with anyone (including but not limited to the) consumers who filed reports with the U.S. Consumer Product Safety Commission which relate in any way to any HOME HEATER due to a fire hazard, which was designed, manufactured, or distributed by YOU including the full name, address and phone numbers of the PERSON(s) making the COMMUNICATION or claim, the full name, address and phone numbers of the PERSON(s) receiving the COMMUNICATION or claim, the date of the COMMUNICATION, the method of COMMUNICATION (e.g. phone, email, letter, etc.), the model and year of the HOME HEATER involved, the date of the incident, the location of the incident, the title and case number of the action, the complete name and address of the court involved, and the full name, address and

1  telephone number of the attorney for the plaintiff in each action.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

3  Objection.  This request is vague, ambiguous and overly broad in time and

4  scope.  Further objecting, this request seeks information concerning products which

5  are not the same or similar to the subject product and, consequently, will not lead to

6  admissible evidence.

7  **REQUEST FOR PRODUCTION NO. 40:**

8  Any   and   all   DOCUMENTS/ELECTRONICALLY   STORED

9  INFORMATION that reflects changes YOU made to any HOME HEATER after

10  YOUR products were identified by the U.S. Consumer Product Safety Commission

11  as a possible fire hazard.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

13  Objection.  This request is vague, ambiguous and overly broad in time and

14  scope.  Further objecting, this request seeks information concerning products which

15  are not the same or similar to the subject product and, consequently, will not lead to

16  admissible  evidence.      Without  waiving  these  objections,  the  CPSC  never

17  identified the subject heater as a possible fire hazard.

18  **REQUEST FOR PRODUCTION NO. 41:**

19  Any   and   all   DOCUMENTS/ELECTRONICALLY   STORED

20  INFORMATION that reflect substantially similar COMPONENT(S) including the

21  part name and part number, number contained in the SUBJECT HEATER with any

22  of YOUR products identified by the U.S. Consumer Product Safety Commission as

23  a possible fire hazard.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

25  Objection.  This request is vague, ambiguous and overly broad in time and

26  scope.  Further objecting, this request seeks information concerning products which

27  are not the same or similar to the subject product and, consequently, will not lead to

28  admissible evidence.  Without waiving these objections, the CPSC never identified

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000100**

1   the subject heater as a possible fire hazard.

2   **REQUEST FOR PRODUCTION NO. 42:**

3   Any and all DOCUMENTS/ELECTRONICALLY STORED

4   INFORMATION that reflect any warnings, written instructions, disclaimers,

5   limitations or exclusions of warranty concerning the quality, use or benefits of the

6   SUBJECT HEATER, including the specific language of the warning, written

7   instructions, disclaimer, limitation or exclusion of warranty installed and provided

8   with the SUBJECT HEATER which provided sufficient warnings to the subject

9   user on the dangers associated with the SUBJECT HEATER.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

11  Copies of all warnings, written instructions, warranty information and box art

12  for the subject product will be produced.

13  **REQUEST FOR PRODUCTION NO. 43:**

14  Any and all DOCUMENTS/ELECTRONICALLY STORED

15  INFORMATION that reflect YOUR per unit cost for one SUBJECT HEATER, at

16  the time of manufacture and the per unit cost today for one HOLMES QUARTZ

17  TOWER HEATER.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19  Cost of bills of materials for the subject product will be produced.

20  **REQUEST FOR PRODUCTION NO. 44:**

21  Any and all DOCUMENTS/ELECTRONICALLY STORED

22  INFORMATION that reflect YOUR total units of the SUBJECT HEATER model

23  manufactured and sold, from the beginning of manufacture through today.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

25  Manufacturing records for the subject product will be produced.

26  **REQUEST FOR PRODUCTION NO. 45:**

27  Any and all DOCUMENTS/ELECTRONICALLY STORED

28  INFORMATION that reflect all subsequent changes YOU made to YOUR

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000101**

1   HOLMES QUARTZ TOWER HEATER after the release of the SUBJECT

2   HEATER, including improvements to safety to ensure that the SUBJECT HEATER

3   would turn off to prevent to foreseeable dangers of overheating, posing a fire

4   hazard to consumers, or would alarm and warn consumers of a fire hazard or

5   potential fire hazard including improvements to warnings.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

7   Objection. This request is vague, ambiguous and overly broad in time and

8   scope. Further objecting, this request seeks information which will not lead to

9   admissible evidence. Without waiving these objections, copies of the engineering

10  change notices pertaining to the subject heater will be produced. In addition, see

11  Interk listing report.

12  **REQUEST FOR PRODUCTION NO. 46:**

13  Any and all DOCUMENTS/ELECTRONICALLY STORED

14  INFORMATION that reflect what other heater manufacturers provide for safety, to

15  ensure that their heaters would turn off to prevent the foreseeable dangers of

16  overheating, posing a fire hazard to consumers, or would alarm and warn

17  consumers of a fire hazard or potential fire hazard including their warnings

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19  Objection. This request is vague, ambiguous and overly broad in time and

20  scope. Further objecting, this request seeks information which will not lead to

21  admissible evidence. None in this defendant's possession. Further responding, the

22  information sought in this request is equally available to plaintiff from independent

23  sources.

24  **REQUEST FOR PRODUCTION NO. 47:**

25  Any and all DOCUMENTS/ELECTRONICALLY STORED

26  INFORMATION that reflect, including the results of, each and every analysis,

27  assessment, evaluation, examination, inspection, investigation, TEST, or

28  DOCUMENT, which show YOU have conducted, have been conducted on YOUR

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000102**

1    behalf, which support YOUR contention, if it so, "that consumers should keep

2    combustible materials such as a furniture, pillows, bedding, papers, clothes and

3    curtains at least three (3) feet away from the front of the heater."

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

5        Objection.  This request is vague, ambiguous and overly broad in time and

6    scope.  Further objecting, this request seeks information concerning products which

7    are not the same or similar to the subject product and, consequently, will not lead to

8    admissible evidence.    Without waiving these objections, studies concerning

9    combustible too close to heaters have been presented by numerous independent

10   agencies.   In addition, see instructions and warnings provided with the subject

11   product warning against such practices.

12   **REQUEST FOR PRODUCTION NO. 48:**

13       Any      and      all      DOCUMENTS/ELECTRONICALLY      STORED

14   INFORMATION that reflect, including the results of, each and every analysis,

15   assessment,  evaluation,  examination,  inspection,  investigation,  TEST,  or

16   DOCUMENT, which show YOU have conducted, have been conducted on YOUR

17   behalf, which show combustible materials such as furniture, pillows, bedding,

18   papers clothes and curtains actually igniting, within three (3) feet away from the

19   front of the heater."

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

21       Objection.  This request is vague, ambiguous and overly broad in time and

22   scope.  Further objecting, this request seeks information concerning products which

23   are not the same or similar to the subject product and, consequently, will not lead to

24   admissible evidence.  Without waiving these objections, see response to Production

25   Request No. 47.

26   **REQUEST FOR PRODUCTION NO. 49:**

27       Any      and      all      DOCUMENTS/ELECTRONICALLY      STORED

28   INFORMATION that reflect, including the results of, each and every analysis,

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

- 22 -

1   assessment, evaluation, examination, inspection, investigation, TEST, or

2   DOCUMENT, which show YOU have conducted, have been conducted on YOUR

3   behalf, which show combustible materials such as furniture, pillows, bedding,

4   papers clothes and curtains smoldering within three (3) feet away from the front of

5   the heater"

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

7   Objection.  This request is vague, ambiguous and overly broad in time and

8   scope.  Further objecting, this request seeks information concerning products which

9   are not the same or similar to the subject product and, consequently, will not lead to

10  admissible evidence.  Without waiving these objections, see response to Production

11  Request No. 47.

12  **REQUEST FOR PRODUCTION NO. 50:**

13  Any and all DOCUMENTS/ELECTRONICALLY STORED

14  INFORMATION that support YOUR first affirmative defense.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

16  Objection.  This request is overly broad and vague. Investigation continues.

17  **REQUEST FOR PRODUCTION NO. 51:**

18  Any and all DOCUMENTS/ELECTRONICALLY STORED

19  INFORMATION that support YOUR second affirmative defense.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

21  Objection.  This request is overly broad and vague.  See all documents

22  produced in response to discovery in this matter.

23  **REQUEST FOR PRODUCTION NO. 52:**

24  Any and all DOCUMENTS/ELECTRONICALLY STORED

25  INFORMATION that support YOUR third affirmative defense.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

27  Objection.  This request is overly broad and vague. Investigation continues.

28  ///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

- 23 -

1  **REQUEST FOR PRODUCTION NO. 53:**

2       Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

3  INFORMATION that support YOUR fourth affirmative defense.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

5       Objection.  This request is overly broad and vague.  Investigation continues.

6  **REQUEST FOR PRODUCTION NO. 54:**

7       Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

8  INFORMATION that support YOUR fifth affirmative defense.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

10      Objection.  This request is overly broad and vague.  See deposition testimony

11 and statements from Kenneth Shinedling; investigation continues.

12 **REQUEST FOR PRODUCTION NO. 55:**

13      Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

14 INFORMATION that support YOUR sixth affirmative defense.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

16      Objection.  This request is overly broad and vague.  Investigation continues

17 **REQUEST FOR PRODUCTION NO. 56:**

18      Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

19 INFORMATION that support YOUR seventh affirmative defense.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

21      Objection.  This request is overly broad and vague.  See UL 1278 and UL

22 and Intertek listing files.

23 **REQUEST FOR PRODUCTION NO. 57:**

24      Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

25 INFORMATION that support YOUR eighth affirmative defense.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

27      Objection.  This request is overly broad and vague.  See response to

28 Production Request No. 56.

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

**Exhibit F - 000105**

1 **REQUEST FOR PRODUCTION NO. 58:**

2     Any and all DOCUMENTS/ELECTRONICALLY STORED

3 INFORMATION that support YOUR ninth affirmative defense.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

5     Objection. This request is overly broad and vague. Investigation continues.

6 **REQUEST FOR PRODUCTION NO. 59:**

7     Any and all DOCUMENTS/ELECTRONICALLY STORED

8 INFORMATION that support YOUR tenth affirmative defense.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

10     Objection. This request is overly broad and vague. See all documents

11 produced; investigation continues.

12 **REQUEST FOR PRODUCTION NO. 60:**

13     Any and all DOCUMENTS/ELECTRONICALLY STORED

14 INFORMATION that support YOUR eleventh affirmative defense.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

16     Objection. This request is overly broad and vague. See deposition testimony

17 and statements of Kenneth Shinedling; investigation continues.

18 **REQUEST FOR PRODUCTION NO. 61:**

19     Any and all DOCUMENTS/ELECTRONICALLY STORED

20 INFORMATION that support YOUR twelfth affirmative defense.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

22     Objection. This request is overly broad and vague. See all documents

23 produced pertaining to the subject product; investigation continues.

24 **REQUEST FOR PRODUCTION NO. 62:**

25     Any and all DOCUMENTS/ELECTRONICALLY STORED

26 INFORMATION that support YOUR thirteenth affirmative defense.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 624:**

28     Objection. This request is overly broad and vague. See all documents

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000106**

1    produced pertaining to the subject product; investigation continues.

2    **REQUEST FOR PRODUCTION NO. 63:**

3         Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

4    INFORMATION that support YOUR fourteenth affirmative defense.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

6         Objection.   This request is overly broad and vague.   See all documents

7    produced; investigation continues.

8    **REQUEST FOR PRODUCTION NO. 64:**

9         Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

10   INFORMATION that support YOUR fifteenth affirmative defense.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

12        Objection.   This request is overly broad and vague.   See all documents

13   produced pertaining to the subject product; investigation continues.

14   **REQUEST FOR PRODUCTION NO. 65:**

15        Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

16   INFORMATION that support YOUR sixteenth affirmative defense.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

18        Objection.   This request is overly broad and vague.   See all documents

19   produced; investigation continues.

20   **REQUEST FOR PRODUCTION NO. 66:**

21        Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

22   INFORMATION that support YOUR seventeenth affirmative defense.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

24        Objection.   This request is overly broad and vague.   See all documents

25   produced; investigation continues.

26   **REQUEST FOR PRODUCTION NO. 67:**

27        Any    and    all    DOCUMENTS/ELECTRONICALLY    STORED

28   INFORMATION that support YOUR eighteenth affirmative defense.

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 390
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000107**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Objection. This request is overly broad and vague. See deposition testimony and statements of Kenneth Shinedling; investigation continues.

**REQUEST FOR PRODUCTION NO. 68:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR nineteenth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Objection. This request is overly broad and vague. See deposition testimony and statements of Kenneth Shinedling; investigation continues.

**REQUEST FOR PRODUCTION NO. 69:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Objection. This request is overly broad and vague. See all documents produced.

**REQUEST FOR PRODUCTION NO. 70:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth first affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Objection. This request is overly broad and vague. See deposition testimony and statements of Kenneth Shinedling; investigation continues.

**REQUEST FOR PRODUCTION NO. 71:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth second affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Objection. This request is overly broad and vague. See deposition testimony and statements of Kenneth Shinedling; investigation continues.

///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS

**Exhibit F - 000108**

**REQUEST FOR PRODUCTION NO. 72:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth third affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Objection. This request is overly broad and vague. See deposition testimony and statements of Kenneth Shinedling; investigation continues.

**REQUEST FOR PRODUCTION NO. 73:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth fourth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Objection. This request is overly broad and vague. Investigation continues.

**REQUEST FOR PRODUCTION NO. 74:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth fifth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Objection. This request is overly broad and vague. Investigation continues.

**REQUEST FOR PRODUCTION NO. 75:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth sixth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Objection. This request is overly broad and vague. See deposition testimony and statements of Kenneth Shinedling; investigation continues.

**REQUEST FOR PRODUCTION NO. 76:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth seventh affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Objection. This request is overly broad and vague. Investigation continues.

///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000109**

**REQUEST FOR PRODUCTION NO. 77:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth eighth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Objection. This request is overly broad and vague. Investigation continues.

**REQUEST FOR PRODUCTION NO. 78:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR twentieth ninth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Objection. This request is overly broad and vague. Investigation continues.

**REQUEST FOR PRODUCTION NO. 79:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR thirtieth affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Objection. This request is overly broad and vague. See applicable California Code sections.

**REQUEST FOR PRODUCTION NO. 80:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR thirtieth first affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Objection. This request is overly broad and vague. To be determined.

**REQUEST FOR PRODUCTION NO. 81:**

Two exemplar most current HOLMES QUARTZ TOWER HEATERS. (Plaintiffs will pay the cost for the items and shipping on notice of the cost.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Objection. This request is burdensome and oppressive as it seeks production of items equally available to Plaintiffs.

///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000110**

**REQUEST FOR PRODUCTION NO. 82:**

Two exemplar heaters with substantially similar COMPONENT(S) as the SUBJECT HEATER. (Plaintiffs will pay the cost for the items and shipping on notice of the cost.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

This defendant is no longer in possession of heaters manufactured at the time of the subject heater.

**REQUEST FOR PRODUCTION NO. 83:**

Exemplars of all warnings affixed on the SUBJECT HEATER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Copies of all written materials provided with the subject product will be produced.

**REQUEST FOR PRODUCTION NO. 84:**

Exemplars of all warnings affixed on YOUR most current HOLMES QUARTZ TOWER HEATER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Copies of all written materials provided with current model subject heaters will be produced.

**REQUEST FOR PRODUCTION NO. 85:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that show the effects of moving the OVERHEAT sensor from the location on the SUBJECT HEATER to the present location found on YOUR most current HOLMES QUARTZ TOWER HEATER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

See Intertek listing file and engineering change notices to be produced.

**REQUEST FOR PRODUCTION NO. 86:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR contention, if so that the change in location

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 390
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000111**

of OVERHEAT sensor from the location on the SUBJECT HEATER to the present
location found on YOUR most current HOLMES QUARTZ TOWER HEATER
does or does not prevent (or reduce) a fire hazard or potential fire hazard from
occurring.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

See response to answers to Interrogatories.  Further responding see response
to Production Request No. 85.

**REQUEST FOR PRODUCTION NO. 87:**

Any   and   all   DOCUMENTS/ELECTRONICALLY   STORED
INFORMATION that identify the direction of the air flow of the internal fan on the
SUBJECT HEATER with respect to the physical location of the OVERHEAT
sensor or the thermostat and what effect that would have on either the OVERHEAT
sensor or the thermostat.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

See design drawings, engineering change notices and Intertek listing file for
the subject product; investigation continues.

**REQUEST FOR PRODUCTION NO. 88:**

Any   and   all   DOCUMENTS/ELECTRONICALLY   STORED
INFORMATION that identifies the purpose of each separate COMPONENT(S) of
the SUBJECT HEATER including the internal fan, and an exact description of how
each separate COMPONENT(S) operates. (The term COMPONENT(S) refers to
each separate uniquely part, assembly or subassembly that performs a distinctive
and necessary separate function in the operation of in the SUBJECT HEATER.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Objection.  This request is overly broad and vague.  Without waiving these
objections; see design drawings, box art, instructions and warnings, and UL and
Intertek listing files for the subject product; investigation continues.

///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5950

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000112**

**REQUEST FOR PRODUCTION NO. 89:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that identifies the purpose of each separate COMPONENT(S) of a HOLMES QUARTZ TOWER HEATER including the internal fan, and an exact description of how each separate COMPONENT(S) operates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Objection. This request is overly broad and vague. See response to Production Request No. 88.

**REQUEST FOR PRODUCTION NO. 90:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that support YOUR contention, if so that the change in location of OVERHEAT sensor from the location on the SUBJECT HEATER to the present location found on YOUR most current HOLMES QUARTZ TOWER HEATER does or does not prevent (or reduce) a fire hazard or potential fire hazard from occurring.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

See responses to production request nos. 86 and 87 as well as responses to interrogatories.

///
///
///
///
///
///
///
///
///
///

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

- 32 -

**REQUEST FOR PRODUCTION NO. 91:**

Any and all DOCUMENTS/ELECTRONICALLY STORED INFORMATION that identify the maximum temperature in Fahrenheit degrees wherein all YOUR HOME HEATERS are designed to emit before the OVERHEAT sensor or the thermostat begins to function and shut off the unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

See UL and Intertek listing files; investigation continues.

Respectfully submitted,

Dated: June 7, 2013                    HEWITT WOLENSKY LLP

By _____
Gary A. Wolensky, Esq.
Elizabeth V. McNulty, Esq.
Cyrus Wilkes, Esq.
Attorneys for Defendant
Sunbeam Products, Inc.

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

SUNBEAM'S RESPONSE TO
KENNETH SHINEDLING'S RFPS
**Exhibit F - 000114**

**PROOF OF SERVICE**

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4041 MacArthur Blvd., Suite 300, Newport Beach, CA 92660.

    On June ⌐1, 2013, I served, in the manner indicated below, the foregoing document described as **DEFENDANT SUNBEAM PRODUCTS, INC.'S RESPONSES TO PLAINTIFF KENNETH AARON SHINEDLING'S REQUEST FOR PRODUCTION** on the interested parties in this action by:

***See Attached Service List***

☒   REGULAR MAIL:  placing true copies thereof, enclosed in sealed envelope and I caused such envelopes to be deposited in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (F.R.C.P. 5(b)(2)(C)).

☐   PERSONAL SERVICE: by placing true copies thereof enclosed in a sealed envelope and I provided such envelope to OC CORP instructing them to leave it at the addressee's office, identified above, with a clerk or other person in charge, or if no one is in charge, in a conspicuous place in the office of the addressee. (F.R.C.P. 5(b)(2)(b)(i)).

☐   FACSIMILE: by placing true copies thereof, on facsimile and transmitting to a facsimile machine maintained by the addressee (F.R.C.P. 5(b)(2)(F)

☐   FEDERAL EXPRESS:  by placing true copies thereof, enclosed in sealed envelope and I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees (F.R.C.P. 5(b)(2)(F)).

☐   ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties, to the email addresses listed above. (F.R.C.P. 5(b)(2)(E)).

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on June 7, 2013, at Newport Beach, California.

_Kathie Craig_
Kathie Craig

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

PROOF OF SERVICE

- 1 -

**Exhibit F - 000115**

1

SERVICE LIST

| | |
|---|---|
| Arash Homampour<br>Corey Arzoumanian<br>Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403 | Attorneys for Kenneth Aaron Shinedling<br><br>Telephone: (323) 658-8077<br>Facsimile: (323) 658-8477<br>E-mail: arash@homampour.com |
| David J. O'Connell<br>Wiedner and McAuliffe Ltd.<br>One North Franklin, Suite 1900<br>Chicago, IL 60606-3401 | Attorneys for Sunbeam Products Inc. a<br>Delaware Corporation<br><br>Telephone: (312)855-1105<br>Facsimile: (312) 855-1792 |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEWITT WOLENSKY LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, California 92660
(949) 783-5050

45517

PROOF OF SERVICE

- 2 -

**Exhibit F - 000116**