Gary A. Wolensky (SBN 154041)
gary.wolensky@arentfox.com
Anne Marie Ellis (SBN 223437)
annemarie.ellis@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

David J. O'Connell (*Pro Hac Vice*)
doconnell@goldbergsegalla.com
**GOLDBERG SEGALLA LLP**.
311 Wacker Drive, Suite 2450
Chicago, IL 60606-3401
Telephone: (312) 572-8405
Facsimile: (312) 572-8401

Attorneys for Defendant
Sunbeam Products, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING,<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC., a Delaware Corporation: COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive,<br><br>Defendants. | Case No. EDCV 12-00438-CTC (SPx)<br><br>**SUNBEAM PRODUCTS, INC.'S MOTION *IN LIMINE* NO. 1-A TO EXCLUDE REFERENCE TO CERTAIN TESTING PERFORMED BY PLAINTIFFS' EXPERT JOHN PALMER**<br><br>Date: July 7, 2014<br>Time: 3:00 pm<br>Ctrm: 9B<br>Judge: Cormac J. Carney<br>Magistrate: Sheri Pym<br><br>Date of Filing: December 15, 2011<br>Disc. Cutoff: March 24, 2014<br>Trial Date: July 15, 2014 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on July 7, 2014 at 3:00 p.m., in accordance with this Court's Order, Defendant Sunbeam Products, Inc. ("Sunbeam") will and hereby does submit this Motion in Limine #1-A for an Order precluding Plaintiffs Kenneth Aaron Shinedling and Addison Leilani Shinedling, Alexa Celeste Shinedling, and Ava Aren Shinedling, by and through their guardian ad litem Kenneth Aaron Shinedling ("Plaintiffs"), and their counsel and witnesses, from making any reference to certain testing performed by Plaintiffs' expert, John Palmer.

Sunbeam makes this Motion pursuant to L.R. 7.3 following the conferences between counsel that started on May 24, 2014 and continued through June 4, 2014.

Sunbeam bases this Motion upon this Notice of Motion; the attached Memorandum of Points and Authorities; the pleadings and papers on file in this action; and any argument or evidence that may be presented at the hearing on this Motion.

Dated: June 9, 2014

**ARENT FOX LLP**

By: /s/ *Gary A. Wolensky*
Gary A. Wolensky, Esq.
Anne Marie Ellis, Esq.
Attorneys for Defendant
Sunbeam Products, Inc.

Dated: June 9, 2014

**GOLDBERG SEGALLA LLP**

By: /s/ *David J. O'Connell*
David J. O'Connell (Pro Hac Vice)
Attorneys for Defendant
Sunbeam Products, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a wrongful death products liability case arising out of a residential fire that occurred on January 5, 2011. Plaintiffs allege combustible materials left too close to a Holmes Quartz Heater, Model HQH307 ("HQH307") caused the fire. Sunbeam anticipates that Plaintiffs may seek to introduce, at the time of trial, evidence of certain testing performed by Plaintiffs' expert, John Palmer. This testing is completely irrelevant to the issues in this case and must be excluded.

## II. PALMER'S TESTING IS NOT IRRELEVANT

Evidence that is not relevant is not admissible. *Fed. R. Evid.* § 402. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Fed. R. Evid.* § 401.

Plaintiffs' expert, John Palmer, submitted a *F.R.C.P.* Rule 26 expert report in this case. In his report, he discussed certain tests that he performed on an exemplar HQH307. Specifically, Palmer bunched up a towel in front of the HQH307 and measured the temperature in front of the heater after a certain period of time. Palmer noted in his report that when a towel was wadded up and placed against the front of the heater, the temperature indicated 630 degrees Fahrenheit after 25 minutes before smoke production became overwhelming and the towel burst into flames <u>as it was being removed from the heater</u>. Palmer's report also includes a photograph depicting the flame achieved.[1]

Any reference to Palmer's test on an HQH307 wherein flame was achieved must be excluded because it is not relevant evidence as it was not intended to recreate the events of the subject fire, but was admittedly merely a "generalized hypothetical scenario" according to Palmer.[2] "Experimental evidence falls on a

---

[1] See Exhibit A to the Declaration of Gary A. Wolensky ("Wolensky Decl."), John Palmer's *F.R.C.P.* Rule 26 Report.
[2] *Id.* at pp. 51, 69.

spectrum and the foundational standard for its admissibility is determined by whether the evidence is closer to simulating the accident or to demonstrating abstract scientific principles." *Vigilant Ins. v. Sunbeam Corp.*, 231 F.R.D. 582 (D. Ariz. 2005) quoting *McKnight by & Through Ludwig v. Johnson Controls,* 36 F.3d 1396 (8th Cir. Mo. 1994).

During his deposition, Palmer admitted that without moving the materials that he placed in front of the heater during his testing, he did not achieve an open flame except in one instance where he was trying to remove the towel and it burst into flames as he was moving it.[3]  Palmer testified that he did not intentionally attempt to create flame.  Rather, after he achieved "smoldering combustion," and not having a well–ventilated testing area, he attempted to take the towel out of the lab and "as [he] moved it…the motion or the airflow over it as [he] was moving it was enough to transition from smoldering combustion to flaming combustion."[4]

In other words, none of Palmer's testing on an HQH307 achieved an open flame.  Rather, he only achieved an open flame after his testing was complete and he was removing the towel from the area of the heater.  Palmer's reference to achieving an open flame is not relevant as it was not the result of any testing that was intended to recreate the subject fire.  <u>In this case, there is absolutely no evidence (or allegation) that any person moved the combustible materials away from the subject heater, thus creating an open flame</u>.  Further, Palmer testified that the purpose of his testing was not to re-create the conditions at the fire scene, but to recreate some possible scenarios and that there was no practical way to recreate the conditions of the subject fire.[5]  As such, any reference to this testing is therefore irrelevant and should be inadmissible.

---

[3] See Exhibit B to the Wolensky Decl., Deposition Transcript for John Palmer at pp.68-69.
[4] *Id.* at pp. 103-104.
[5] *Id.* at p. 51.

### III. PALMER'S TESTING MUST BE PRECLUDED UNDER *FED. R. EVID.* § 403

Further, if the testing wherein Palmer achieved open flame is somehow deemed relevant by the court—and Sunbeam strongly contends that it is not—the the probative value of any evidence relating to the information contained in the report is overwhelmingly outweighed by the danger of the unfair prejudice it would impose. It is well-settled that relevant evidence is not admissible where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *Fed. R. Evid* § 403; *Boyd v. City and County of San Francisco*, 576 F.3d 938, 947 (9th Cir. 2009).

In determining the probative value of evidence under *Fed. R. Evid.* § 403, courts "must consider not only the extent to which it tends to demonstrate the proposition which it has been admitted to prove, but also the extent to which that proposition was directly at issue in the case." *Blancha v. Raymark Industrial*, 972 F.2d 507, 516 (3d Cir. 1992), citing *United States v. Herman*, 589 F.2d 1191, 1198 (3d Cir. 1978). In short, Courts must balance the probative value of the evidence against the harm likely to result from its admission.

Here, testing in which an open flame was achieved by moving combustible materials away from the heater, in a case where there is absolutely no evidence (or allegation) that any person moved the combustible materials away from the subject heater, has no probative value. As such, introduction of this testing would result in harm to Sunbeam as it would cause unfair prejudice, confusion of issues, and mislead the jury regarding what it needs to decide.

### IV. CONCLUSION

The Court must grant this motion because Palmer's testing has no relevance in this action and any tangential relevance such evidence does have is outweighed by the danger of unfair prejudice, confusion of the jury, undue delay, and waste of

time. As such, Sunbeam respectfully requests this Court for an Order barring any reference to this testing.

Dated: June 9, 2014

**ARENT FOX LLP**

By: /s//Gary A. Wolensky
Gary A. Wolensky, Esq.
Anne Marie Ellis, Esq.
Attorneys for Defendant
Sunbeam Products, Inc.

Dated: June 9, 2014

**GOLDBERG SEGALLA LLP**

By: /s//David J. O'Connell
David J. O'Connell (Pro Hac Vice)
Attorneys for Defendant
Sunbeam Products, Inc.

# PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**SUNBEAM PRODUCTS, INC.'S MOTION *IN LIMINE* NO. 1-A TO EXCLUDE REFERENCE TO CERTAIN TESTING PERFORMED BY PLAINTIFFS' EXPERT JOHN PALMER**

☐ **(BY FAX)** I transmitted via facsimile, from facsimile number 213.629.7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

☒ **(BY ELECTRONIC SERVICE)** On this date, I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)).

☐ **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ **(BY PERSONAL SERVICE)** On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☒ **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2014 at Los Angeles, California.

_____
Katryn Smith

## SERVICE LIST

| | |
|---|---|
| Arash Homampour, Esq.<br>Corey Arzoumanian, Esq.<br>Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403 | Attorneys for Plaintiffs<br><br>Telephone: (323) 658-8077<br>Facsimile: (323) 658-8477<br>E-mail: arash@homampour.com |
| David J. O'Connell, Esq. (*Pro Hac Vice*)<br>Goldberg Segalla LLP<br>311 South Wacker Drive, Suite 2450<br>Chicago, IL 60606 | Attorneys for Defendant Sunbeam Products Inc.<br><br>Telephone (312) 572-8405<br>Facsimile: (312) 572-8401<br>E-mail: doconnell@goldbergsegalla.com |