Gary A. Wolensky (SBN 154041)
gary.wolensky@arentfox.com
Anne Marie Ellis (SBN 223437)
annemarie.ellis@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401

David J. O'Connell (*Pro Hac Vice*)
doconnell@goldbergsegalla.com
**GOLDBERG SEGALLA LLP**.
311 Wacker Drive, Suite 2450
Chicago, IL 60606-3401
Telephone: (312) 572-8405
Facsimile: (312) 572-8401

Attorneys for Defendant
Sunbeam Products, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH AARON SHINEDLING and ADDISON LEILANI SHINEDLING, ALEXIA CELESTE SHINEDLING, and AVA AREN SHINEDLING by and through their guardian ad litem, KENNETH AARON SHINEDLING,<br><br>Plaintiff,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC., a Delaware Corporation: COUNTY OF SAN BERNARDINO; PHELAN PINON HILLS COMMUNITY SERVICES DISTRICT; and DOES 1 through 90, inclusive,<br><br>Defendants. | Case No.  EDCV 12-00438-CTC (SPx)<br><br>**SUNBEAM PRODUCTS, INC.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE THE USE OF THE CONSUMER EXPECTATIONS TEST OF DESIGN DEFECT AND LIMIT PLAINTIFFS TO THE RISK-BENEFIT TEST OF DESIGN DEFECT**<br><br>DATE:           JULY 7, 2014<br>TIME:           3:00 PM<br>CTRM:         9B<br>JUDGE:        CORMAC J. CARNEY<br>MAGISTRATE:  SHERI PYM<br><br>DATE OF FILING:  DECEMBER 15, 2011<br>DISC. CUTOFF:      MARCH 24, 2014<br>TRIAL DATE:         JULY 15, 2014 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on July 7, 2014 at 3:00 p.m., in accordance with this Court's Order, Defendant Sunbeam Products, Inc.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST

1  ("Sunbeam") will and hereby does submit this Motion in Limine #5 for an Order
2  precluding use of the consumer expectations test of design defect and instead
3  limiting Plaintiffs Kenneth Aaron Shinedling and Addison Leilani Shinedling,
4  Alexa Celeste Shinedling, and Ava Aren Shinedling, by and through their guardian
5  ad litem Kenneth Aaron Shinedling ("Plaintiffs") to the risk-benefit test of design
6  defect.
7      Sunbeam makes this Motion pursuant to L.R. 7.3 following the conferences
8  between counsel that started on May 24, 2014 and continued through June 4, 2014.
9      Sunbeam bases this Motion upon this Notice of Motion; the attached
10 Memorandum of Points and Authorities; the pleadings and papers on file in this
11 action; and any argument or evidence that may be presented at the hearing on this
12 Motion.

14 Dated: June 9, 2014         **ARENT FOX LLP**

16                              By: /s//Gary A. Wolensky
17                              Gary A. Wolensky, Esq.
                                Anne Marie Ellis, Esq.
                                Attorneys for Defendant
18                              Sunbeam Products, Inc.

20 Dated: June 9, 2014         **GOLDBERG SEGALLA LLP**

22                              By: /s//David J. O'Connell
23                              David J. O'Connell (Pro Hac Vice)
                                Attorneys for Defendant
                                Sunbeam Products, Inc.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

- 2 -

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Sunbeam seeks to preclude use of the consumer expectations test of design defect and instead limit Plaintiffs to the risk-benefit test of design defect as set forth in CACI 1203 and 1204. Plaintiffs' defect allegations are not the type of claims that could or should be evaluated under the consumer expectations test.

In this case, Plaintiffs claim that the subject Sunbeam HQH307 Tower Quartz ceramic heater (the "Product"), and indeed all portable residential heaters utilizing quartz/radiant heating technology, are defectively designed because they can heat combustible materials within their immediate vicinity to ignition temperatures during normal operation. Plaintiffs further claim the Products' warnings are insufficient to effectively warn users of this hazard. Premised on the above, Plaintiffs allege Sunbeam is legally responsible for the fire at Plaintiffs' residence which ultimately resulted in the death of Amy Celeste Shinedling.

Sunbeam denies that the Product was defective. The design and mechanics of the Product are matters involving highly technical and mechanical details, and are topics beyond the common, everyday experience of ordinary consumers. Thus, the consumer expectations test of design defect has no application in this case, and Plaintiffs should be limited to the risk-benefit test of design defect at trial.

## II. THE CONSUMER EXPECTATIONS TEST SHOULD NOT BE USED IN THIS CASE

A manufacturer can only be held liable under a theory of strict product liability if it manufactured a defective product and the defect proximately caused an injury to the consumer. *Soule v. GM*, 8 Cal. 4th 548, 560 (1994). In *Barker*, the California Supreme Court delineated two alternative tests to define a design "defect," commonly referred to as the consumer expectations test and the risk

benefit test. *Barker v. Lull Eng. Co.*, 20 Cal. 3d 413, 455-56 (1978). The risk benefit test is the test properly applied to this case.

"[T]he consumer expectations test is reserved for cases in which the everyday experience of the product's users permits a conclusion that the product's design violated minimum safety assumptions, and is thus defective regardless of expert opinion about the merits of the design." *Soule*, 8 Cal. 4th at 567. "A complex product, even when…used as intended, may often cause injury in a way that does not engage its ordinary consumer's reasonable minimum assumptions about safe performance. For example, the ordinary consumer of an automobile simply has 'no idea' how it should perform in all foreseeable situations, or how safe it should be made against all foreseeable hazards." *Soule*, 8 Cal. 4th at 566-67 (emphasis added); *see also Lunghi v. Clark Equipment Co., Inc.*, 153 Cal. App. 3d 485, 495-96 (1984); *Rosburg v. MN Mining & Mfg. Co.*, 181 Cal. App. 3d 726, 732-33 (1986); *Pruitt v. General Motors*, 72 Cal. App. 4th 1480 (1999).

In *Soule*, plaintiff was injured when her vehicle's left wheel control arm bracket intruded into the occupant compartment during a collision. The plaintiff alleged that her vehicle was defectively designed due to the placement of the bracket. The issues of defect and causation were presented through numerous experts, including biomechanical experts, metallurgists, and design engineers as well as through crash test simulations. The jury returned a verdict for plaintiff and General Motors appealed, claiming that instructing the jury on the consumer expectations test was reversible error. The California Supreme Court agreed in *Soule*, 8 Cal. 4th at 570, stating:

> Plaintiff's theory of design defect was one of technical and mechanical detail. It sought to examine the precise behavior of several obscure components of her car under the complex circumstances of a particular accident. The collision's exact speed, angle, and point of impact were disputed.
> . . .
> An ordinary consumer of automobiles can't reasonably expect that a car's frame…will be designed to remain

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

- 2 -

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST

> intact in any and all accidents. Nor would ordinary experience…inform such a consumer how safely an automobile's design should perform under the esoteric circumstances of the collision at issue here. Indeed, both parties assumed that quite complicated design considerations were at issue, and that expert testimony was necessary to illuminate these matters. Therefore, injection of ordinary consumer expectations into the design defect equation was improper.

The Court of Appeal further illuminated on the limited appropriate application of the consumer expectation test in its opinion in *Pruitt*, 72 Cal. App. 4th at 1484, holding:

> California clearly limited the consumer expectations test to res ipsa-like cases that don't require the application of a general standard to determine defective design. For all the rest—what are here referred to as classic design cases—risk utility balancing is mandated. [L]iability attaches without the necessity of identifying the type of defect that triggered the harm. It makes no difference if the product failed due to a manufacturing or a design defect…

Plaintiffs claim the Product is hazardous because it can heat combustible materials within its immediate vicinity to ignition temperatures during normal usage.[1] While heaters in general may be within the typical purview of every day consumers, specifics regarding a heater's design and whether heat given from the heater are inherent aspects of the heater's function or factors which render the heater unreasonably dangerous are beyond consumers everyday experience.

The jury in this case will hear extensive expert testimony from both sides concerning the design and mechanics of the Product, what safeguards are present to prevent fire, what temperature the heater must reach to ignite surrounding materials, and how it can be determined if the Product was the cause of the specific fire at the Shinedling residence, and whether there is physical evidence to support Plaintiffs' theory. The jury will be required to decide, based on expert testimony and testing, whether Product was defectively designed, and whether the fire at the Shinedling residence was a result of that defect.

---

[1] Palmer Report, p. 6.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

- 3 -

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST

In *McCabe v. American Honda Motor Co., Inc.*, 100 Cal. App. 4th 1111 (2002), the court was asked to determine "whether the functioning of an automobile air bag lends itself, in every circumstance, to the consumer expectation test." *Id.* at 1124. Citing *Soule*, the court stated, "[t]he critical question, in assessing the applicability of the consumer expectation test, is not whether the product, when considered in isolation, is beyond the ordinary knowledge of the consumer, but whether the product, *in the context of the facts and circumstances of its failure*, is one about which the ordinary consumers can form minimum safety expectations." *Id.*

The Courts have made it abundantly clear that the use of the consumer expectations test is reserved for the most limited of cases—cases where expert opinion is not necessary to establish or refute the defective nature of a design. The allegations made by Plaintiffs, and the nature of the charged defects in this case, eviscerate the possibility of this case being a candidate for the consumer expectation test. While consumers may have experience with heaters and understand that they get hot, the ordinary experience of a consumer does not inform him or her as to how precisely the Product operates, what safeguards are present in the Product to prevent a fire, what temperature the heater must reach to ignite surrounding materials, and how it can be determined if the Product was the cause of the specific fire at the Shinedling residence. Likewise, it is beyond the ordinary knowledge of consumers as to what physical evidence to look for to determine why and how a fire occurred. These considerations are far beyond the scope of the ordinary consumer's knowledge and are squarely within the purview of true experts. Here, each side has designated three (3) liability experts, for a total of six (6) liability experts who will opine on the design of the heater and issues related to causation. This is one factor that eviscerates the possibility of using the consumer expectations test in this case. With six total experts, it certainly cannot be said that this is one of the "limited" cases wherein the consumer expectations test might be

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

- 4 -

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST

applied.

As the California Supreme Court has noted, "the jury may not be left free to find a violation of ordinary consumer expectations whenever it chooses. Unless the facts actually permit an inference that the product's performance did not meet the minimum safety expectations of its ordinary users, the jury must engage in the balancing of risks and benefits required by the second prong of *Barker*." *Soule*, 8 Cal. 4th at 568; *Pruitt*, 72 Cal. App. 4th at 1483. Overall, the consumer expectation test is not applicable given the context of the allegations. While jurors may understand some of the risks presented by a product that emits heat, the features, applications, and inner workings of the Product, as well as the process for determining how the subject fire started, are far beyond the scope of the ordinary consumer's knowledge.

### III. THE RISK-BENEFIT TEST IS THE APPROPRIATE TEST FOR EVALUATING WHETHER THE DESIGN OF THE PRODUCT WAS DEFECTIVE AND CAUSED PLAINTIFFS' INJURIES

To prove any alleged defects, Plaintiffs should be limited to the risk-benefit test. In determining whether the benefits of a design outweigh its risks, the trier of fact may consider: the gravity of the danger posed by the design, the likelihood that such danger would cause damage, the mechanical feasibility of a safer alternative design at the time of manufacture, the financial cost of an improved design, and the adverse consequences to the product and the consumer which would result from an alternative design. *Barker*, 20 Cal. 3d at 431. If Plaintiffs succeed in establishing a *prima facie* case under this prong, the burden then shifts to Sunbeam to establish that the benefits of the design as a whole, outweigh the danger inherent in such design. *Id.*; *Bates v. John Deere Co.* (1983) 148 Cal. App. 3d 40, 51.

Because the jury cannot properly evaluate the presence of design defects in this case without expert testimony, the risk-benefit test of design defect is the only appropriate test for this case.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

- 5 -

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST

## IV. CONCLUSION

For the foregoing reasons, Sunbeam respectfully requests that this Court enter an Order excluding the use of the consumer expectations test of design defect and limiting Plaintiffs to the risk-benefit test of design defect.

Dated: June 9, 2014               **ARENT FOX LLP**


By: /s//Gary A. Wolensky
    Gary A. Wolensky, Esq.
    Anne Marie Ellis, Esq.
    Attorneys for Defendant
    Sunbeam Products, Inc.


Dated: June 9, 2014               **GOLDBERG SEGALLA LLP**


By: /s//David J. O'Connell
    David J. O'Connell (Pro Hac Vice)
    Attorneys for Defendant
    Sunbeam Products, Inc.

# PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**SUNBEAM PRODUCTS, INC.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE THE USE OF THE CONSUMER EXPECTATIONS TEST OF DESIGN DEFECT AND LIMIT PLAINTIFFS TO THE RISK-BENEFIT TEST OF DESIGN DEFECT**

☐ (BY FAX) I transmitted via facsimile, from facsimile number 213.629.7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

☒ (BY ELECTRONIC SERVICE) On this date, I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)).

☐ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2014 at Los Angeles, California.

*Katryn Smith*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST

## SERVICE LIST

| | |
|---|---|
| Arash Homampour, Esq.<br>Corey Arzoumanian, Esq.<br>Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403 | Attorneys for Plaintiffs<br><br>Telephone: (323) 658-8077<br>Facsimile:  (323) 658-8477<br>E-mail: arash@homampour.com |
| David J. O'Connell, Esq. (*Pro Hac Vice*)<br>Goldberg Segalla LLP<br>311 South Wacker Drive, Suite 2450<br>Chicago, IL 60606 | Attorneys for Defendant Sunbeam Products Inc.<br><br>Telephone (312) 572-8405<br>Facsimile: (312) 572-8401<br>E-mail: doconnell@goldbergsegalla.com |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10995142.2

- 2 -

SUNBEAM'S MOTION IN LIMINE NO. 5
RE: CONSUMER EXPECTATIONS TEST