1  GARY A. WOLENSKY (SBN 154041)
   gary.wolensky@arentfox.com
2  ANNE MARIE ELLIS (SBN 223437)
   annemarie.ellis@arentfox.com
3  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
4  Los Angeles, CA  90013-1065
   Telephone:  213.629.7400
5  Facsimile:   213.629.7401

6  DAVID J. O'CONNELL (*Pro Hac Vice*)
   doconnell@goldbergsegalla.com
7  **GOLDBERG SEGALLA LLP**.
   311 Wacker Drive, Suite 2450
8  Chicago, IL 60606-3401
   Telephone: (312) 572-8405
9  Facsimile: (312) 572-8401

10 Attorneys for Defendant
   Sunbeam Products, Inc.

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14 |                                          |                                          |
   KENNETH AARON SHINEDLING            Case No.  EDCV 12-00438-CTC (SPx)
15 and ADDISON LEILANI
   SHINEDLING, ALEXIA CELESTE          **DEFENDANTS' RESPONSE TO**
16 SHINEDLING, and AVA AREN            **PLAINTIFFS' STATEMENT OF**
   SHINEDLING by and through their     **GENUINE ISSUES**
17 guardian ad litem, KENNETH
   AARON SHINEDLING,                   DATE:              AUGUST 4, 2014
18                                      TIME:              1:30 PM
                  Plaintiff,            CTRM:              9B
19                                      JUDGE:             CORMAC J. CARNEY
   v.                                   MAGISTRATE:        SHERI PYM
20
   SUNBEAM PRODUCTS, INC., a           DATE OF FILING:    DECEMBER 15, 2011
21 Delaware Corporation: COUNTY         DISC. CUTOFF:      MARCH 24, 2014
   OF SAN BERNARDINO; PHELAN           TRIAL DATE:        VACATED
22 PINON HILLS COMMUNITY
   SERVICES DISTRICT; and DOES
23 1 through 90, inclusive,

24              Defendants.

25

26

27

28

TO ALL PARTIES, and their ATTORNEYS OF RECORD:

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 9.     On January 4, 2011,  Kenneth Shinedling, his wife Amy and their 3 year old daughter went to sleep in the master bedroom bed with two heaters (including the subject heater) left on to heat the room.  Shinedling Depo 141:5 – 6; 142: 19 – 143:3; 144:8 – 10; 147:11 – 21; 166:3 – 11, 187:6 – 7 [Ex. J] | **Undisputed as to the description of deponent's testimony but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 10.     The Shinedling's two other daughters Addison (age 12) and Alexia (age 9) were asleep in another room. Shinedling Depo 141:7-9 [Ex. J] | **Undisputed as to the description of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 11.     Mr. Shinedling confirmed that he understood the warnings on the subject heater and that there were no | **Undisputed as to the description of the deponent's testimony** |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| combustible materials within 3 feet of either heater.  Shinedling Depo 112:16 - 113:2 [Ex. J] | |
| 12.     A laundry hamper with clothes and a lid was four to five feet away from the subject heater.  Shinedling Depo 148:25 - 149:7; 149:17 - 21 [Ex. J] | **Undisputed as to the description of the deponent's testimony** |
| 13.     In the early morning hours of January 5, Kenneth was awoken by an alarm, which he mistakenly believed to be his alarm clock.  Shinedling Depo 168:5 - 20 [Ex. J] | **Undisputed as to the description of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 14.     Mrs. Shinedling recognized that there was a fire and was screaming.  Shinedling Depo 168:21 - 25 [Ex. J] | **Undisputed as to the description of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v.* |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 3 -

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
|  | *Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 15.    Kenneth picked up his young daughter Ava from the bed and ran to help his wife. His wife was on the ground. The subject heater was on fire; along with some clothes near the front of the heater were on fire. His wife told him to get the children out of the house. Shinedling Depo 176:17 -177:2; 178:24 - 179:7; 180:1 - 181: 12; 183:24 - 184:2; 184:6 - 13; 184:24 - 185:2 [Ex. J] | **Disputed as to the "summarization of deponent's testimony" , but not material.**<br><br>For a fact to be material for summary judgment, it must have some potential effect on the outcome of the cause of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on the manufacturing defect and warning issues that are the basis for Sunbeam's Motion. . |
| 16.    He confirmed that there were no clothes by the front of the heater when he went to bed and he does not know how the clothes got in front of the heater.  Shinedling Depo 181:4 - 12 [Ex. J] | **Disputed as to the "summarization of deponent's testimony" but not material** |
| 17.    Everything happened very quickly.  Shinedling Depo 186:10-11 | **Undisputed as to the description of deponent's  testimony, but not** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 4 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| [Ex. J] | **material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 18.    Mr. Shinedling tried to help his wife get out but she told him to go get the kids, so he did.  Shinedling Depo 186:12 - 25 [Ex. J] | **Undisputed as to the description of the deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 19.    He ran and got his two other daughters out of their bedroom, went outside and then called 911.  Shinedling Depo 187:15 - 188:20 [Ex. J] | **Undisputed as to the substance of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 20.    Mr. Shinedling attempted to go back inside to get his wife. But, when he returned to locate his wife, the fire had grown so fierce he was unable to reach her.  Shinedling Depo 188:13 - 24 [Ex. J] | **Undisputed as to the substance of the deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 21.    Mrs. Shinedling perished in the fire.  Shinedling Depo 201:9-17 [Ex. J] | **Disputed as to the term "perished" as not used by deponent, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 6 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 22. Defendant Sunbeam made four different types of home heaters, that can be placed into two categories: 1) heaters that blow hot air like ceramic, convection, and fan heaters and 2) heaters that radiate heat to surrounding objects like the subject radiant heater. Vernaglia Depo 18:6 - 19:12 [Ex. A; Loud Depo 83:11-13 [Ex. G] | **Undisputed as to deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 23. The primary hazard with home heaters is that they can start a fire if combustible materials get onto or within three feet of the heater. Vernaglia Depo 216:1-7, [Ex. A]; Loud Depo 69:10-13 [Ex. G] | **Disputed – Misstates Testimony, but not material**<br>Dr. John Loud did not state this hazard was the "primary" hazard with home heaters. Rather, he said "One of the hazards is ignition of combustible materials." Loud Depo. 69:10-13. |
| 24. Defendant knew that its heaters were used in homes at night when people were sleeping. Vernaglia Depo 112:21-24 [Ex. A] | **Undisputed as to the substance of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 7 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 25. Defendant Sunbeam admitted that the design of home heaters should not start a fire. Sunbeam acknowledged that they should design the home heater with the human user in mind and knowing humans make mistakes. Vernaglia Depo 38:23 - 39:9 [Ex. A] | **Undisputed as to the substance of deponent's testimony, but not material.** <br><br> A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 26. In terms of foreseeable misuses of home heaters and the associated hazards, Defendant knew that users can intentionally place combustible materials onto the heater or that combustible materials could intentionally or *inadvertently* get within three feet of the heater - with either | **Undisputed as to substance of deponents' testimony, but not material.** <br><br> A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| scenario capable of starting a fire if the heater does not shut off before starting the fire.  Depo 212:4-13, [Ex. B]; Vernaglia Depo 101:10-16, 215:21-216:2; 243:14 - 244:9, [Ex. A]; Loud Depo 90:13 - 17, [Ex. G] | (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 27.     Defendant recognized that a user could heed the warning to keep materials at least three feet from the front of the heater and materials can inadvertently be kicked or knocked within three feet of the heater.  Prins Depo 243:24 - 244:3 [Ex. B] | **Disputed – Misstates Testimony** Richard Prins was asked: "So someone can heed the warning to keep those materials at least three feet from the front of the heater and materials can inadvertently be kicked or knocked within three feet of the heater, correct?" to which he responded, "Well, that's a possibility."  Prins Depo, 243:24-244:3. |
| 28.     Thus, Defendant Sunbeam was required to design its home heater to address the hazard of ignition of combustible materials - or so that it would not heat combustible materials in the vicinity of the heater to ignition temperatures.  Loud Depo 69:7-13 [Ex. G] | **Disputed - Argumentative and Lacks Foundation, but not material.** Whether the Heater's ability to ignite combustible materials constitutes a design defect in and of itself is a legal conclusion, and this conclusion is not supported by Dr. John Loud's deposition testimony cited, which only says the heater's ability to ignite combustible |

Arent Fox LLP
Attorneys At Law
Los Angeles

AFDOCS/11085416.1

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | materials is one of the hazards of the subject heater.  Loud Depo., 69:7-13.  Regardless, this fact is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of action.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 29.    Defendant admitted that, as to its home heater, if it can't design, guard against or effectively warn against the risk of fire, then it should not sell that home heater.  Vernaglia Depo 439:4-8, [Ex. A] | **Undisputed as to substance of deponent's testimony, but not material.**  A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 30.    Defendant conceded that, from a design perspective, a product that is unreasonably dangerous should not be sold.  Vernaglia Depo 434:1 - 4 [Ex. A] | **Disputed as to the term "conceded" , argumentative, , but not material.**  A material fact is a fact that has some potential effect on the outcome of the |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 10 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 31.    Defendant Sunbeam *attempted* to address the hazard of fire caused by combustible materials getting too close or onto the heater by implementing a guard or safety device - an overheat thermostat (aka high limit switch) that will shut the heater off when a potential overheat temperature is reached. Vernaglia Depo 100:11 - 101:1 [Ex. A] | **Disputed - Argumentative and Misstates Evidence, but immaterial** Plaintiffs' use of the word "attempted" is argumentative. Further, the evidence shows the high limit switch is intended to prevent an overheat situation within the heater itself. "The reason for the limiting thermostat is that when the heater is put in an abnormal situation, that the temperature within the heater will rise, causing this thermostat to open, shutting down the unit and preventing any risk of anything igniting." Vernaglia Depo., 67:22-68:7 [emphasis added]. There is no evidence to suggest the overheat thermostat is intended address the hazard of fire caused by combustible materials getting too close to the heater as the statement incorrectly claims. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 11 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Regardless, this fact is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 32.    Defendant admits that the subject heater's manual tells the user that the heater has an auto safety shut off such that when a potential overheat temperature is reached the system will (or should) automatically shut the heater off.  Vernaglia Depo 282:16 - 283:5 [Ex. A] | **Undisputed as to substance of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 33.    Critically, Defendant Sunbeam admitted that "the consumer has an expectation that if a potential overheat temperature is reached, the system will automatically shut the heater off."  Vernaglia Depo 283:6-10 [Ex. A] | **Undisputed as to substance of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 12 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 34. "The reason for the limiting thermostat is that when the heater is put in an abnormal situation, that the temperature within the heater will rise, causing this thermostat to open, shutting down the unit and preventing any risk of anything igniting." Vernaglia Depo 67:24 - 68:7 [Ex. A] | **Undisputed as to substance of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 35. If the heater environment gets above $185^0$ F, the thermostat should be triggered and the heater should shut off before igniting materials. Vernaglia Depo 66:14 - 22, 67:8 - 11, 304:17 - 23 [Ex. A] | **Disputed – Argumentative and Mischaracterizes Evidence, but not material.**<br><br>Plaintiffs' use of the phrase "heater environment" is uncertain and misleading. The thermostat is intended to trigger if the temperature within the heater itself reaches $185^0$ F. Vernaglia Depo.,66:14-22, 67:22-68:7. Plaintiffs' use of the phrase "heater environment" |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | incorrectly implies the thermostat is intended to monitor the temperature of objects around the heater, which is not the case.<br><br>Regardless, this fact is not material because has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 36.    The autoignition temperature of wood and paper products is as low as $410^0$ F and fabrics $536^0$ F. Thus, the design of the Sunbeam heater is such that it should never create a heater environment where temperatures get above $410^0$ F or fires can start. Palmer Report, p. 9 [Ex. C] | **Disputed – Argumentative and Mischaracterizes Evidence, but not material.**<br><br>Plaintiffs' use of the phrase "heater environment" is uncertain and misleading.  The thermostat is intended to trigger if the temperature within the heater itself reaches $185^0$ F.  Vernaglia Depo.,66:14-22,  67:22-68:7.  Plaintiffs use of the phrase "heater environment" incorrectly implies the thermostat is intended to monitor the temperature of objects around the heater, which is not the case. |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Regardless, a material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 37.     Defense fire expert Loud concedes that ignition temperatures of clothing ranges from 450 to $600^0$ F such that the heat source would have to produce heat in excess of $450^0$ F. Here, the heat source is conceded to be Defendant's subject home heater.  Depo 27:22 - 28:10 [Ex. G] | **Undisputed as to substance of deponent's testimony** |
| 38.     But, Sunbeam failed to address that while an internal overheat thermostat/high limit switch would work with convection heaters that generate hot air, the switch would <u>not</u> work with radiant heaters (or the subject quartz heater.) In other words, <u>with all of its other home heaters,</u> if someone were to get combustible materials onto or within | **Disputed – argumentative, mischaracterizes evidence, and lacks support, but not material.**<br><br>This argumentative statement rests upon the misleading assertion that the thermostat/high limit switch is intended prevent external combustible materials from igniting, when the evidence |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 15 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| three feet of the heater, the heater would never get to a temperature where a fire could start. This is because with a convection heater, a designer can be assured that the temperature of materials outside the heater will be less than the temperature of the air stream exiting the heater.  Prins Depo 255:24 - 256:7 [Ex. B] | actually show the thermostat/high limit switch is intended to prevent the internal components of the heater itself from over heating and igniting.  Vernaglia Depo., 66:14-22, 67:22-68:7.  There is no evidence to suggest the thermostat/high limit switch fails to perform its intended task.  Further, this statement is not supported by the deposition testimony cited.  Finally This statement is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of action.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 39.     Such convection or air heaters cannot raise the temperature of an object in the airflow path above the exhaust temperature.  Loud Depo 82:14-17 [Ex. G] | **Undisputed as to substance of deposition testimony, but not material.**  A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 16 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 40.     In contrast, radiant heaters are capable of continuously adding thermal energy to the surface of an object where the temperatures will exceed the object's ignition point.  Loud Depo 107:24 - 107:11 [Ex. G] | **Undisputed as to substance of deponent's testimony but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 41.     Dr. Palmer hold a B.S. in electrical engineering from Brigham Young University, and a Masters and a Doctorate in electric power engineering from Rensselaer Polytechnic Institute. He is a Registered Professional Engineer in Utah, Colorado, Wyoming, Florida and Arizona. He is also a Certified Fire and Explosion Investigator.  Palmer Decl. ¶3 | **Undisputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 42.     Dr. Palmer is a consulting | **Undisputed, but not material.** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 17 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| engineer and the President and owner of Palmer Engineering & Forensics, where he has worked from 2009 to the present. He has extensive experience in cause and origin analysis of electrical accidents, electrical equipment failures, electrical fires, structural fires, vehicle fires, and explosions. He also performs product testing and design review. Palmer Decl. ¶4 | A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 43.     Palmer Decl. ¶5Since 2011, Dr. Palmer has been an adjunct instructor in the Electrical Engineering Department of University of Utah, Salt Lake City. From 2000-2009, He worked at Knott Laboratory, LLC in Centennial, Colorado as a Senior Engineer and then Manager of Electrical Engineering and Fire Investigations. From 2006-2008, he was an adjunct instructor in the Electrical Engineering Department of University of Colorado, Denver.  From 1996-2000 he was an Assistant Professor in the Division of Engineering /Center for Advanced Control of | **Undisputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 18 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Electrical Power Systems at Colorado School of Mines in Golden, Colorado. From 1999-2000, he was a consulting engineer at NEI Electrical Power Engineering, Inc. in Arvada, Colorado.He was a research assistant at Rensselaer Polytechnic Institute in Troy, New York, from 1991-1996. A true and correct copy of his CV is attached to the Index of Exhibits as Ex. H. | |
| 44.   Dr. Palmer has provided expert testimony in various jurisdictions across the country. He has qualified as an expert witness and provided litigation support in cases involving personal injury, product defects, intellectual property, and class action lawsuits. Palmer Decl. ¶6 | **Undisputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 45.   Dr. Palmer is a member of NSPE - National Society of Professional Engineers; IEEE - Institute of Electrical and Electronics Engineers; NAFI - National Association of Fire Investigators Industrial Application | **Undisputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 19 -

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Society; NFPA - National Fire Protection Association; ASME - American Society of Mechanical Engineers NAFE – National Academy of Forensic Engineers; and IEEE - Institute of Electrical and Electronics Engineers (Industrial Application Society, Power Engineering Society, Dielectrics and Electrical Insulation Society). Palmer Decl. ¶7 | (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 46. Dr. Palmer's opinions are contained in his report and supplemental report and are based on his inspections, testing of six heaters, review of materials and facts contained therein, experience, education, and training. Palmer Decl. ¶¶ 9-14; Palmer's Report [Ex. C] | **Undisputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 47. Documentation provided by Sunbeam includes numerous reports of fires and potentially fire-producing failures of quartz heaters that are the same as or similar to the heater that is the subject of this litigation. Appendix E | **Disputed – Argumentative, Misstates Testimony, Speculation, Lacks Foundation, and Hearsay**<br><br>Plaintiffs' summary of Sunbeam's discovery responses is unsupported |

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| of Palmer's report contains a table summarizing many of the reports from January 2004 through February 2013. Given the ample quantity of data, it is not assured that the tabulated summaries are comprehensive of all those incidents of which Sunbeam is aware.  Palmer Decl. ¶15; Palmer's Report [Ex. C] | hearsay.  The customer complaint's themselves are unverified statements of past events and cannot be used to prove the truth of the statements contained within.  Further, Plaintiffs' expert Palmer admitted the customer complaints contained insufficient information to perform any independent analysis of their veracity, and then confirmed that because of the lack of information, his comments on the complaints do not reflect his conclusions. Palmer's Report, p4. Further, the statement "it is not assured that the tabulated summaries are comprehensive of all those incidents of which Sunbeam is aware," is unsupported, argumentative speculation. It also incorrectly implies that Sunbeam withheld discovery, and is inappropriate for inclusion in a separate statement of undisputed facts. |
| 48.     The summary includes a total of 94 reported failures in which flames or sparks were observed, burned parts or | **Disputed – Hearsay, Speculation, Lacks Foundation** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 21 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| components were reported, or fire was reported with an origin in the vicinity of the heater. The incidents described range from incidents in which the damage was limited to the internal components of the heater itself to catastrophic or even fatal structural fires.  Palmer Decl. ¶16; Palmer's Report [Ex. C] | The customer complaint's which form the basis of the summary are unverified statements of past events and cannot be used to prove the truth of the statements contained within.  Further, Plaintiffs' expert Palmer admitted the customer complaints contained insufficient information to perform any independent analysis of their veracity, and then confirmed that because of the lack of information, his comments on the complaints do not reflect his conclusions. Palmer's Report, p4. |
| 49.    An independent analysis of the reported incidents to determine cause was not possible, and they were included in the limited context of circumstantial evidence.  Palmer Decl. ¶¶ 17-19 | **Undisputed.** |
| 50.    A separate spreadsheet, created by Sunbeam, apparently summarizing all of the consumer complaints or reports of incidents related to quartz heaters reported to their warranty department from August 2011-September 2013 includes 119 entries that are categorized | **Disputed – Hearsay, Speculative, Lacks Foundation, and Argumentative**<br><br>The customer complaint's which form the basis of the spreadsheet are unverified statements of past events and |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 22 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| as "Fire," 131 entries of "Sparks," 64 entries of "smokes," and 46 entries of "Property damage." [Ex. I]. It is notable that a similar document referencing consumer complaints or reports of incidents for the 10 years preceding August 2011 was not found among the provided documents.  Decl. ¶18; Sunbeam spreadsheet [Ex. I] | cannot be used to prove the truth of the statements contained within.  The last sentence of this statement incorrectly implies that Sunbeam has withheld discovery, and is inappropriate for inclusion in a statement of undisputed facts. |
| 51.     Three failure modes for reported incidents were identified. The third mode of failure is an internal failure of the heater in which heat generated at a connection or due to failure associated with internal wiring is sufficient to ignite or burn through the housing, or sparks emitted from the device burn surrounding combustibles. Incidents identified as being related to an internal failure of the heater include tabulated items on Exhibit E to my report numbered 9, 17, 21, 22, 29, 41, 45, 47, 51, 65, 68, and 69. In the Sunbeam spreadsheet "10 23 13 Heater Pull July 2011.xlsx" there are dozens of | **Disputed – Hearsay, Lacks Foundation**<br><br>The customer complaints are unverified statements of past events and cannot be used to prove the truth of the statements contained within.  Further, Plaintiffs' expert Palmer admitted the customer complaints contained insufficient information to perform any independent analysis of their veracity, and then confirmed that because of the lack of information, his comments on the complaints do not reflect his conclusions. Palmer's Report, p4. |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| references to internal failures including references to smoke, sparks, and fire as a result.  Palmer Decl. ¶20; Palmer Report [Ex. C and internal ex. E]; Sunbeam spreadsheet [Ex. I] | |
| 52.     At least two of the internal failure reports include a description of a hole being burned through the bottom of the heater immediately below one of the heater element terminals, damaging the floor underneath the heater, but the operation of the heaters was interrupted by the actions of users who were attentive to the situation. See Ex. E to Dr. Palmer's report tabulated items 21 and 79. The Sunbeam spreadsheet included at least 10 references of damage to flooring due to holes being burned through the bottom of the heater. Palmer Decl. ¶21; Exhibit E to Dr. Palmer's Report [Ex C]; Sunbeam Spreadsheet [Ex. I]. | **Disputed – Hearsay, Lacks Foundation, Speculation**<br><br>The customer complaints are unverified statements of past events and cannot be used to prove the truth of the statements contained within.  Further, Plaintiffs' expert Palmer admitted the customer complaints contained insufficient information to perform any independent analysis of their veracity, and then confirmed that because of the lack of information, his comments on the complaints do not reflect his conclusions. Palmer's Report, p4. |
| 53.     The Director of Product Safety Engineering for Sunbeam, Richard Prins, confirmed reports of internal heat- | **Undisputed as to the summary of the deponent's testimony.** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 24 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| producing failures within the heaters. Palmer Decl. ¶22; Prins Depo 37-38, VII 152-154 [Ex. B] | |
| 54.   A failure at a connection would have the potential to result in a fire because it's a series failure that would not trip the circuit breaker, would not blow a fuse, and could be sustained with a glowing connection until such time as it ignited materials.  Palmer Decl. ¶23 | **Undisputed as to the summary of Plaintiffs' expert's opinion, but not material.** Sunbeam does not dispute that Palmer believes a manufacturing defect could start a fire.  However, this opinion is immaterial because Palmer could not find evidence that the subject heater suffered a failure at any of its connections. |
| 55.   The temperature reached in the fire is the same temperature as would have been reached in such a failure. The subject heater was largely consumed by fire. This largely obliterated the potential evidence of internal failure and substantially limited the evaluation to a circumstantial analysis.  Palmer Decl. ¶24 | **Undisputed as to the summary of Plaintiffs' expert's opinion, but not material.** Sunbeam does not dispute that the temperature the Heater reached during fire is the same temperature the Heater would have reached in a different fire. This is not evidence the fire was caused by a manufacturing defect. |
| 56.   In the subject incident, the possibility of materials in front of the | **Undisputed as to the summary of Plaintiffs' expert's opinion.** |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| heater being ignited by the radiant heat emitting from the heater could not be eliminated based on the eye-witness account, although Mr. Shinedling's description emphasizes the fire in the heater itself with the fire appearing to spread to the combustibles in front of the heater.  Palmer Decl. ¶27; Shinedling Depo 180:14-22, Ex. J | |
| 57.     The subject HQH307 radiant heater has the ability to heat combustible materials in the vicinity of the heater to ignition temperatures during normal operation. That ability is acknowledged, either explicitly or implicitly, by all of Defendant's experts and is actually cited by them as the cause of the fire.  Palmer Decl. ¶28; Hall Report dated p. 20, [Ex. D]; Loud Report dated p. [Ex. E]; Prins Report dated March 31, 2014, p. 4, ¶ 8 [Ex. K] | **Undisputed** |
| 58.     The ability of the heater to heat combustible materials in the vicinity of the heater to ignition temperatures during normal operation constitutes a | **Disputed – Legal Conclusion, but not material** Palmer is unqualified to legally conclude the Heater contains a design defect. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 26 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| design defect.  Palmer Decl. ¶29 | Regardless, this fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 59.     The possibility of an internal failure generating sufficient heat to ignite the body of the heater could not be eliminated either. For example, at least two of the reports of prior incidents, as stated above, are consistent with the heat producing failure being at the point of connection between the wiring and the heating element right at the base of the heater. The lower terminals of the two heating elements in the subject heater (see Figure 5 of Palmer's report) both bore evidence of extreme heat, including the loss of the wire terminations (compare with undamaged connection shown in Figure 6). Nevertheless, the possibility that extreme heat was generated at that connection leading to ignition of the heater from the inside could be neither confirmed nor refuted | **Undisputed as to the summary of Plaintiffs' expert's opinion.** |

Arent Fox LLP
Attorneys At Law
Los Angeles

AFDOCS/11085416.1

- 27 -

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| due to the degree of damage to the subject heater. Generation of extreme heat at the connection between the wiring and the resistive heating element results from excessive resistance at the termination, which is typically the result of a poor electrical contact due to improper assembly of the connection. Thus, such a failure mode would be the result of a manufacturing defect.  Palmer Decl. ¶30 | |
| 60.    Whether the ignition was due to an internal failure or the proximity of materials to the front of the heater, the heater, by its design and manufacture, was defective and unreasonably dangerous.  Palmer Decl. ¶31 | **Disputed – Legal Conclusion** Palmer is unqualified to legally conclude the Heater contains a defect.  Sunbeam disputes Palmer's conclusion that the Heater is defective and unreasonably dangerous. |
| 61.    Fundamental to the application of engineering principles to the design of products and systems is identification of hazards and mitigation of those hazards. Sound engineering practice dictates that the first level of mitigation effort must be addressed by design, i.e. insofar as practicable, the hazard should be | **Undisputed as to the substance of Plaintiffs' expert's opinion, but not material.** Sunbeam  disputes the general acceptance and application of Palmer's self-described principles of engineering. Regardless, it is not material. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 28 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| designed out of the product or system. If designing the hazard out is not feasible, the system or product should have guards implemented to isolate the hazard from contact with persons or property to which a risk is posed. Absent a practicable methodology to guard against the hazard, appropriate and effective warnings should be implemented to deter the user from the hazardous conditions. If a product cannot be made safe by design, guarding and warning, then the product should not be entered into the chain of commerce. This multi-tiered approach in engineering is frequently referred to as the hierarchy for engineering with respect to hazards, or design hierarchy. Palmer Decl. ¶33 | A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 62.    Stephen Vernaglia, who worked as a Sunbeam project manager focused on heaters from 1998 to 2002, and is now the director for project management testified that he doesn't know what the design hierarchy is, or whether it was | **Undisputed as to the substance of the deponent's testimony, but not material.**<br><br>Sunbeam does not dispute Palmer's belief in his self-described "design |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 29 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| used at Sunbeam. Nor is he aware of any documents where Sunbeam identifies and goes through a design hierarchy analysis for quartz (radiant) heaters. Palmer Decl. ¶34; (Vernaglia Depo 15:22-16:11; VII 218:22-219:16; VIII 382:22-25 [Ex. A]); (Vernaglia Depo 287:21-24 [Ex. A]). | hierarchy," but does dispute its general acceptance and application, as well as Palmer's assertion that Sunbeam was bound to follow Palmer's design hierarchy. Regardless, it is not material.<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 63.    No documentation of an explicit hazard analysis of the HQH307 was identified within the documents that were reviewed in the context of litigation, and a Sunbeam representative testified that no hazard analysis had ever been documented for the HQH307. Mr. Vernaglia testified that he was unaware of Sunbeam performing any type of failure mode effect analysis for the HQH307. Palmer Decl. ¶35 (Vernaglia Depo VII 218:22-219:16; 299:17-21 | **Disputed as to the summary of the deponent's testimony, but not material.**<br><br>Sunbeam does not dispute Palmer's belief in his self-described "design hierarchy," but does dispute its general acceptance and application, as well as Palmer's assertion that Sunbeam was bound to follow Palmer's design hierarchy. Regardless, it is not material. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| [Ex. A]) | A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 64.     Sunbeam testified that they did not perform testing to evaluate the hazard of combustible materials too close to the heater, but rather limited their testing to those required for the purposes of meeting voluntary standards (Prins 105:17-25 [Ex. B]). Palmer Decl. ¶36; (Prins 105:17-25 [Ex. B]). | **Disputed as to the summary of deponent's testimony, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 65.     By its nature, the radiant heater, to be effective, must operate at temperatures that are elevated well above that of normal combustible materials in order to emit the infrared energy at sufficient levels to achieve the intended purpose. For example, an | **Disputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 31 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
| --- | --- |
| exemplar HQH307 heater was tested under normal operation and within less than 1 minute achieved temperatures on the heating element in excess of 866 degrees F as documented in Figure 8 of Dr. Palmer's report.  (The infrared camera image documented in Figure 8 was taken with the exemplar heater operating normally, with a piece of thin black cloth hung in front of it to avoid the reflections inherent to that type of imaging technology. It is likely that the measurement significantly underestimated the temperature of the heating element, given the UL 1278 definition of a "VISIBLY GLOWING HEATING ELEMENT" as "A heating element whose visible portion attains a temperature of at least 650 degrees C (1202 degrees F) under intended conditions of operation."). Thus, the fire hazard associated with subject heater was not eliminated by design. Palmer Decl. ¶37 | Plaintiffs' warnings and manufacturing defect causes of action. |
| 66.    According  to the engineering | **Disputed – Misstates Testimony, but** |

Arent Fox LLP
Attorneys At Law
Los Angeles

AFDOCS/11085416.1

- 32 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| hierarchy, as described above, if a hazard cannot be eliminated by design, then guards must be put in place to protect persons and property against the hazard. In some specific circumstances, the high limit switch on the subject heater acts as such a guard. However, a fundamental flaw impairs the effectiveness of high limit switches on radiant heaters. With radiant heaters, the location where the temperature is monitored (inside the heater) is not predictably the highest temperature to which the surrounding materials may be raised (outside the heater.) This is because the heat transfer mechanism of radiant heaters allows the heated object to achieve a maximum temperature that is dependent on the temperature of the emitting source and generally independent of the temperature of the intervening medium. Thus, a high limit switch within a radiant heater is generally ineffective as a guard against excessive temperatures that may lead to | **not material.**<br><br>Sunbeam does not dispute Palmer's belief in his self-described "design hierarchy," but does dispute its general acceptance and application, as well as Palmer's assertion that Sunbeam was bound to follow Palmer's design hierarchy.<br><br>Further, the assertion the high limit switch suffers from a "flaw" is contrary to evidence.  The evidence shows the high limit switch is intended to prevent an overheat situation within the heater itself.  "The reason for the limiting thermostat is that when the heater is put in an abnormal situation, that the temperature <u>within</u> the heater will rise, causing this thermostat to open, shutting down the unit and preventing any risk of anything igniting."  Vernaglia Depo., 67:22-68:7 [emphasis added].  There is no evidence to suggest the overheat thermostat is intended address the |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 33 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| a risk of fire.  The high limit switch in the HQH307 is described in the user manual as "a patented technologically advanced safety system that requires the user to reset the heater if there is a potential overheat situation. When a potential overheat temperature is reached, the system will automatically shut the heater off."  Palmer Decl. ¶38; Manual [Ex. M]; Prins Depo VII 146:2-17 [Ex. B]. | hazard of fire caused by combustible materials getting too close to the heater as the statement incorrectly claims, nor is there any evidence that the high limit switch fails in its intended task of protecting users from overheat situations within the heater itself.<br><br>Regardless, this fact is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of action.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 67.     The high limit switch in the HQH307 is described in the user manual as "a patented technologically advanced safety system that requires the user to reset the heater if there is a potential overheat situation. When a potential overheat temperature is reached, the system will automatically shut the heater off."  Palmer Decl. ¶38A; (Manual [Ex. M]; Prins Depo VII 146:2-17 [Ex. B]). | **Undisputed, but not material.**<br><br>This fact is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 68.     Testing performed by Sunbeam and by PE&F demonstrated that if the | **Disputed, incorrect summary, lacks foundation, lacks qualification not** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 34 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| heater is tested with a large piece of terry cloth draped over it and the heater is then turned on, the high limit switch on the HQH307 heater does, in fact, interrupt operation within a few minutes. (See page 11 of my report and Figure 9). Temperatures outside the heater reached 411 and 480 degrees F, respectively when the temperature of 224 degrees F was measured inside the heater. In a second test, where steady state temperatures had been reached, the temperature on the grill never went in excess of 350 degrees F.  Palmer Decl. ¶38B | **material.**<br><br>This fact is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 69.     However, additional testing where materials were placed in front of the heater, yielded temperatures to the material of 488.7 degrees F to 530 degrees F, while the temperature of only 242 degrees F was detected at the location of the high limit switch due to the fan in the heater which was cooling it. The high temperatures did not turn off the high limit switch, which is rated at | **Disputed – Misstates Testimony, but not material.**<br><br>The assertion the high limit switch suffers from a "flaw" is contrary to evidence.  The evidence shows the high limit switch is intended to prevent an overheat situation within the heater itself.  "The reason for the limiting thermostat is that when the heater is put |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 35 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 185 degrees F. Thus, even though temperatures well in excess of documented auto ignition temperatures for common combustibles were produced by the heater and sustained for more than 3 hours, the high limit switch did not respond to interrupt operation. (Please see pages 11-12 of Dr. Palmer's report.) [Ex. C].  Palmer Decl. ¶38C; Dr. Palmer's report [Ex. C]. | in an abnormal situation, that the temperature within the heater will rise, causing this thermostat to open, shutting down the unit and preventing any risk of anything igniting."  Vernaglia Depo., 67:22-68:7 [emphasis added].  There is no evidence to suggest the overheat thermostat is intended address the hazard of fire caused by combustible materials getting too close to the heater as the statement incorrectly claims, nor is there any evidence that the high limit switch fails in its intended task of protecting users from overheat situations within the heater itself.<br><br>Regardless, this fact is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of action.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 70.     Another set of tests, intended to approximate the possible scenario of a basket of laundry bumped up against a heater, generated still higher | **Disputed – Misstates Testimony, but not material.**<br><br>The assertion the high limit switch |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 36 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| temperatures. With the basket up against the exemplar heater, the temperatures on the clothing reached temperatures in excess of 580 degrees F. The clothes were smoldering, charred and smoking and continued to smolder after the heater high limit switch operated after over 2 1/2 hours (see Figure 16 and 17 of my report). The series of tests revealed that the maximum temperatures achieved were dependent on the ambient temperature, with lower ambient temperatures resulting in higher surface temperatures because the high limit switch is cooled by the ambient air as the fan drives the air over it. The fact that smoldering combustion was achieved before the high limit switch operated affirms that the effectiveness of the high limit as a guard against the fire hazard is insufficient.  Palmer Decl. ¶38D | suffers from a "flaw" is contrary to evidence.  The evidence shows the high limit switch is intended to prevent an overheat situation within the heater itself.  "The reason for the limiting thermostat is that when the heater is put in an abnormal situation, that the temperature <u>within</u> the heater will rise, causing this thermostat to open, shutting down the unit and preventing any risk of anything igniting."  Vernaglia Depo., 67:22-68:7 [emphasis added].  There is no evidence to suggest the overheat thermostat is intended address the hazard of fire caused by combustible materials getting too close to the heater as the statement incorrectly claims, nor is there any evidence that the high limit switch fails in its intended task of protecting users from overheat situations within the heater itself.

Regardless, this fact is immaterial as it has no bearing on Plaintiffs' warnings and manufacturing defect causes of |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 37 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | action. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). |
| 71. According to the engineering hierarchy described above, if a hazard cannot be designed out and no effective guarding can be placed, then the hazard should be addressed by appropriate and effective warnings. The warnings on this heater were inadequate: A. The placement of the warning at floor level on the base, in relatively small font without any coloring, tends to substantially reduce the effectiveness of the warning. B. The appropriateness of a passive text-based label in an environment which is likely to include the elderly, small children, and/or pets is also limited, particularly in an environment where combustible materials are abundant and are easily displaced by persons or pets. C. A written warning printed in the operating instructions is likely even less effective. | **Disputed – Lack of Qualifications** Palmer is not a warnings or human factors expert, and has no experience designing products for consumer use. He therefore lacks qualifications to provide expert opinions regarding the effectiveness of warnings. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

– 38 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| D.    The practicality of relying on such a label to enforce the prescribed clearance with such a severe risk associated with the violation of the clearance is not reasonable. Encroachment on the prescribed clearance is reasonably foreseeable, and cannot be effectively prevented by a passive unobtrusive warning label. Palmer Decl. ¶39 | |
| 72.    Testing that confirmed that the subject fire would not have started had a non-quartz heater been involved. The other heaters would not have generated sufficiently high temperatures, or would have shut off before starting the subject fire. (See pages 16-17 of Dr. Palmer's report, Ex. C).  Palmer Decl. ¶40; Dr. Palmer's Report [Ex. C] | **Disputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 73.    The quartz heater, reliant on radiant heat transfer, is inherently dangerous and the hazards cannot be effectively mitigated.  Palmer Decl. ¶41 | **Disputed, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 39 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 74.     Ron Hall was hired as Defendant's fire and origin expert to determine the origin and cause of fire and Amy's death. Hall Depo 21:4-16 [Ex. F] | **Undisputed** |
| 75.     The subject heater was responsible for the fire.  Hall Depo 19:19-23 [Ex. F] | **Undisputed that this is Mr. Hall's testimony** |
| 76.     Without the heater, there is no fire.  Hall Depo 26:10-12 [Ex. F] | **Undisputed** |
| 77.     Without the heater, there is no death.  Hall Depo 27:4-7 [Ex. F] | **Disputed** |
| 78.     As Defendant's Fire and Origin investigator, he cannot rule out that there was an internal failure within the subject heater that started the fire.  Hall Depo 40:22-25 [Ex. F] | **Undisputed as to the substance of Mr. Hall's expert's opinion.** |
| 79.     Loud has never designed a heater. Loud Depo 51:10-16 [Ex. G] | **Undisputed, irrelevant and not material.**  A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v.* |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 80.    The nature and operation of quartz and radiant heaters is obvious to those who are educated and experienced in the area of electrical engineering and the principles of heat transfer and basic physics. Reviewing articles on the subject is not necessary for those so educated in order to have a complete and full understanding of the technology or application.  Palmer Decl. ¶42 | **Disputed - Argumentative, but not material.**<br><br>This fact is an argumentative assertion more appropriate in opposition to Sunbeam's Daubert motion against Plaintiffs' Expert John Palmer.  It has no place in a separate statement of undisputed facts in support of an opposition to a motion for summary adjudication.<br><br>Regardless, this assertion is immaterial. A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This assertion has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 81.    One does not need to be a | **Disputed - Argumentative, and not** |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| specialist in space heaters to have relevant expertise and to apply basic sound principles of electrical engineering and engineering safety. Palmer Decl. ¶43 | **material.**<br><br>This fact is an argumentative assertion more appropriate in opposition to Sunbeam's Daubert motion against Plaintiffs' Expert John Palmer.  It has no place in a separate statement of undisputed facts in support of an opposition to a motion for summary adjudication.<br><br>Regardless, this assertion is immaterial. A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This assertion has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 82.     Dr. Palmer has substantial experience with engineering design of products and equipment. Dr. Palmer has been performing analysis of product design and issues related to product safety for over 14 years and has | **Disputed - Argumentative, irrelevant and not material.**<br><br>This fact is an argumentative assertion more appropriate in opposition to Sunbeam's Daubert motion against |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 42 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| evaluated a wide range of products and systems. While he has not personally designed heaters, he has a thorough understanding of thermodynamics principles, heat transfer mechanisms, electrical power conversion, and the engineering hierarchy with respect to hazards. His analysis in this matter is not based on any subtlety or hidden aspect of product design that requires years of space heater design experience, but is based on a solid foundation of basic engineering and scientific principles. Furthermore, he has spent years teaching about engineering design and the application of engineering principles, including the engineering hierarchy for safety.  He has had many  engineering investigations involving a wide range of heating appliances, including space heaters, furnaces, boilers, stoves, fireplaces, heating cables, deicing cables, etc.  Palmer Decl. ¶44 | Plaintiffs' Expert John Palmer.  It has no place in a separate statement of undisputed facts in support of an opposition to a motion for summary adjudication.<br><br>Regardless, this assertion is immaterial.  A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This assertion has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 83.     Dr. Palmer has also acted as a consultant with space heater | **Disputed - Argumentative, irrelevant and not material.** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 43 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| manufacturers De'Longhi and Slant/Fin. Palmer Decl. ¶45 | This fact is an argumentative assertion more appropriate in opposition to Sunbeam's Daubert motion against Plaintiffs' Expert John Palmer.  It has no place in a separate statement of undisputed facts in support of an opposition to a motion for summary adjudication.<br><br>Regardless, this assertion is immaterial.  A material fact is a fact that has some potential effect on the outcome of the causes of action at issue.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This assertion has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 84.    Dr. Palmer gave a deposition in the matter of Haag v. Kaz in a matter involving a space heater. In addition, he has proffered written and oral opinions related to warnings and instructions on numerous other cases which were resolved prior to any testimony being | **Disputed - Argumentative, irrelevant and not material.**<br><br>This fact is an argumentative assertion more appropriate in opposition to Sunbeam's Daubert motion against Plaintiffs' Expert John Palmer.  It has no |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 44 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| given. In a time frame outside the scope of the question in his deposition, he also testified in Fire Insurance Exchange v. Delonghi, Palmer Decl. ¶46; Palmer Depo 13:7-13; 20:3-8 [Ex. N] | place in a separate statement of undisputed facts in support of an opposition to a motion for summary adjudication.<br><br>Regardless, this assertion is immaterial. A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This assertion has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 85.    Dr. Palmer proffered opinions on multiple occasions pertaining to warnings and instructions for electrical appliances, including Guzman v. Whirlpool (2014); Gdovin v. Schneider Electric (2011 and 2013); Haag v. Kaz (2013); Campbell v. Square D (2005) Sushoreba v. Easyheat (2005); Kleffner v. Hastings (2003); Dotts v. Square D (2002).  Palmer Decl. ¶47; Palmer Depo 13:7-13; 20:3-8 [Ex. N] | **Disputed - Argumentative, irrelevant and not material.**<br><br>This fact is an argumentative assertion more appropriate in opposition to Sunbeam's Daubert motion against Plaintiffs' Expert John Palmer.  It has no place in a separate statement of undisputed facts in support of an opposition to a motion for summary adjudication. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 45 -

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Regardless, this assertion is immaterial. A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This assertion has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 86.    CPSC documents have been reviewed and reflect an understanding of the radiant heat transfer principles upon which my opinions are based. While they have not expressly condemned the use of portable electric radiant space heaters, they have published reports citing the numerous fires initiated by space heaters, and describing shortcomings of current safety standards that are applied to the technology. Palmer Decl. ¶48 Letter from CPSC to UL dated Feb 25, 2004 [Ex. O]; CPSC Fire Indicators Project Report dated April 2004 [Ex. P]; Flux Mapping of Radiant Electric Heaters dated August 2005 [Ex. Q]; Flux Mapping of Radiant | **Undisputed that Mr. Palmer read and relied on these documents in forming his opinion, but not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 46 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Electric Heaters: Repeatability Considerations dated June 2008 [Ex. R]. | |
| 87.     Subeam's Prins confirmed that there have been reports of the bottom of the unit melting away, charring the carpet, starting a fire. Usually this is as a result of an overheated connection or a broken or loose wire within the unit that arcs and overheats.  Prins Depo 38:5-21 [Ex. B] | **Undisputed as to the substance of the deponent's testimony.** |
| 88.     When Kenneth first saw the fire, the heater itself was on fire as well as clothing around it.  Shinedling Depo 180:16-24 [Ex. J] | **Undisputed as to the substance of Mr. Shinedling's testimony.** |
| 89.     The fire under the subject heater burned through the carpet and to the cement floor. | **Undisputed.** |
| 90.     Hall concluded that the area of origin of the fire was the location of the subject heater. | **Undisputed as to the substance of the expert's opinion.** |
| 91.     By 2006, Defendant had developed another safety device called a "SafetyMax Invisible Contact Sensor". It was designed so that if items came into contact with the grid or came close | **Disputed because there is no reference to where this information is from, andnot material.**<br><br>A material fact is a fact that has some |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 47 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| to the grid, the heater would shut down. | potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 92.     This sensor is an invisible infrared beam that protects the front grill of the heater. | **Disputed because there is no reference to where this information is from, and not material.** A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 93.     If an object interrupts the beam, the heater will automatically shut down. | **Disputed because there is no reference to where this information is from, and not material.** A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 48 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | defect causes of action. |
| 94.   For example, if a towel is inadvertently kicked up against the grill, it would trip the sensor. | **Disputed because there is no reference to where this information is from, and not material.**<br><br>A material fact is a fact that has some potential effect on the outcome of the causes of action at issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  This fact has no bearing on Plaintiffs' warnings and manufacturing defect causes of action. |
| 95.   Defense fire and origin expert Hall opined that "As a result of contact with the hot grill surface the combustible materials began to smolder and ultimately break into open flame." | **Undisputed.** |
| 96.   The high limit switch did not shut the heater off before it started a fire. | **Disputed because there is no reference to where this information is from, and not material.**<br><br>Further, as the high limit switch is intended to protect against internal failures, this is further evidence that the fire started from the combustion of external material, not a manufacturing defect. |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 49 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| 97.     Defense Experts Hall and Loud had within the supporting materials for their reports, a February 11, 2010 National Fire Protection Association release that warned for "Portable electric space heaters • Turn off heaters when you go to bed or leave the room." | **Disputed because there is no reference to where this information is from, and not material..** |
| 98.     Expert Hall had within the supporting materials for his report, a 2010 Consumer Product Safety Commission safety alert stating "Never leave the heater operating while unattended, or while you are sleeping." He confirmed that this is important information for the user to know to control the heater. | **Disputed because there is no reference to where this information is from, and not material.** |
| 99.     Expert Hall confirmed that a 2004 Consumer Product Safety Commission safety alert stated "Never place a space heater close to any sleeping person" and "Never leave a space heater on when you go to sleep." This alert was also part of defense expert Loud's report, as well as a similar 2003 report. | **Disputed because there is no reference to where this information is from, and not material.** |

Arent Fox LLP
Attorneys At Law
Los Angeles

AFDOCS/11085416.1

- 50 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 100.   Defense Expert Loud references in his report a 2004 Consumer Product Safety Commission warning: "NEVER leave a space heater on when you go to sleep." which he confirms would eliminate a number of fires while people are sleeping. He also confirmed that Sunbeam did not provide this warning and he does not know why. | **Disputed - Argumentative.**<br><br>Plaintiffs' statement that Defense Expert Loud does not know why Sunbeam did not include a warning saying "NEVER leave a space heater on when you go to sleep" implies that Sunbeam was obligated to do so or that Loud believed Sunbeam should have done so, both of which are not supported by the evidence. |
| 101.   As of the day of the incident, Kenneth Shinedling had read the subject heater's manual and believed that based on the product manual that "if there is a potential overheat situation" or if a "potential overheat temperature is reached, the system will automatically shut the heater off." | **Disputed since there is no reference to where this statement came from** |
| 102.   Had Kenneth Shinedling known that the subject heater may not shut off if a potential overheat temperature was reached, he would not have used the subject heater at the time of the incident and, definitely, not while his family was | **Disputed – Self-Serving, Conclusory Statement Without Support** and insufficient to create a triable issue of fact<br><br>This   statement   is   not   based   on   Mr |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 51 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| sleeping. | Shinedling's personal observations.  It is instead a speculative conclusion based on an incomplete hypothetical.  This is unsupported, self-serving, conclusory statement is indented only to manufacture an issue of fact.<br><br>*See U.S. v. Shumway*, 199 F.3d 1093, 1104 (9th Cir., 1999) ("If the affidavit stated only conclusions, and not 'such facts as would be admissible in evidence,' then it would be too conclusory to be cognizable…); *see also F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir., 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). |
| 103.   There was no warning on the subject heater (or in the manual) that stated "NEVER leave a space heater on when you go to sleep", or "Turn off heaters when you go to bed" or "Never leave the heater operating while unattended, or while you are sleeping". | **Disputed – Self-Serving, Conclusory Statement Without Support**.<br><br>This statement is not based on Mr Shinedling's personal observations.  It is instead a speculative conclusion based on an incomplete hypothetical.  This is |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 52 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT** | **DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| Had there been such a warning or warnings, Kenneth Shinedling would not have used the subject heater at the time of the incident and, definitely, not while his family was sleeping. | unsupported, self-serving, conclusory statement is indented only to manufacture an issue of fact.<br><br>*See U.S. v. Shumway*, 199 F.3d 1093, 1104 (9th Cir., 1999) ("If the affidavit stated only conclusions, and not 'such facts as would be admissible in evidence,' then it would be too conclusory to be cognizable…); *see also F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir., 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). |
| 104.   It is Dr. Romig's opinion that combustibles too close to the heater was the most likely cause of the fire. | **Undisputed** |
| 105.   Defense expert Loud confirmed that the purpose of warnings is to warn consumers about hazards that cannot be cost-effectively designed out or guarded against. | **Undisputed** |
| 106.   Defendant's Prins confirms that the purpose of warnings is "to inform | **Undisputed** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 53 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| the consumer and instruct the user to avoid certain things. So that's the purpose. So that the consumer can use the product properly." | |
| 107. Sunbeam admitted that air heaters are an alternative design to radiant heaters. | **Undisputed to the extent both types of heating technology could be used for portable heating needs.** |

Dated: June 27, 2014          **ARENT FOX LLP**

By: *//s//Gary A. Wolensky*
Gary A. Wolensky, Esq.
Anne Marie Ellis, Esq.
Attorneys for Defendant
Sunbeam Products, Inc.

Dated: June 27, 2014          **GOLDBERG SEGALLA LLP**

By: *//s//David J. O'Connell*
David J. O'Connell (Pro Hac Vice)
Attorneys for Defendant
Sunbeam Products, Inc.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11085416.1

- 54 –

DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF GENUINE ISSUES

**PROOF OF SERVICE**

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES**

☐ (BY FAX) I transmitted via facsimile, from facsimile number 213.629.7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

☒ (BY ELECTRONIC SERVICE) On this date, I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)).

☐ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 27, 2014 at Los Angeles, California.

*//s// Katryn Smith*
_____
Katryn Smith

1
2

## <u>SERVICE LIST</u>

| | |
|---|---|
| Arash Homampour, Esq.<br>Corey Arzoumanian, Esq.<br>Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403 | Attorneys for Plaintiffs<br><br>Telephone: (323) 658-8077<br>Facsimile:  (323) 658-8477<br>E-mail: arash@homampour.com |
| David J. O'Connell, Esq. (*Pro Hac Vice*)<br>Goldberg Segalla LLP<br>311 South Wacker Drive, Suite 2450<br>Chicago, IL 60606 | Attorneys for Defendant Sunbeam<br>Products Inc.<br><br>Telephone (312) 572-8405<br>Facsimile (312) 572-8401<br>E-mail:<br>doconnell@goldbergsegalla.com |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28